UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Magistrate No. 17-4519 (LHG) |
| v. | |
| **LIDYA RADIN** | <u>**ORDER**</u> |

**THIS MATTER** has come before the Court for an initial appearance on a Violation Notice issued against Defendant Lidya Radin ("Defendant"). The initial appearance was scheduled to take place on October 25, 2017, and Defendant was duly notified of that date. She did not appear for the October 25, 2017 hearing but rather, insisted that she had not received proper notice. The hearing was then adjourned to November 16, 2017 at 3:00 p.m. Defendant was notified of the new date. Defendant again failed to appear on November 16, 2017, despite the fact that the Court waited until 3:15 p.m. lest Defendant was late but still intending to attend. R. Joseph Gribko, Esq., of the United States Attorney's Office for the District of New Jersey, appeared on behalf of the United States of America.

In light of Defendant's failure to appear, the initial appearance on the Violation Notice did not proceed as scheduled. The Court nonetheless went on the record to memorialize Defendant's second failure to appear, to set a date for further proceedings, and to address certain issues relating to Defendant's conduct in this matter.

Specifically, the Court scheduled the trial to commence in this matter at 9:30 a.m. on December 7, 2017. Prior to commencing the trial, the Court will conduct the initial appearance hearing.

The Court also noted for the record that Defendant has been engaging in disruptive communications with court personnel and the United States Attorney's Office. Specifically, the undersigned's chambers, as well as the chambers of several other judges in the District (collectively referred to as "Chambers"), the Clerk's Office, and the United States Attorney's Office have received numerous lengthy telephone calls as well as emails with large attachments from Defendant over the past month. This has been disruptive to the court process. In addition, as a general matter, all submissions to the Court should be made directly to the docket by way of the Clerk's Office, rather than to any judge's chambers or email, so that the record is complete.

The Court is also troubled by the fact that several of Defendant's telephone calls and emails have included both implicit and explicit threats, including threats to file liens against various Court personnel. This has been disruptive to the operation of the Court and must stop for that reason. In addition, the Court cautions Defendant that the filing of a false lien against an officer or employee of the United States who is engaged in official duties is a criminal offense punishable by fines and possible imprisonment for up to ten years. *See* 18 U.S.C. § 1521.

For the foregoing reasons, and as stated on the record on November 16, 2017, and for good cause shown,

**IT IS** on this **17th** day of **November, 2017,**

**ORDERED** that trial for this matter before the undersigned will begin December 7, 2017 immediately after the conduct of Defendant's initial appearance on the Violation, which will commence at 9:30 a.m. In the event Defendant fails to appear, she will be at risk of issuance of a bench warrant for her arrest or trial *in absentia*; and it is further

**ORDERED** that Defendant shall immediately cease and desist telephoning and emailing Chambers and the United States Attorney's Office; any continued calls or emails to Chambers or to the United States Attorney's Office, may subject Defendant to a finding of contempt and possible sanctions, including the potential of both fines and a term of imprisonment; and it is further

**ORDERED** that from this point forward, all of Defendant's communications with Chambers and the United States Attorney's Office shall be submitted in writing. Those submissions may be submitted to the Clerk's Office by regular mail, overnight mail, or in person. Any telephonic communications with the Clerk's Office shall be made to (609) 989-2065. Any failure to comply with these instructions may subject Defendant to a finding of contempt and possible sanctions, including the potential of both fines and a term of imprisonment; and it is further

**ORDERED** that, given that Defendant is not represented by counsel, the Clerk's Office shall add Defendant's mailing address and email address to the docket, and shall continue to provide Defendant with notices via both regular mail and email.

_____
**LOIS H. GOODMAN**
**United States Magistrate Judge**