

# U.S. Department of Justice

United States Attorney
District of New Jersey

---

CRAIG CARPENITO
UNITED STATES ATTORNEY
*R. Joseph Gribko*
*Assistant United States Attorney*

402 E. State St., Room 430
Trenton, NJ 08608

main: (609) 989-2190
fax: (609) 989-2360

April 2, 2018

Hon. Tonianne J. Bongiovanni
United States Magistrate Judge
United States Courthouse
402 E. State St.
Trenton, NJ 08608

       Re: *United States v. Lidya Radin*,
          No. 17-4519 (TJB)

Dear Judge Bongiovanni:

  I write respectfully to advise the Court that the Government has learned that defendant Lidya Radin has recently served trial subpoenas on Your Honor, Hon. Lois H. Goodman, Hon. Peter G. Sheridan, and Ivannya Fitzgerald. In addition, we have been informed that the defendant also served at least eight additional trial subpoenas on current and former judges in the Southern District of New York and Second Circuit Court of Appeals, specifically: Hon. Andrew J. Peck (a former magistrate judge in the Southern District of New York), Hon. Barbara Moses (U.S.M.J., S.D.N.Y.), Hon. Colleen McMahon (the chief district judge of the Southern District of New York), Hon. Debra Freeman (U.S.M.J., S.D.N.Y.), Hon. Robert Katzmann (the chief judge of the United States Court of Appeals for the Second Circuit), Hon. Loretta Preska (the former chief district judge of the Southern District of New York), Hon. Henry Pitman (U.S.M.J., S.D.N.Y.), and Hon. Richard Sullivan (U.S.D.J., S.D.N.Y.). We believe, but are not certain, that the defendant might have served additional trial subpoenas of which we are not yet aware, or that she may intend to serve additional subpoenas in the days to come. Trial is scheduled to take place before Your Honor on April 16, 2018.

  "Defective trial subpoenas that abuse the Rule 17 process . . . are within the inherent authority of the Court to correct." *United States v. Wecht*, No. 06-0026, 2008 WL 250549, at *3 (W.D. Pa. Jan. 30, 2008). For the reasons set forth below, the Court should exercise its authority under Rule 17(c) to quash the above-referenced subpoenas.

### A. Factual Background and Charge

As the Court is aware, this case arises from a confrontation that occurred in the Trenton federal courthouse on August 10, 2017. On that date, the defendant entered the courthouse intending to attend a hearing scheduled in *United States v. Burg*, Crim. No. 15-386 (PGS). During two prior hearings in that case, the Honorable Peter G. Sheridan had ordered the defendant removed from his courtroom because she was repeatedly disruptive during court proceedings. Accordingly, on the day in question, before defendant entered Judge Sheridan's courtroom, a Deputy U.S. Marshal, Keith Holland, approached her on the first floor of the courthouse to advise her that she would be expected to comply with the code of conduct that applies to all courthouse visitors. Defendant responded by becoming loud and belligerent. After several minutes of this behavior, Holland asked the defendant to leave the courthouse. She refused, and Holland then placed her under arrest.

Defendant was issued and served with a federal citation charging her with disorderly conduct, in violation of 41 C.F.R § 102-74.390. That regulation provides as follows:

> All persons entering in or on Federal property are prohibited from loitering, exhibiting disorderly conduct or exhibiting other conduct on property that —
>
> (a) Creates loud or unusual noise or a nuisance;
>
> (b) Unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots;
>
> (c) Otherwise impedes or disrupts the performance of official duties by Government employees; or
>
> (d) Prevents the general public from obtaining the administrative services provided on the property in a timely manner.

In addition to proving one or more of the above, the Government must show that the regulations in question were posted "in a conspicuous place" as required by 40 U.S.C. § 1315(c) and 41 C.F.R. § 102–74.365.

### B. Procedure in Petty Offense Cases

This offense has a maximum penalty of thirty days of imprisonment, *see* 41 C.F.R. § 102-74.450, and is therefore a "petty offense" as described in 18 U.S.C. § 19. Rule 58 exempts petty offenses from the other Federal Rules of Criminal Procedure and outlines a set of summary procedures. *See* Fed. R. Crim. P. 58(a). While the

charging instrument in a felony criminal case must be an indictment or an information, *see* Fed. R. Crim. P. 7(a)-(b), petty offenses can proceed through trial under a citation notice. Because this is a petty offense, the defendant has no right to a trial, judgment, or sentencing before a district judge; no right to a jury trial; and no right to a preliminary hearing under Rule 5.1. Fed. Crim. P. 58(b)(2).

The Government expects to call two witnesses at trial: the Deputy U.S. Marshal who arrested the defendant and the Federal Protective Services Officer who issued the citation. The Government will introduce videos of the incident as well as photographs of the lobby of the Courthouse as evidence. We expect that a bench trial would last one day.

### C. The Subpoenas

Notwithstanding the limited nature of the proceedings described above, the defendant has served at least twelve trial subpoenas on a variety of court personnel from this Court, the U.S. District Court for the Southern District of New York, and the U.S. Court of Appeals for the Second Circuit. From the New York-based court personnel, defendant seeks information and documents that appear to be related to *United States v. Radin*, Crim. No. 16-528 (S.D.N.Y.), which was a prosecution of the defendant in the Southern District of New York in which she was convicted of disorderly conduct and failure to comply with signs and instructions, and sentenced to ten days in prison. For example, defendant seeks, among other things, "any and all records connected with the malicious prosecution of Radin," including "all court records including 'notice to appear' letters, summons, return of summons, complaint, billing records, and consent from Radin to proceed with a magistrate judge in May 2016, in June 2016, and on 7/7/2016 for a Class A misdemeanor." *See* Subpoena to former Magistrate Judge Andrew J. Peck at 2 (Radin's subpoenas are attached as exhibits to this letter). The defendant also seeks statistical information and policies related to the Central Violations Bureau (*see* subpoenas to former Chief Judge Loretta A. Preska and Chief Judge Robert A. Katzmann), "any and all records in connection with the 2015 malicious prosecution of Lidya Radin" (*see* subpoena to U.S. Magistrate Judge Henry Pitman), and "time sheets, contracts, any and all information in any form in connection with how magistrate judges get paid" (*see* subpoena to Chief Judge Colleen McMahon).

From the New Jersey-based court personnel, defendant seeks documents and testimony that, in her view, are related to this case. For example, she seeks to have Judge Sheridan testify at trial "for the purpose of laying a foundation to impeach Keith Holland's excuse." *See* subpoena to Judge Sheridan. She also seeks "any and all court records in any form in connection with Radin being taken without unnecessary delay to a judge on August 10, 2017," which, she claims, would be "for the purpose of showing that the prosecutors simulated a legal process, a crime, by design." *See* subpoena to Ivannya Fitzgerald. Each subpoena (including those

3

directed at the New York-based judicial personnel) seeks production of various documents at least seven days in advance of trial.

### D. Fed. R. Crim. P. 17

The applicable rule is Federal Rule of Criminal Procedure 17, which provides that a subpoena may order a witness "to attend and testify at the time and place the subpoena specifies," *see* Fed. R. Crim. P. 17(a), or "to produce any books, records, documents, data, or other objects the subpoena designates." *See* Fed. R. Crim. P. 17(c).

The subpoena power, however, is not absolute. Rather, "on motion made promptly, the court may quash or modify" a subpoena "if compliance would be unreasonable or oppressive." *See* Fed. R. Crim. P. 17(c)(2). The Supreme Court discussed the scope of Rule 17 in *United States v. Nixon*, 418 U.S. 683 (1974), in which the Court explained that there are

> certain fundamental characteristics of the subpoena duces tecum in criminal cases: (1) it was not intended to provide a means of discovery for criminal cases; (2) its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials.

The Court continued:

> in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.

*United States v. Nixon*, 418 U.S. 683, 698–700 (1974). In sum, the party seeking enforcement of the subpoena must show "relevance, admissibility, and specificity." *Id.*

Finally, the Government has standing to object to subpoenas that were served on third parties because the Government has a legitimate interest in preventing undue lengthening of the trial, harassment of witnesses, and confusion of the issues. *See United States v. Rigas*, No. 4:05-CR-402, 2011 WL 7077329, at *2 (M.D. Pa. Oct. 31, 2011) ("A third party, in this case the Government, has standing to quash a subpoena if it infringes on their legitimate interests.") (collecting authorities). And even if the Government did not have standing, the Court would have inherent

4

authority to protect abuse of the subpoena power. *United States v. Wecht*, No. CRIM. 06-0026, 2008 WL 250549, at *3 (W.D. Pa. Jan. 30, 2008); *see also United States v. Weldon*, No. CRIM.A. 05-45-DLB, 2006 WL 905932, at *1 (E.D. Ky. Apr. 7, 2006) ("the Court has the inherent authority to review the propriety of trial subpoenas issued pursuant to Rule 17."). "Decisions regarding the quashing or modification of rule 17 subpoenas are committed to the district court's discretion." *United States v. Cuthbertson*, 630 F.2d 139, 145 (3d Cir. 1980).

### E. The Court Should Quash Defendant's Subpoenas

Applying these standards here, the Court should quash the twelve subpoenas enumerated above. To begin with, defendant has not demonstrated how any of the information she seeks from New York-based court personnel – all of which stems from an unrelated criminal prosecution based on defendant's conduct in another courthouse, in another district, in 2016 – could possibly be relevant to the issues to be decided at the trial in this case, *i.e.*, whether she was disorderly in the Trenton courthouse in 2017. These subpoenas thus fail to comply with Rule 17's relevance requirement.

Regarding the subpoenas directed to personnel from this courthouse, including Your Honor, defendant similarly fails to establish relevance and admissibility. The issues to be decided at trial are straightforward, and allowing defendant to introduce the documents and testimony she seeks will needlessly prolong the trial for improper purposes. In addition, many of the "facts" that Radin seeks to establish with these subpoenas – *i.e.*, that she was arrested without a warrant, that a warrant was never shown to her, and that she was not brought before a magistrate judge without "undue delay" – are not in dispute. Neither a warrant nor an immediate appearance before a magistrate judge is required in a petty offense case, and the Government will stipulate to these facts.

Needless to say, defendant has not established that subpoenas seeking documents and testimony from a dozen current and former judges and courthouse personnel are "made in good faith and . . . not intended as a general fishing expedition." *United States v. Nixon*, 418 U.S. at 699. Accordingly, the Court should quash the subpoenas.

Finally, defendant may have served additional subpoenas on other individuals. As each of the twelve subpoenas issued by defendant about which the Government is aware is objectionable, there is a significant chance that any other subpoenas served by defendant are equally objectionable. Accordingly, the Government respectfully requests that the Court Order the defendant to identify and provide a copy of every subpoena that she has issued or intends to issue in connection with this matter so the Government may respond to any such subpoenas.

5

I thank the Court for its consideration of this matter.

                        Respectfully submitted,

                        CRAIG CARPENITO
                        United States Attorney

               By:   */s R. Joseph Gribko*
                    R. JOSEPH GRIBKO
                    Assistant U.S. Attorney

cc:    Lidya Radin (by Federal Express)
       Mark Davis, Esq. (by e-mail and ECF)