AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| *Lidya Maria Radin* | ) | Case No. *17-mj-4519* |
| Defendant | ) | |
| | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: *Tonianne J. Bongiovanni  Telephone: 609-989-2040
402 East State Street
Trenton, N.J. 08608*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: *402 East State Street Trenton, N.J. 08608* | Courtroom No.: *6E* |
|---|---|
| | Date and Time: *9:30 am  4/16/2018* |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*: *See Attached page*

*(SEAL)*

Date: *3/26/2018*

CLERK OF COURT

## WILLIAM T. WALSH

Signature of Clerk or Deputy Clerk

---

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* *Lidya Maria Radin, sui juris*, who requests this subpoena, are: *Lidya Maria Radin
c/o 203 W. 107th St. # 8A
New York, New York 10025
516-445-4390 = mobile
radin.lidya22@gmail.com*

Lidya Maria Radin
c/o 203 W. 107th Street, # 8A
New York, New York 10025
Mobile telephone: 516-445-4390; Email: radin.lidya2@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------X          Docket: 17-mj-4519

USA,                                                    SUBPOENA FOR
                                                        TONIANNE J. BONGIOVANNI

    v.

RADIN

-----------------------------------------------------------X

You are commanded to appear in Courtroom 6E, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey, 08608 at 9:30 AM on April 16, 2018 to give testimony.

Accordingly, at least seven days in advance, please provide the warrant, and the return of that warrant, a warrant that was used to arrest Radin and that was never shown to Radin despite Radin's demand, and that warrant is not filed in this case.   In addition, identify the file or files wherein that warrant is located.

Also please provide the summons, if any, the return of summons, if any, the Motion for Magistrate Goodman's Order to Appear, if any, and the proposed order for Magistrate Goodman's Order to Appear, if any.  Also please provide any and all court records in any form in connection with Radin being taken without unnecessary delay to a judge on August 10, 2017 after Keith Holland arrested Radin without a warrant.  In addition, please provide "Notice to Appear"  letter(s) in September 2017 that were mailed to Radin demanding Radin's appearance in your federal district court despite the fact that a case was not opened against Radin your federal district court in September 2017.

Your testimony is for the purpose of showing that the prosecutors simulated a legal process, a crime, by design.

This subpoena is for:

Tonianne J. Bongiovanni

402 East State Street

Trenton, New Jersey 08608

Telephone: 609-989-2040

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the
### District of New Jersey

United States of America )
v. )
_Lidya Maria Radin_ )     Case No. 17-mj-4519
Defendant )
)

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   LOIS H. Goodman          Telephone: 609-989-
402 East State Street                         2114
TRENTON, New Jersey 08608

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: 402 EAST State Street | Courtroom No.: 6E |
| Trenton, N.J. 08608 | Date and Time: 9 30 AM  4/16/2018 |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

See Attached page

(SEAL)

Date: 3/26/2018

CLERK OF COURT
### WILLIAM T. WALSH
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Lidya Maria Radin, sui juris , who requests this subpoena, are: Lidya Maria Radin
c/o 203 W. 107th St, #8A
New York, New York 10025
MOBILE: 516-445-4390
Email: radin.lidya2@gmail.com

Lidya Maria Radin
c/o  203 W. 107th Street, # 8A
New York, New York 10025
Mobile telephone: 516-445-4390; Email: radin.lidya2@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
------------------------------------------------------------X          Docket: 17-mj-4519

USA,                                                      SUBPOENA FOR
                                                          LOIS  H. GOODMAN

         v.

RADIN
------------------------------------------------------------X

You are commanded to appear in Courtroom 6E, Clarkson S. Fisher Building & U.S.
Courthouse, 402 East State Street, Trenton, New Jersey, 08608 at 9:30 AM on April 16, 2018 to
give testimony in connection with the substance of ex-parte communications that you had with
federal prosecutors notably Assistant United States Attorney R. Joseph Gribko; the substance of
these ex-parte communications is not available from any other source unless you would like to
provide a stipulation or affidavit.

Accordingly, at least seven days in advance, please provide the warrant, and the return of that
warrant, a warrant that was used to arrest Radin and that was never shown to Radin despite
Radin's demand, and that warrant is not filed in this case.  In addition, identify the file or files
wherein that warrant is located.

Also please provide the summons, if any, the return of summons, if any, the Motion for your
Order to Appear, if any, and the proposed order for your Order to Appear, if any.  Also please
provide any and all court records in any form in connection with Radin being taken without
unnecessary delay to a judge on August 10, 2017 after Keith Holland arrested Radin without a
warrant.  In addition, please provide "Notice to Appear"  letter(s) in September 2017 that were
mailed to Radin demanding Radin's appearance in your federal district court despite the fact that
a case was not opened against Radin your federal district court in September 2017.

Your testimony is for the purpose of showing that the prosecutors simulated a legal process, a
crime, by design.

This subpoena is for:
Lois H. Goodman
402 East State Street
Trenton, New Jersey 08608; Telephone: 609-989-2114

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| ~~Ivannya Fitzgerald~~ | ) Case No. 17-mj-4519 |
| Defendant | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Ivannya Fitzgerald       Telephone:
402 East State Street        609-989-2114
Trenton, New Jersey 08608

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: 402 East State Street | Courtroom No.: 6 E |
|---|---|
| TR | Date and Time: 9 30 Am   4/16/2018 |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

See Attached page.

*(SEAL)*

Date: ~~3/26/2018~~

CLERK OF COURT

# WILLIAM T. WALSH
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Lidya Maria Radin, sui juris , who requests this subpoena, are: Lidya Maria Radin
c/o 203 W. 107th St, #8A
New York, New York 10025
Mobile: 516-445-4390
Email: radin.lidya2@gmail.com

Lidya Maria Radin
c/o  203 W. 107th Street, # 8A
New York, New York 10025
Mobile telephone: 516-445-4390; Email: radin.lidya2@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
--------------------------------------------------------------X        Docket: 17-mj-4519

USA,                                                                SUBPOENA FOR
                                                                    IVANNYA  FITZGERALD

        v.

RADIN
--------------------------------------------------------------X

You are commanded to appear in Courtroom 6E, Clarkson S. Fisher Building & U.S.
Courthouse, 402 East State Street, Trenton, New Jersey, 08608 at 9:30 AM on April 16, 2018 to
give testimony.

Accordingly, at least seven days in advance, please provide the warrant, and the return of that
warrant, a warrant that was used to arrest Radin and that was never shown to Radin despite
Radin's demand, and that warrant is not filed in this case.   In addition, identify the file or files
wherein that warrant is located.

Also please provide the summons, if any, the return of summons, if any, the Motion for
Magistrate Goodman's Order to Appear, if any, and the proposed order for Magistrate
Goodman's Order to Appear, if any.  Also please provide any and all court records in any form
in connection with Radin being taken without unnecessary delay to a judge on August 10, 2017
after Keith Holland arrested Radin without a warrant.  In addition, please provide "Notice to
Appear"  letter(s) in September 2017 that were mailed to Radin demanding Radin's appearance
in your federal district court despite the fact that a case was not opened against Radin your
federal district court in September 2017.

Your testimony is for the purpose of showing that the prosecutors simulated a legal process, a
crime, by design.

This subpoena is for:
Ivannya Fitzgerald
402 East State Street
Trenton, New Jersey 08608
Telephone: 609-989-2114

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the
### District of New Jersey

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Lidya Maria Radin | )    Case No.   17-mj-4519 |
| Defendant | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   Peter G. Sheridan     Telephone:
     402 East State Street    609-989-0508
     Trenton, New Jersey 08608

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: 402 East State Street Trenton, N.J. 08608 | Courtroom No.: 6E |
|---|---|
| | Date and Time: 9 3⁄5 am 4/16/2018 |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

See Attached pages.

*(SEAL)*

Date: 3/26/2018

CLERK OF COURT

**WILLIAM T. WALSH**
*Signature of Clerk or Deputy Clerk*

---

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Lidya Maria Radin, sui juris, who requests this subpoena, are: Lidya Maria Radin
c/o 203 W. 107th St, #8A
New York, New York 10025
Mobile: 516-445-4390
Email: radin.lidya2@gmail.com

Lidya Maria Radin
c/o  203 W. 107th Street, # 8A
New York, New York 10025
Mobile telephone: 516-445-4390; Email: radin.lidya2@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-------------------------------------------------------------X          Docket: 17-mj-4519

USA,                                                                                  SUBPOENA
                                                                                      FOR  PETER G. SHERIDAN
     v.

RADIN
-------------------------------------------------------------X

You are commanded to appear in Courtroom 6E, Clarkson S. Fisher Building & U.S.
Courthouse, 402 East State Street, Trenton, New Jersey, 08608 at 9:30 AM on April 16, 2018 to
give testimony in connection with the fact that you control your courtroom.

Brief explanation:  On August 10, 2017, Lidya Radin was attacked/physically assaulted by Keith
Holland without cause when, as a witness, Radin was bringing to the Burg criminal defense team
( see USA v. Burg, docket: 15-356 ), at their invitation, documentary evidence from a malicious
prosecution against Radin in New York that showed private-contract court security-guards
/special deputy U.S. Marshals are not and were  not a federal employees/federal officers for the
purpose of charging Radin or Burg with 18 U.S.C. section 111, assault, resisting, impeding a
federal employee/federal officer.   Private-contract court security guard/special deputy U.S.
Marshal Daniel Donadio is not a federal employee/federal officer for the purpose of charging
Jayson Burg with the crime of impeding, assaulting, resisting a federal employee/federal officer,
18 U.S.C. section 111 as stated in Count One of Burg's indictment; the federal prosecutors failed
to charge Burg with a crime.  In violation of Brady ( Brady v. Maryland 373 U.S. 83 ) the
prosecutors did not provide this exculpatory information to Burg and his criminal defense team.
The pretext, the excuse that Keith Holland used to tamper with witness Radin, to obstruct justice,
was that Holland claimed he needed to "advise" Radin of  "the building rules and regulations"
on August 10, 2017, because on one and only one occasion you asked Radin to leave your

courtroom. After that single incident, early in the Burg case, Radin appeared in your courtroom several times without incident. If Radin needed to be admonished, "advised" or reminded, it is your duty to "advise" Radin, because you control your courtroom.

Accordingly, at least seven days in advance, please provide any and all Orders from you, if any, to Keith Holland and/or the U.S. Marshal Service and/or their agents wherein you order Keith Holland to "advise" Radin of "the building rules and regulations" on August 10, 2017.

Not incidentally, after Radin was to turn over her evidence/information to the Burg defense team on August 10, 2017, after a scheduled 10 AM meeting in the courthouse café on the first-floor, there is no indication that Radin needed or wanted to attend the 11 AM hearing scheduled in front of you in the Burg case on August 10, 2017.

Your testimony is for the purpose of laying a foundation to impeach Keith Holland's excuse that Holland was doing your job for you, and is unavailable from any other source, unless you would like to provide a stipulation or affidavit.

This subpoena is for:
 Peter G. Sheridan
402 East State Street
Trenton, New Jersey 08608
Telephone: 609-989-0508

# United States District Court
## Violation Notice

CVB Location Code
NJ-46

| Violation Number | Officer Name (Print) | Officer No. |
|---|---|---|
| 6678576 | MITCHELL C L | 334 |

### YOU ARE CHARGED WITH THE FOLLOWING VIOLATION

| Date and Time of Offense (mm/dd/yyyy) | Offense Charged ☐ CFR ☐ USC ☐ State Code |
|---|---|
| 08/10/2017 | 41 CFR 102-74 .390 |

Place of Offense 402 E STATE ST TRENTON NJ
CLARKSON S. FISHER Fed C H

Offense Description Factual Basis for Charge    HAZMAT ☐

-DISTURBANCES-
Disorderly Conduct

### DEFENDANT INFORMATION    Phone: (   )

| Last Name | First Name | M.I. |
|---|---|---|
| RADIN | LIDYA | M |

[redacted]

### VEHICLE    VIN:    CMV ☐

| Tag No. | State | Year | Make/Model | PASS ☐ | Color |
|---|---|---|---|---|---|
| | | | | | |

A ☐ IF BOX A IS CHECKED, YOU MUST APPEAR IN COURT. SEE INSTRUCTIONS (on back of yellow copy).

B ☐ IF BOX B IS CHECKED, YOU MUST PAY AMOUNT INDICATED BELOW OR APPEAR IN COURT. SEE INSTRUCTIONS (on back of yellow copy).

| | $ | Forfeiture Amount |
|---|---|---|
| | | + $30 Processing Fee |
| PAY THIS AMOUNT → | $ | Total Collateral Due |

### YOUR COURT DATE
(If no court appearance date is shown, you will be notified of your appearance date by mail.)

| Court Address | Date (mm/dd/yyyy) |
|---|---|
| 402 E. STATE STREET TRENTON, NJ 08608 | TBD |
| | Time (hh:mm) |

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or pay the total collateral due.

X Defendant Signature (Refused)

(Rev. 09/2015)    Original - CVB Copy

(For issuance of an arrest warrant or summons)

I state that on ___August 10___, 20_17_ while exercising my duties as a
law enforcement officer in the _____ District of _New Jersey_

I FPS Inspector Colin L Mitchell # 334,
was dispatched to the Federal
Courthouse (Clarkson S. Fisher) FOB, 402 E.
State St. Trenton NJ for a report
of a "disorderly subject" on the premises.
Subject Lidya M. Radin had been
detained by USMS Keith Holland.
In an Interview with USMS Holland he
stated Lidya M. Radin became "disruptive
and belligerent" when he advised her
of the Building Rules and Regulations
while on Federal property. He then asked
her to leave the facility. She refused
at which time he tried to escort
her out by grasping her elbow.
She did not comply with his instructions
and was detained an escorted
in handcuffs to the USMS Holding
Area. I learned Lidya M. Radin
who stated she believed she was
detained due to past document relating
to an ongoing court matter, she was
released at 1330 hrs.

The foregoing statement is based upon:

_✓_ my personal observation        ___ my personal investigation
___ information supplied to me from my fellow officer's observation
_✓_ other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on
the face of this violation notice is true and correct to the best of my knowledge.

Executed on: __08/10/2017__        ____Colin L Mitchell____
                Date (mm/dd/yyyy)        Officer's Signature

Probable cause has been stated for the issuance of a warrant.

Executed on: _____
                Date (mm/dd/yyyy)        U.S. Magistrate Judge

HAZMAT = Hazardous material involved in incident; PASS = 9 or more passenger vehicle;
CDL = Commercial drivers license; CMV = Commercial vehicle involved in incident

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| *Lidya Maria Radin* | ) Case No. 17-mj-4519 |
| Defendant | ) |
| | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:  Robert Joseph Sullivan     Telephone: 212-805-0264
40 Foley Square
New York, New York 10007

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: 402 East State Street Trenton, New Jersey 08608 | Courtroom No.: 6E |
|---|---|
| | Date and Time: 9:30 am / April 16, 2018 |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

See Attached pages
PLEASE confirm with Lidya Radin, in advance, in connection with the trial date as this date may change.

*(SEAL)*

Date: 3/29/2018

CLERK OF COURT

**WILLIAM T. WALSH**

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Lidya Maria Radin, sui juris , who requests this subpoena, are: Lidya Maria Radin c/o Friendly
Telephone: 516-445-4390          203 W. 107th St, #8A
Email: radin.lidya2@gmail.com    New York, New York 10025

Lidya Maria Radin
c/o 203 W. 107th Street, # 8A
New York, New York 10025
Mobile telephone: 516-445-4390; Email: radin.lidya2@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
------------------------------------------------------------X          Docket: 17-mj-4519
USA,                                                                   **SUBPOENA FOR**
                                                                       **ROBERT JOSEPH SULLIVAN**

     v.

RADIN
------------------------------------------------------------X

Please confirm with Lidya Radin, in advance, in connection with the trial date as this date may change.

You are commanded to appear in Courtroom 6E, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey, 08608 at 9:30 AM on April 16, 2018 to give testimony in connection with the issues presented in James R. Lisa's Friend of the Court letter. This letter is attached for ease of reference: *"The transgressions in Ms. Radin's case, in New Jersey, directly parallel and are related to the transgressions against my client, Jayson Burg, in New Jersey, and that appear in the criminal case against Criminal Defense Attorney Marcus Mumford, in Oregon, and in other cases involving the Central Violations Bureau and the magistrate system, in other states."*

At least seven days in advance please provide any and all information connected with the malicious prosecution of Lidya Radin from January 28, 2016 to August 3, 2016, and in connection with the charge 18 USC section 111, impeding, resisting, assaulting a federal employee/federal officer especially in light of the fact that Court Security guard Frank Pena testified that he was not a federal employee, including the identity of the prosecutor in May 2016 in front of Magistrate Barbara Moses. Please include Radin's consent, if any, to proceed on a Class A misdemeanor, 18 U.S.C. section 111, in front of Magistrate Barbara Moses in May 2016 and any and all billing information. Please include any and all information of Court Security Officer, private contract guard Frank Pena taking Radin without unnecessary delay to a judge after Pena arrested Radin without a warrant on January 28,2016 including the identity of any and all DOJ personnel connected to the arrest without a warrant inflicted on Radin on January 28, 2016, by private contract guard, Court Security Officer Frank Pena, including but not limited to "Notice to Appear" letters, summons, return of summons, complaint, Motions for Orders to Appear and proposed orders to appear, Orders to Appear, billing records, and consent, if any, from Radin to proceed with a magistrate judge in May 2016 in front of Magistrate Moses, in June 2016 in front of Magistrate Freeman, on 7/7/2016 in front of Magistrate Freeman for a

Class A misdemeanor, 18 U.S.C. section 111, assault, resisting, impeding a federal employee/federal officer.

Provide any and all information in any form that substantiates the jurisdictional claim made on the August 2016 Information that the building located at 500 Pearl Street is within the " Special Maritime and Territorial Jurisdiction" of the United States in connection with the allegation in Count One, 18 U.S.C. section 113 ( 18 U.S.C. sec. 113 states a punishment, not an offense ). Provide any and all information in any form that substantiates the jurisdictional claim made on the August 2016 Information in light of the fact that the August Information was dropped and in light of 18 U.S.C. section 7; 18 U.S.C. section 7: The term "special maritime and territorial jurisdiction of the United States", as used in this title, includes: ...(3) Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building. In addition, please provide any and all information in any form connected with the malicious prosecution of Radin from August to September 2016 in connection with 18 U.S.C. section 113 and "special maritime and territorial jurisdiction of the United States" as 18 U.S.C. sec. 113 states a punishment, not an offense, and that falsely asserted that the building at 500 Pearl Street was "within the Special Maritime and Territorial" jurisdiction of the United States in light of the fact that the August 2016 Information was dropped.

Also, provide any and all information in any form that would allow Magistrate Henry Pitman to rule on a Motion to Dismiss an Information made by defendant Radin in light of acts of Congress that expressly precludes Magistrate Pitman from ruling on Motions to Dismiss made by a defendant.

And, provide any and all information in any form that would allow you, a federal district judge, to plead for Radin. Provide any and all information in any form that would allow you, a federal district judge, to plead for Radin in connection with claiming that Radin's letters to you in connection with criminal acts against Radin and the district court's lack of jurisdiction in collusion with these criminal acts preclude Radin from making an appeal for want of jurisdiction are an "appeal".

Your testimony is for the purpose of showing that the prosecutors simulated a legal process, a crime, by design.

This subpoena is for: Robert Joseph Sullivan, 40 Foley Square, New York, New York 10007, Telephone: 212-805-0264

```
*********************
*** FAX TX REPORT ***
*********************

            TRANSMISSION OK

        JOB NO.              3057
        DESTINATION ADDRESS  12128578710
        PSWD/SUBADDRESS
        DESTINATION ID
        ST. TIME             10/11 12:50
        USAGE T              01'38
        PGS.                 6
        RESULT               OK
```

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.
Theodore A. Grezlak, III, Esq.
B. Dakota Kuykendall, Esq.

Maximillian A. Novel, Esq.
Kristofher Berato, Esq.

Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000

*TIME - SENSITIVE*

RE:  FRIEND OF THE COURT LETTER, in connection with USA v. Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly parallel and are related to the transgressions against my client, Jayson Burg, in New Jersey, and that appear in the criminal case against Criminal Defense Attorney Marcus Mumford, in Oregon, and in other cases involving the Central Violations Bureau and the magistrate system, in other states.

I write to bring your attention to the following.

1.   From January 28, 2016 to August 3, 2016, there was no case opened against Ms. Radin in the Southern District of New York, and yet, Magistrate Debra Freeman conducted a proceeding on July 7, 2016, when there was no open case against Ms. Radin.

2.   The CVB ticket that was written on Ms. Radin on January 28, 2016, alleging that Ms. Radin assaulted a federal officer, private

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.
Theodore A. Grezlak, III, Esq.
B. Dakota Kuykendall, Esq.

Maximillian A. Novel, Esq.
Kristofher Beralo, Esq.

Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000

*TIME -*
*SENSITIVE* (JR)

RE:  FRIEND OF THE COURT LETTER, in connection with USA v.
Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly
parallel and are related to the transgressions against my client,
Jayson Burg, in New Jersey, and that appear in the criminal case
against Criminal Defense Attorney Marcus Mumford, in Oregon, and
in other cases involving the Central Violations Bureau and the
magistrate system, in other states.

I write to bring your attention to the following.

1.   From January 28, 2016 to August 3, 2016, there was no case
opened against Ms. Radin in the Southern District of New York, and
yet, Magistrate Debra Freeman conducted a proceeding on July 7,
2016, when there was no open case against Ms. Radin.

2.   The CVB ticket that was written on Ms. Radin on January 28,
2016, alleging that Ms. Radin assaulted a federal officer, private
contract security guard, Frank Pena,
18 USC section 111(a)(1), a Class A misdemeanor, was never filed
in federal district court; a case was never opened on this ticket;
a summons from the Southern District of New York was never served
on Ms. Radin; yet, this ticket was used to demand Ms. Radin's
appearance on May 17, 2016 ( Magistrate Barbara Moses ), and on
June 21, 2016,  on June 24, 2016, and on July 7, 2016
( Magistrate Debra Freeman ), months after January 28, 2016.

1     *Lisa. Letter. 1 of 6* (JR)

3. In fact, it appears that on January 28, 2016, private-contract security guard Frank Pena, assaulted Ms. Radin, arrested Ms. Radin without a warrant, and did not bring Ms. Radin before the magistrate in a timely fashion. A Complaint, the initiating document in a criminal case, was not filed in the federal district court within two days. After Ms. Radin was released on her own recognizance, on January 28, 2016, with a ticket alleging a Class A misdemeanor, a Preliminary hearing was not provided to Ms. Radin within twenty-one ( 21 ) days. As admitted and confessed, an Information or Indictment was not filed in the federal district court within thirty ( 30 ) days.

4. Yet, on May 17, 2016( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman ) Ms. Radin's presence was required, using a CVB ticket as a pretext. All the protections, by law, that were to be provided to Ms. Radin within thirty( 30 ) days of the arrest without a warrant, were not provided such that by March 3, 2016, at least, no criminal prosecution against Ms. Radin should have moved forward. It is absurd that a case moved forward in the federal district court from January 28, 2016 to August 3, 2016, when a case was never opened in the federal district court. The only thing that Magistrates Moses and Freeman could have done on May 17, 2016, on June 21, 2016, on June 24, 2016, and on July 7, 2016 was declare that there was no case against Ms. Radin for want of prosecution.

5. Central Violations Bureau in Texas is not an Article III court. It is an agency. A January 28, 2016 ticket "filed" at the Central Violations Bureau, an Article I agency, does not open a case in an Article III, federal district court. If, however, for the sake of argument, a case was open, then, the so-called "assignment clerk" at Central Violations in Texas was required by law to assign a Class A misdemeanor to a federal district judge, an Article III, constitutional judge, absent Ms. Radin's consent to have a Magistrate judge, a non-Article III judge, hear the January 28, 2016 ticket alleging a Class A misdemeanor, assault on a federal officer. Notwithstanding, ultimately, it was revealed that private contract guard, Frank Pena was not a federal officer; the prosecutors failed to allege a crime.

6. Court records reveal that Ms. Radin never consented to have a Magistrate judge hear a Class A, misdemeanor, on May 17, 2016 ( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman ). In addition to proceeding without Ms. Radin's consent, all critical deadlines on the January 28, 2016

2

*USA. letter. 2 of 6*

ticket, alleging a Class A misdemeanor, had already passed such that the prosecutors could not proceed.

7.   On July 7, 2016, Magistrate Freeman could not proceed because a case was not open in the federal district court; this suggests that the only thing that Magistrate Freeman could have done on July 7, 2016, was to state the irrefutable fact that the case against Ms. Radin could not proceed for want of prosecution.   Instead, Magistrate Freeman made certain orders, in a case that did not even exist, to prevent Ms. Radin from conducting her business at the Clerk of Court's office where the criminal case against Ms. Radin would have been terminated in Ms. Radin's favor.   Instead, in retaliation, two more CBV tickets were generated against Ms. Radin.

8.   On August 3, 2016, prosecutors purported to "supersede" the three CVB tickets with an Information.   The tickets could not be "superseded" because the tickets were never   filed in the federal district court.

9.   The 8/3/2016 Information is ⓐ defective.   It did not obtain the subject-matter jurisdiction of the Court.   Count One does not charge a crime, 18 USC section 113 charges a punishment, not a crime.   Also, the jurisdiction of the 500 Pearl Street courthouse is not   within the **"special maritime and territorial jurisdiction of the United States" as per Regional Counsel for the General Services Administration, Carol Latterman, and the U.S. Attorney's manual.**   Subject-matter jurisdiction cannot be waived.   Jurisdiction cannot be obtained through trickery and fraud.   Further, the 8/3/2016 Information was not served lawfully on Ms. Radin.

10.   On August 10, 2016, Magistrate Freeman took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied her judicial mind, and threatened Ms. Radin with arrest.

11.   On August 26, 2016, Magistrate Peck took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied his judicial mind, and under duress and threats of arrest, issued a Bond on Ms. Radin. That Bond is built on the Information.   The Information is, we believe, is defective on its face.

12.   On September 1, 2016, Magistrate Pitman took cognizance of the Information, an Information that did not obtain the subject-

LisA.letter 3of 6

matter jurisdiction of the Court, applied his judicial mind, and threatened Ms. Radin with arrest.

13.   On September 26, 2016, federal prosecutors purported to "supersede" the Information, with a "Superseding Information". It is impossible to "supersede" an Information that did not obtain the subject-matter jurisdiction of the Court.

14.   On May 22, 2017, Magistrate Pitman, ruled on a dispositive motion, a Motion to Dismiss, in defiance of the Federal Magistrate Act, 28 USC sections 636(b)(1)(A)and (B), Rule 59 of the Federal Rules of Criminal Procedure, U.S. Supreme Court rulings, and Article III ( judicial power of the United States ) of the federal constitution, and in defiance of due process.

15.   Magistrate Pitman did not get approval from a federal district judge to order a pre-sentence investigative report; **18 USC section 3401(c)**: " A magistrate judge who exercises trial jurisdiction under this section, and before whom a person is convicted or pleads either guilty or nolo contendere, may, ***with the approval of a judge of the district court***, direct the probation service of the court to conduct a presentence investigation on that person and render a report to the magistrate judge prior to the imposition of sentence." [emphasis added ].

16.   Today, Magistrate Pitman purports to rule on another dispositive motion, a Motion to Arrest Judgment for lack of jurisdiction, in defiance of  the Federal Magistrate Act, 28 USC sections 636(b)(1)(A) and (B), Rule 59 of the Federal Rules of Criminal Procedure, U.S. Supreme Court rulings, and Article III  ( judicial power of the United States ) of the federal constitution, and in defiance of due process.  Magistrates, Article I judges, cannot rule on dispositive motions.

17.   On June 15, 2016, as per Chief U.S. District Court Judge Colleen McMahon, you were informed of these transgressions.

18.   On August 3, 2017, Magistrate Pitman ruled on a Petition for Abatement for Misnomer made as of Right.  There is nothing for Magistrate Pitman to rule on as this Petition was made as of Right on May 17, 2016.  Page two is missing from the Petition that was accepted for filing on May 17, 2016.  The document that Magistrate Pitman signed, albeit, unlawfully, is not the document accepted for filing on May 17, 2016.

19.   On April 18, 2016, on May 17, 2016, and on June 21, 2016, Court Clerks Vincent Bambino and Daniel Ortez accepted for filing documents from Radin, when, in fact, there was no open case against

*Lisa. letter. 4 of 6*

Ms. Radin on these dates.   In addition, Ms. Radin contends that
there are over 130 pages missing.

20.   In connection with the pre-sentence investigative report, in
Radin's case, item 11, the Government released Discovery materials
in Radin's case to show that private, contract security guards,
Special Deputy U.S. Marshals, are not federal officers to charge
my client, Jayson Burg, or Ms. Radin, with assault on a federal
officer, 18 USC section 111(a)(1); the Government failed to charge
a crime.   On May 17, 2016, Magistrate Moses should have declared
the irrefutable fact, that a criminal case against Radin could not
move forward.      In defiance of law, Magistrate Moses did not.
Also, the Discovery materials that the Government released in
Radin's case show that everyone on the Court Security Committee
was responsible for being aware that private-contract guards/
Special Deputy U.S. Marshals are not federal officers: the U.S.
Attorneys  ( Preet Bharara, in New York, and Paul Fishman in New
Jersey ), the U.S. Marshals  ( Michael Greco in New York, Juan
Matos, Jr. in New Jersey ), the Chief U.S. District Court Judge
( Loretta Preska and Colleen McMahon ), the Chief Magistrate Judge
( Magistrate Debra Freeman ),the Clerk of Court ( Ruby Krajick )
and others.

21.   Ms. Radin came to the Courthouse on August 10, 2017, to
provide these materials, and certified photocopies of records from
the Central Violations Bureau to Burg's defense team, and to
federal Judge Sheridan, as is her duty, and in accordance with
18 USC section 4 ( reporting to any judge or military officer
misprision of felony ),   when Radin was accosted at the first-
floor coffee shop by a man who refused to identify himself, and
who provoked an incident.   Deputy U.S. Marshal Jerry Sanservino
already admitted that Radin was arrested without a warrant, and
placed in a holding cell for almost four hours. Unlawfully, again,
Radin was arrested without a warrant, and not brought without
unnecessary delay to a judge, 4th amendment violations against
Radin.

22.   Further, Ms. Radin was unlawfully prevented from providing
irrefutable evidence released by the Department of Justice to
Burg's defense team, evidence that has not been provided to Burg's
defense team in violation of Brady ( Brady v. Maryland, 373 U.S.
83, 1963 ),   and  to Deputy U.S. Marshal Paul Safier and Homeland
Security Investigator Robert E. Moore, Jr.

23.   Ms. Radin is precluded from making a Motion to Vacate
Judgment, 28 USC section 2255, because a Motion to Vacate is an
attack on a rulings, findings of fact and conclusions of law, of
a constitutional, Article III judge, a federal district judge.   As

Lisa. Letter. 5 of 6

pointed out, Ms. Radin was deprived unlawfully of an Article III judge at the beginning of this case.

24.    In addition, Ms. Radin's Motion to Reconsider made to Chief U.S. District Judge Colleen McMahon, was referred to you, almost four months ago.  You have not responded, to date.

25.  Further, a Motion to Vacate under 28 USC section 2255, is a continuation of the criminal proceeding in the lower Court. Because the lower Court did not acquire jurisdiction, and even if it did, for the sake of argument, because the Magistrates broke the law, the lower Court lost jurisdiction, precluding Ms. Radin from making a Motion to Vacate.


            Respectfully submitted,



            James Lisa, Esq.

lisa. letter. 6 of 6

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| *Lidya Maria Radin* | )    Case No. *17-mj-4519* |
| Defendant | ) |
| | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: *Colleen McMahon*    *Telephone: 212-805-6325*
*500 Pearl Street*
*New York, New York 10007*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: *402 East State Street* *Trenton, N.J. 08608* | Courtroom No.: *6E* |
|---|---|
| | Date and Time: *9 30/am  4/16/2018* |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:    *See Attached pages*

(SEAL)

Date: *3/26/2018*

CLERK OF COURT

## WILLIAM T. WALSH
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* *Lidya Maria Radin, sui juris* , who requests this subpoena, are: *Lidya Maria Radin c/o 203 W. 107th St. #8A New York, New York 10025 Mobile: 516-445-4390 Email: radin.lidya2@gmail.com*

Lidya Maria Radin
c/o  203 W. 107th Street, # 8A
New York, New York 10025
Mobile telephone: 516-445-4390; Email: radin.lidya2@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-------------------------------------------------------------X          Docket: 17-mj-4519

USA,                                                                           SUBPOENA FOR
                                                                                 COLLEEN  MCMAHON

    v.

RADIN
-------------------------------------------------------------X

You are commanded to appear in Courtroom 6E, Clarkson S. Fisher Building & U.S.
Courthouse, 402 East State Street, Trenton, New Jersey, 08608 at 9:30 AM on April 16, 2018 to
give testimony in connection with your administrative and supervisory duties on the Court
Security Committee and in connection with the issues presented in James R. Lisa's Friend of the
Court letter.  This letter is attached for ease of reference*: "The transgressions in Ms. Radin's
case, in New York, directly parallel and are related to the transgressions against my client,
Jayson Burg, in New Jersey, and that appear in the criminal case against Criminal Defense
Attorney Marcus Mumford, in Oregon, and in other cases involving the Central Violations
Bureau and the magistrate system, in other states."*

At least seven days in advance please provide any and all records connected with the malicious
prosecution of Lidya Radin from January 28, 2016 to August 3, 2016 and in connection with the
charge 18 USC section 111, impeding, resisting, assaulting a federal employee/federal officer.
In addition, please provide any and all records connected with the malicious prosecution of
Radin in connection with the charge 18 U.S.C. section 113 ( a statute that states a punishment,
not a crime )  that falsely asserted that the building at 500 Pearl Street was "within the special
martine and territorial"  jurisdiction of the United States.  Also, please provide any and all
records in connection with the 2015 malicious prosecution of Lidya Radin in connection with a
Central Violations Bureau ticket for which the charges were dropped or dismissed.  Also, please
identify all members of the Court Security Committee.  And, provide all the billing records
associated with the prosecutions of Lidya Radin.  In addition, provide all time-sheets, contracts,
any and all information in any form in connection with how magistrate judges get paid in
connection with Central Violations Bureau cases, conviction rates, and the secret Central
Violations Bureau docket and calendar calls that only judges and prosecutors can see but that the
accused and their criminal defense attorneys, and the self-represented, and the public are not
permitted to see or access.

--Any and all statistical information as to how many Central Violations Bureau tickets charging assault on a federal employee/federal officer pursuant to 18 U.S.C. section 111 where issued in your district and nation-wide in connection with private-contract court security-guards like Daniel Donadio and Frank Pena.

-- Also, provide the policy in connection with sending Central Violations Bureau tickets to an agency located in Texas instead of filing Central Violations Bureau tickets in a federal district court.


This subpoena is for:
Colleen McMahon
500 Pearl Street
New York, New York 10007
Telephone: 212-805-6325

```
*********************
*** FAX TX REPORT ***
*********************

          TRANSMISSION OK

JOB NO.                3057
DESTINATION ADDRESS    12128578710
PSWD/SUBADDRESS
DESTINATION ID
ST. TIME               10/11 12:50
USAGE T                01'38
PGS.                   6
RESULT                 OK
```

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.
Theodore A. Grezlak, III, Esq.
B. Dakota Kuykendall, Esq.

Maximillian A. Novel, Esq.
Kristofher Beralo, Esq.

Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000



TIME - SENSITIVE

RE:  FRIEND OF THE COURT LETTER, in connection with USA v.
Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly
parallel and are related to the transgressions against my client,
Jayson Burg, in New Jersey, and that appear in the criminal case
against Criminal Defense Attorney Marcus Mumford, in Oregon, and
in other cases involving the Central Violations Bureau and the
magistrate system, in other states.

I write to bring your attention to the following.

1.   From January 28, 2016 to August 3, 2016, there was no case
opened against Ms. Radin in the Southern District of New York, and
yet, Magistrate Debra Freeman conducted a proceeding on July 7,
2016, when there was no open case against Ms. Radin.

2.   The CVB ticket that was written on Ms. Radin on January 28,
2016, alleging that Ms. Radin assaulted a federal officer, private

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.
Theodore A. Grezlak, III, Esq.
B. Dakota Kuykendall, Esq.

Maximillian A. Novel, Esq.
Kristofher Beralo, Esq.

Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000

*TIME - SENSITIVE* (JR)

   RE:   FRIEND OF THE COURT LETTER, in connection with USA v.
   Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly
parallel and are related to the transgressions against my client,
Jayson Burg, in New Jersey, and that appear in the criminal case
against Criminal Defense Attorney Marcus Mumford, in Oregon, and
in other cases involving the Central Violations Bureau and the
magistrate system, in other states.

I write to bring your attention to the following.

1.   From January 28, 2016 to August 3, 2016, there was no case
opened against Ms. Radin in the Southern District of New York, and
yet, Magistrate Debra Freeman conducted a proceeding on July 7,
2016, when there was no open case against Ms. Radin.

2.   The CVB ticket that was written on Ms. Radin on January 28,
2016, alleging that Ms. Radin assaulted a federal officer, private
contract security guard, Frank Pena,
18 USC section 111(a)(1), a Class A misdemeanor, was never filed
in federal district court; a case was never opened on this ticket;
a summons from the Southern District of New York was never served
on Ms. Radin; yet, this ticket was used to demand Ms. Radin's
appearance on May 17, 2016 ( Magistrate Barbara Moses ), and on
June 21, 2016,  on June 24, 2016, and on July 7, 2016
( Magistrate Debra Freeman ), months after January 28, 2016.

*LisA. LeffeR. 1 of 6 (JR)*

3. In fact, it appears that on January 28, 2016, private-contract security guard Frank Pena, assaulted Ms. Radin, arrested Ms. Radin without a warrant, and did not bring Ms. Radin before the magistrate in a timely fashion. A Complaint, the initiating document in a criminal case, was not filed in the federal district court within two days. After Ms. Radin was released on her own recognizance, on January 28, 2016, with a ticket alleging a Class A misdemeanor, a Preliminary hearing was not provided to Ms. Radin within twenty-one ( 21 ) days. As admitted and confessed, an Information or Indictment was not filed in the federal district court within thirty ( 30 ) days.

4. Yet, on May 17, 2016( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman ) Ms. Radin's presence was required, using a CVB ticket as a pretext. All the protections, by law, that were to be provided to Ms. Radin within thirty( 30 ) days of the arrest without a warrant, were not provided such that by March 3, 2016, at least, no criminal prosecution against Ms. Radin should have moved forward. It is absurd that a case moved forward in the federal district court from January 28, 2016 to August 3, 2016, when a case was never opened in the federal district court. The only thing that Magistrates Moses and Freeman could have done on May 17, 2016, on June 21, 2016, on June 24, 2016, and on July 7, 2016 was declare that there was no case against Ms. Radin for want of prosecution.

5. Central Violations Bureau in Texas is not an Article III court. It is an agency. A January 28, 2016 ticket "filed" at the Central Violations Bureau, an Article I agency, does not open a case in an Article III, federal district court. If, however, for the sake of argument, a case was open, then, the so-called "assignment clerk" at Central Violations in Texas was required by law to assign a Class A misdemeanor to a federal district judge, an Article III, constitutional judge, absent Ms. Radin's consent to have a Magistrate judge, a non-Article III judge, hear the January 28, 2016 ticket alleging a Class A misdemeanor, assault on a federal officer. Notwithstanding, ultimately, it was revealed that private contract guard, Frank Pena was not a federal officer; the prosecutors failed to allege a crime.

6. Court records reveal that Ms. Radin never consented to have a Magistrate judge hear a Class A, misdemeanor, on May 17, 2016 ( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman ). In addition to proceeding without Ms. Radin's consent, all critical deadlines on the January 28, 2016

2        *USA. letter. 2of 6*

ticket, alleging a Class A misdemeanor, had already passed such that the prosecutors could not proceed.

7.   On July 7, 2016, Magistrate Freeman could not proceed because a case was not open in the federal district court; this suggests that the only thing that Magistrate Freeman could have done on July 7, 2016, was to state the irrefutable fact that the case against Ms. Radin could not proceed for want of prosecution.   Instead, Magistrate Freeman made certain orders, in a case that did not even exist, to prevent Ms. Radin from conducting her business at the Clerk of Court's office where the criminal case against Ms. Radin would have been terminated in Ms. Radin's favor.   Instead, in retaliation, two more CBV tickets were generated against Ms. Radin.

8.   On August 3, 2016, prosecutors purported to "supersede" the three CVB tickets with an Information.   The tickets could not be "superseded" because the tickets were never  filed in the federal district court.

9.   The 8/3/2016 Information is a defective.   It did not obtain the subject-matter jurisdiction of the Court.   Count One does not charge a crime, 18 USC section 113 charges a punishment, not a crime.   Also, the jurisdiction of the 500 Pearl Street courthouse is not  within the **special maritime and territorial jurisdiction of the United States" as per Regional Counsel for the General Services Administration, Carol Latterman, and the U.S. Attorney's manual.**   Subject-matter jurisdiction cannot be waived. Jurisdiction cannot be obtained through trickery and fraud.   Further, the 8/3/2016 Information was not served lawfully on Ms. Radin.

10.   On August 10, 2016, Magistrate Freeman took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied her judicial mind, and threatened Ms. Radin with arrest.

11.   On August 26, 2016, Magistrate Peck took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied his judicial mind, and under duress and threats of arrest, issued a Bond on Ms. Radin. That Bond is built on the Information.   The Information is, we believe, is defective on its face.

12.   On September 1, 2016, Magistrate Pitman took cognizance of the Information, an Information that did not obtain the subject-

3

*Lisa. letter 3 of 6*

matter jurisdiction of the Court, applied his judicial mind, and
threatened Ms. Radin with arrest.

13.  On September 26, 2016, federal prosecutors purported to
"supersede" the Information, with a  "Superseding Information".
It is impossible to  "supersede"  an Information that did not obtain
the subject-matter jurisdiction of the Court.

14.  On May 22, 2017, Magistrate Pitman, ruled on a dispositive
motion, a Motion to Dismiss, in defiance of the Federal Magistrate
Act, 28 USC sections 636(b)(1)(A)and (B), Rule 59 of the Federal
Rules of Criminal Procedure, U.S. Supreme Court rulings, and Article
III ( judicial power of the United States ) of the federal
constitution, and in defiance of due process.

15.  Magistrate Pitman did not get approval from a federal district
judge to order a pre-sentence investigative report; **18 USC section
3401(c):** " A magistrate judge who exercises trial jurisdiction under
this section, and before whom a person is convicted or pleads either
guilty or nolo contendere, may, ***with the approval of a judge of the
district court***, direct the probation service of the court to conduct
a presentence investigation on that person and render a report to the
magistrate judge prior to the imposition of sentence." [emphasis
added ].

16.  Today, Magistrate Pitman purports to rule on another dispositive
motion, a Motion to Arrest Judgment for lack of jurisdiction, in
defiance of  the Federal Magistrate Act, 28 USC sections 636(b)(1)(A)
and (B), Rule 59 of the Federal Rules of Criminal Procedure, U.S.
Supreme Court rulings, and Article III  ( judicial power of the
United States ) of the federal constitution, and in defiance of due
process.  Magistrates, Article I judges, cannot rule on dispositive
motions.

17.  On June 15, 2016, as per Chief U.S. District Court Judge Colleen
McMahon, you were informed of these transgressions.

18.  On August 3, 2017, Magistrate Pitman ruled on a Petition for
Abatement for Misnomer made as of Right.  There is nothing for
Magistrate Pitman to rule on as this Petition was made as of Right on
May 17, 2016.  Page two is missing from the Petition that was
accepted for filing on May 17, 2016.  The document that Magistrate
Pitman signed, albeit, unlawfully, is not the document accepted for
filing on May 17, 2016.

19.  On April 18, 2016, on May 17, 2016, and on June 21, 2016,
Court Clerks Vincent Bambino and Daniel Ortez accepted for filing
documents from Radin, when, in fact, there was no open case against

4     *LISA. letter. 4 of 6*

Ms. Radin on these dates. In addition, Ms. Radin contends that there are over 130 pages missing.

20. In connection with the pre-sentence investigative report, in Radin's case, item 11, the Government released Discovery materials in Radin's case to show that private, contract security guards, Special Deputy U.S. Marshals, are not federal officers to charge my client, Jayson Burg, or Ms. Radin, with assault on a federal officer, 18 USC section 111(a)(1); the Government failed to charge a crime. On May 17, 2016, Magistrate Moses should have declared the irrefutable fact, that a criminal case against Radin could not move forward. In defiance of law, Magistrate Moses did not. Also, the Discovery materials that the Government released in Radin's case show that everyone on the Court Security Committee was responsible for being aware that private-contract guards/ Special Deputy U.S. Marshals are not federal officers: the U.S. Attorneys ( Preet Bharara, in New York, and Paul Fishman in New Jersey ), the U.S. Marshals ( Michael Greco in New York, Juan Matos, Jr. in New Jersey ), the Chief U.S. District Court Judge ( Loretta Preska and Colleen McMahon ), the Chief Magistrate Judge ( Magistrate Debra Freeman ),the Clerk of Court ( Ruby Krajick ) and others.

21. Ms. Radin came to the Courthouse on August 10, 2017, to provide these materials, and certified photocopies of records from the Central Violations Bureau to Burg's defense team, and to federal Judge Sheridan, as is her duty, and in accordance with 18 USC section 4 ( reporting to any judge or military officer misprision of felony ), when Radin was accosted at the first-floor coffee shop by a man who refused to identify himself, and who provoked an incident. Deputy U.S. Marshal Jerry Sanservino already admitted that Radin was arrested without a warrant, and placed in a holding cell for almost four hours. Unlawfully, again, Radin was arrested without a warrant, and not brought without unnecessary delay to a judge, 4th amendment violations against Radin.

22. Further, Ms. Radin was unlawfully prevented from providing irrefutable evidence released by the Department of Justice to Burg's defense team, evidence that has not been provided to Burg's defense team in violation of Brady ( Brady v. Maryland, 373 U.S. 83, 1963 ), and to Deputy U.S. Marshal Paul Safier and Homeland Security Investigator Robert E. Moore, Jr.

23. Ms. Radin is precluded from making a Motion to Vacate Judgment, 28 USC section 2255, because a Motion to Vacate is an attack on a rulings, findings of fact and conclusions of law, of a constitutional, Article III judge, a federal district judge. As

5

Lisa. Letter. 5 of 6

pointed out, Ms. Radin was deprived unlawfully of an Article III judge at the beginning of this case.

24.   In addition, Ms. Radin's Motion to Reconsider made to Chief U.S. District Judge Colleen McMahon, was referred to you, almost four months ago.  You have not responded, to date.

25.   Further, a Motion to Vacate under 28 USC section 2255, is a continuation of the criminal proceeding in the lower Court. Because the lower Court did not acquire jurisdiction, and even if it did, for the sake of argument, because the Magistrates broke the law, the lower Court lost jurisdiction, precluding Ms. Radin from making a Motion to Vacate.


         Respectfully submitted,



         James Lisa, Esq.



6          lisA. letter. 6 of 6 ℓℛ

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| *Lidya Maria Radin* | )    Case No. *17 - mj - 4519* |
| Defendant | ) |
| | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: *Loretta Preska*     *Telephone:*
*500 Pearl Street*       *212 - 805 - 0240*
*New York, New York 10007*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: *402 East State Street* | Courtroom No.: *6E* |
|---|---|
| *Trenton, N.J. 08608* | Date and Time: *9 30/am    4/16/2018* |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

*See Attached pages*

*(SEAL)*

Date: *3/26/2018*

                            *CLERK OF COURT*

                         **WILLIAM T. WALSH**
                      *Signature of Clerk or Deputy Clerk*

---

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* *Lidya Maria Radin, sui juris*, who requests this subpoena, are: *Lidya Maria Radin, c/o 203 W. 107th St, #8A New York, New York 10025 Mobile: 516-445-4390 Email: radin.lidya2@gmail.com*

Lidya Maria Radin
c/o  203 W. 107ᵗʰ Street, # 8A
New York, New York 10025
Mobile telephone: 516-445-4390; Email: radin.lidya2@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-----------------------------------------------------------X          Docket: 17-mj-4519

USA,                                                                    SUBPOENA  FOR
                                                                        LORETTA PRESKA

    v.

RADIN
-----------------------------------------------------------X

You are commanded to appear in Courtroom 6E, Clarkson S. Fisher Building & U.S.
Courthouse, 402 East State Street, Trenton, New Jersey, 08608 at 9:30 AM on April 16, 2018 to
give testimony in connection with your administrative and supervisory duties on the Court
Security Committee and in connection with the issues presented in James R. Lisa's Friend of the
Court letter.  This letter is attached for ease of reference: *"The transgressions in Ms. Radin's
case, in New York, directly parallel and are related to the transgressions against my client,
Jayson Burg, in New Jersey, and that appear in the criminal case against Criminal Defense
Attorney Marcus Mumford, in Oregon, and in other cases involving the Central Violations
Bureau and the magistrate system, in other states."*

At least seven days in advance please provide any and all records connected with the malicious
prosecution of Lidya Radin from January 28, 2016 to August 3, 2016 and in connection with the
charge 18 USC section 111, impeding, resisting, assaulting a federal employee/federal officer.
In addition, please provide any and all records connected with the malicious prosecution of
Radin in connection with the charge 18 U.S.C. section 113 ( a statute that states a punishment,
not a crime ) that falsely asserted that the building at 500 Pearl Street was "within the special
martine and territorial" jurisdiction of the United States.  Also, please provide any and all
records in connection with the 2015 malicious prosecution of Lidya Radin in connection with a
Central Violations Bureau ticket for which the charges were dropped or dismissed.  Also, please
identify all members of the Court Security Committee.  And, provide all the billing records
associated with the prosecutions of Lidya Radin.  In addition, provide all time-sheets, contracts,
any and all information in any form in connection with how magistrate judges get paid in
connection with Central Violations Bureau cases, conviction rates, and the secret Central
Violations Bureau docket and calendar calls that only judges and prosecutors can see but that the
accused and their criminal defense attorneys, and the self-represented, and the public are not
permitted to see or access.

--Any and all statistical information as to how many Central Violations Bureau tickets charging assault on a federal employee/federal officer pursuant to 18 U.S.C. section 111 where issued in your district and nation-wide in connection with private-contract court security-guards like Daniel Donadio and Frank Pena.

-- Also, provide the policy in connection with sending Central Violations Bureau tickets to an agency located in Texas instead of filing Central Violations Bureau tickets in a federal district court.

This subpoena is for:
Loretta Preska
500 Pearl Street
New York, New York 10007
Telephone: 212-805-0240

```
***********************
*** FAX TX REPORT ***
***********************

            TRANSMISSION OK

JOB NO.                 3057
DESTINATION ADDRESS     12128578710
PSWD/SUBADDRESS
DESTINATION ID
ST. TIME                10/11 12:50
USAGE T                 01'38
PGS.                    6
RESULT                  OK
```

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.
Theodore A. Grezlak, III, Esq.
B. Dakota Kuykendall, Esq.

Maximillian A. Novel, Esq.
Kristoffer Beralo, Esq.

Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000


*TIME - SENSITIVE*

RE:  FRIEND OF THE COURT LETTER, in connection with USA v. Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly parallel and are related to the transgressions against my client, Jayson Burg, in New Jersey, and that appear in the criminal case against Criminal Defense Attorney Marcus Mumford, in Oregon, and in other cases involving the Central Violations Bureau and the magistrate system, in other states.

I write to bring your attention to the following.

1.   From January 28, 2016 to August 3, 2016, there was no case opened against Ms. Radin in the Southern District of New York, and yet, Magistrate Debra Freeman conducted a proceeding on July 7, 2016, when there was no open case against Ms. Radin.

2.   The CVB ticket that was written on Ms. Radin on January 28, 2016, alleging that Ms. Radin assaulted a federal officer, private

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.                                          Maximillian A. Novel, Esq.
Theodore A. Grezlak, III, Esq.                              Kristofher Beralo, Esq.
B. Dakota Kuykendall, Esq.

Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000

*TIME-
SENSITIVE*

        RE:   FRIEND OF THE COURT LETTER, in connection with USA v.
        Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly
parallel and are related to the transgressions against my client,
Jayson Burg, in New Jersey, and that appear in the criminal case
against Criminal Defense Attorney Marcus Mumford, in Oregon, and
in other cases involving the Central Violations Bureau and the
magistrate system, in other states.

I write to bring your attention to the following.

1.    From January 28, 2016 to August 3, 2016, there was no case
opened against Ms. Radin in the Southern District of New York, and
yet, Magistrate Debra Freeman conducted a proceeding on July 7,
2016, when there was no open case against Ms. Radin.

2.    The CVB ticket that was written on Ms. Radin on January 28,
2016, alleging that Ms. Radin assaulted a federal officer, private
contract security guard, Frank Pena,
18 USC section 111(a)(1), a Class A misdemeanor, was never filed
in federal district court; a case was never opened on this ticket;
a summons from the Southern District of New York was never served
on Ms. Radin; yet, this ticket was used to demand Ms. Radin's
appearance on May 17, 2016 ( Magistrate Barbara Moses ), and on
June 21, 2016,  on June 24, 2016, and on July 7, 2016
( Magistrate Debra Freeman ), months after January 28, 2016.

                            1      *Lisa. Letter. 1 of 6*

3. In fact, it appears that on January 28, 2016, private-contract security guard Frank Pena, assaulted Ms. Radin, arrested Ms. Radin without a warrant, and did not bring Ms. Radin before the magistrate in a timely fashion.  A Complaint, the initiating document in a criminal case, was not filed in the federal district court within two days.  After Ms. Radin was released on her own recognizance, on January 28, 2016, with a ticket alleging a Class A misdemeanor, a Preliminary hearing was not provided to Ms. Radin within twenty-one ( 21 ) days.  As admitted and confessed, an Information or Indictment was not filed in the federal district court within thirty ( 30 ) days.

4.  Yet, on May 17, 2016( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman )  Ms. Radin's presence was required, using a CVB ticket as a pretext.  All the protections, by law, that were to be provided to Ms. Radin within thirty( 30 ) days of the arrest without a warrant, were not provided such that by March 3, 2016, at least, no criminal prosecution against Ms. Radin should have moved forward.  It is absurd that a case moved forward in the federal district court from January 28, 2016 to August 3, 2016, when a case was never opened in the federal district court.  The only thing that Magistrates Moses and Freeman could have done on May 17, 2016, on June 21, 2016, on June 24, 2016, and on July 7, 2016 was declare that there was no case against Ms. Radin for want of prosecution.

5.  Central Violations Bureau in Texas is not an Article III court.  It is an agency.  A January 28, 2016  ticket  "filed" at the Central Violations Bureau, an Article I agency, does not open a case in an Article III,  federal district court.  If, however, for the sake of argument, a case was open, then, the so-called "assignment clerk"  at Central Violations in Texas was required by law to assign a Class A misdemeanor to a federal district judge, an Article III, constitutional judge, absent Ms. Radin's consent to have a Magistrate judge, a non-Article III judge,  hear the January 28, 2016 ticket alleging a Class A misdemeanor, assault on a federal officer.  Notwithstanding, ultimately, it was revealed that private contract guard, Frank Pena was not a federal officer; the prosecutors failed to allege a crime.

6.  Court records reveal that Ms. Radin never consented to have a Magistrate judge hear a Class A, misdemeanor, on May 17, 2016 ( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman ).   In addition to proceeding without Ms. Radin's consent, all critical deadlines on the January 28, 2016

*USA. letter. 2of 6* ℗

ticket, alleging a Class A misdemeanor, had already passed such that the prosecutors could not proceed.

7.   On July 7, 2016, Magistrate Freeman could not proceed because a case was not open in the federal district court; this suggests that the only thing that Magistrate Freeman could have done on July 7, 2016, was to state the irrefutable fact that the case against Ms. Radin could not proceed for want of prosecution.   Instead, Magistrate Freeman made certain orders, in a case that did not even exist, to prevent Ms. Radin from conducting her business at the Clerk of Court's office where the criminal case against Ms. Radin would have been terminated in Ms. Radin's favor.   Instead, in retaliation, two more CBV tickets were generated against Ms. Radin.

8.   On August 3, 2016, prosecutors purported to "supersede" the three CVB tickets with an Information.  The tickets could not be "superseded" because the tickets were never  filed in the federal district court.

9.   The 8/3/2016 Information is a defective.   It did not obtain the subject-matter jurisdiction of the Court.   Count One does not charge a crime, 18 USC section 113 charges a punishment, not a crime.  Also, the jurisdiction of the 500 Pearl Street courthouse is not  within the **special maritime and territorial jurisdiction of the United States"  as per Regional Counsel for the General Services Administration, Carol Latterman, and the U.S. Attorney's manual**.   Subject-matter jurisdiction cannot be waived. Jurisdiction cannot be obtained through trickery and fraud.  Further, the 8/3/2016 Information was not served lawfully on Ms. Radin.

10.  On August 10, 2016, Magistrate Freeman took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied her judicial mind, and threatened Ms. Radin with arrest.

11.  On August 26, 2016, Magistrate Peck took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied his judicial mind, and under duress and threats of arrest, issued a Bond on Ms. Radin. That Bond is built on the Information.  The Information is, we believe, is defective on its face.

12.  On September 1, 2016, Magistrate Pitman took cognizance of the Information, an Information that did not obtain the subject-

3

*Lisa. letter 3 of 6*

matter jurisdiction of the Court, applied his judicial mind, and threatened Ms. Radin with arrest.

13. On September 26, 2016, federal prosecutors purported to "supersede" the Information, with a "Superseding Information". It is impossible to "supersede" an Information that did not obtain the subject-matter jurisdiction of the Court.

14. On May 22, 2017, Magistrate Pitman, ruled on a dispositive motion, a Motion to Dismiss, in defiance of the Federal Magistrate Act, 28 USC sections 636(b)(1)(A)and (B), Rule 59 of the Federal Rules of Criminal Procedure, U.S. Supreme Court rulings, and Article III ( judicial power of the United States ) of the federal constitution, and in defiance of due process.

15. Magistrate Pitman did not get approval from a federal district judge to order a pre-sentence investigative report; **18 USC section 3401(c):** " A magistrate judge who exercises trial jurisdiction under this section, and before whom a person is convicted or pleads either guilty or nolo contendere, may, **_with the approval of a judge of the district court_**, direct the probation service of the court to conduct a presentence investigation on that person and render a report to the magistrate judge prior to the imposition of sentence." [emphasis added ].

16. Today, Magistrate Pitman purports to rule on another dispositive motion, a Motion to Arrest Judgment for lack of jurisdiction, in defiance of  the Federal Magistrate Act, 28 USC sections 636(b)(1)(A) and (B), Rule 59 of the Federal Rules of Criminal Procedure, U.S. Supreme Court rulings, and Article III  ( judicial power of the United States ) of the federal constitution, and in defiance of due process.  Magistrates, Article I judges, cannot rule on dispositive motions.

17. On June 15, 2016, as per Chief U.S. District Court Judge Colleen McMahon, you were informed of these transgressions.

18. On August 3, 2017, Magistrate Pitman ruled on a Petition for Abatement for Misnomer made as of Right. There is nothing for Magistrate Pitman to rule on as this Petition was made as of Right on May 17, 2016.  Page two is missing from the Petition that was accepted for filing on May 17, 2016.  The document that Magistrate Pitman signed, albeit, unlawfully, is not the document accepted for filing on May 17, 2016.

19. On April 18, 2016, on May 17, 2016, and on June 21, 2016, Court Clerks Vincent Bambino and Daniel Ortez accepted for filing documents from Radin, when, in fact, there was no open case against

*Lisa. letter. 4 of 6*

Ms. Radin on these dates.   In addition, Ms. Radin contends that
there are over 130 pages missing.

20.   In connection with the pre-sentence investigative report, in
Radin's case, item 11, the Government released Discovery materials
in Radin's case to show that private, contract security guards,
Special Deputy U.S. Marshals, are not federal officers to charge
my client, Jayson Burg, or Ms. Radin, with assault on a federal
officer, 18 USC section 111(a)(1); the Government failed to charge
a crime.   On May 17, 2016, Magistrate Moses should have declared
the irrefutable fact, that a criminal case against Radin could not
move forward.      In defiance of law, Magistrate Moses did not.
Also, the Discovery materials that the Government released in
Radin's case show that everyone on the Court Security Committee
was responsible for being aware that private-contract guards/
Special Deputy U.S. Marshals are not federal officers: the U.S.
Attorneys  ( Preet Bharara, in New York, and Paul Fishman in New
Jersey ), the U.S. Marshals  (  Michael Greco in New York, Juan
Matos, Jr. in New Jersey ), the Chief U.S. District Court Judge
( Loretta Preska and Colleen McMahon ), the Chief Magistrate Judge
( Magistrate Debra Freeman ),the Clerk of Court ( Ruby Krajick )
and others.

21.   Ms. Radin came to the Courthouse on August 10, 2017, to
provide these materials, and certified photocopies of records from
the Central Violations Bureau to Burg's defense team, and to
federal Judge Sheridan, as is her duty, and in accordance with
18 USC section 4 ( reporting to any judge or military officer
misprision of felony ),  when Radin was accosted at the first-
floor coffee shop by a man who refused to identify himself, and
who provoked an incident.   Deputy U.S. Marshal Jerry Sanservino
already admitted that Radin was arrested without a warrant, and
placed in a holding cell for almost four hours. Unlawfully, again,
Radin was arrested without a warrant, and not brought without
unnecessary delay to a judge, 4th amendment violations against
Radin.

22.   Further, Ms. Radin was unlawfully prevented from providing
irrefutable evidence released by the Department of Justice to
Burg's defense team, evidence that has not been provided to Burg's
defense team in violation of Brady ( Brady v. Maryland, 373 U.S.
83, 1963 ),  and  to Deputy U.S. Marshal Paul Safier and Homeland
Security Investigator Robert E. Moore, Jr.

23.   Ms. Radin is precluded from making a Motion to Vacate
Judgment, 28 USC section 2255, because a Motion to Vacate is an
attack on a rulings, findings of fact and conclusions of law, of
a constitutional, Article III judge, a federal district judge.  As

L.SA.Letter. 5 of 6

pointed out, Ms. Radin was deprived unlawfully of an Article III judge at the beginning of this case.

24.   In addition, Ms. Radin's Motion to Reconsider made to Chief U.S. District Judge Colleen McMahon, was referred to you, almost four months ago.  You have not responded, to date.

25.   Further, a Motion to Vacate under 28 USC section 2255, is a continuation of the criminal proceeding in the lower Court. Because the lower Court did not acquire jurisdiction, and even if it did, for the sake of argument, because the Magistrates broke the law, the lower Court lost jurisdiction, precluding Ms. Radin from making a Motion to Vacate.


        Respectfully submitted,



        James Lisa, Esq.

lisa. letter. 6 of 6

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| *Lidya Maria Radin* | ) Case No. 17-mj-4519 |
| Defendant | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   BARBARA MOSES        Telephone:
      500 PEARL Street           212-805-0228
      New York, New York 10007

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown
below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer
allows you to leave.

| Place of Appearance: 402 EAST State Street | Courtroom No.: 6E |
|---|---|
| TRENTON, N.J. 08608 | Date and Time: 9:30 Am 4/16/2018 |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not
applicable)*:

SEE Attached pages

(SEAL)

Date: 3/26/2018

CLERK OF COURT

**WILLIAM T. WALSH**

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Lidya Maria
Radin, sui juris, who requests this subpoena, are: Lidya MARiA Radin
c/o 203 W. 107th St #8A
New York, New York 10025
MoBiLE: 516-445-4390
EMAiL: radin.lidya2 @
gmail.com

Lidya Maria Radin
c/o  203 W. 107th Street, # 8A
New York, New York 10025
Mobile telephone: 516-445-4390; Email: radin.lidya2@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-------------------------------------------------------------X          Docket: 17-mj-4519

USA,                                                                                    SUBPOENA  FOR
                                                                                        BARBARA MOSES

    v.

RADIN
-----------------------------------------------------------X

You are commanded to appear in Courtroom 6E, Clarkson S. Fisher Building & U.S.
Courthouse, 402 East State Street, Trenton, New Jersey, 08608 at 9:30 AM on April 16, 2018 to
give testimony in connection with the issues presented in James R. Lisa's Friend of the Court
letter. This letter is attached for ease of reference: *"The transgressions in Ms. Radin's case, in
New Jersey, directly parallel and are related to the transgressions against my client, Jayson
Burg, in New Jersey, and that appear in the criminal case against Criminal Defense Attorney
Marcus Mumford, in Oregon, and in other cases involving the Central Violations Bureau and
the magistrate system, in other states."*

At least seven days in advance please provide any and all records connected with the malicious
prosecution of Lidya Radin from January 28, 2016 to August 3, 2016 and in connection with the
charge 18 USC section 111, impeding, resisting, assaulting a federal employee/federal officer
including the identity of the federal prosecutor in May 2016. Please provide  all court records
including   "Notice to Appear" letters, billing records, summons, return of summons, complaint,
and consent from Radin to proceed with a magistrate judge in May 2016 for a Class A
misdemeanor, 18 U.S.C. section 111.  In addition, provide all time-sheets, contracts, any and all
information in any form in connection with how magistrate judges get paid in connection with
Central Violations Bureau cases, conviction rates, and the secret Central Violations Bureau
docket and calendar calls that only judges and prosecutors can see but that the accused and their
criminal defense attorneys, and the self-represented, and the public are not permitted to see or
access.  Also, provide the policy in connection with sending Central Violations Bureau tickets to
an agency located in Texas instead of filing Central Violations Bureau tickets in a federal district
court.

This subpoena is for:  Barbara Moses, 500 Pearl Street, New York, New York 10007
Telephone: 212-805-0228

```
**********************
*** FAX TX REPORT ***
**********************
```

TRANSMISSION OK

| | |
|---|---|
| JOB NO. | 3057 |
| DESTINATION ADDRESS | 12128578710 |
| PSWD/SUBADDRESS | |
| DESTINATION ID | |
| ST. TIME | 10/11 12:50 |
| USAGE T | 01'38 |
| PGS. | 6 |
| RESULT | OK |

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.
Theodore A. Grezlak, III, Esq.
B. Dakota Kuykendall, Esq.

Maximillian A. Novel, Esq.
Kristofher Berato, Esq.

Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000



*TIME-SENSITIVE*

> RE: FRIEND OF THE COURT LETTER, in connection with USA v. Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly parallel and are related to the transgressions against my client, Jayson Burg, in New Jersey, and that appear in the criminal case against Criminal Defense Attorney Marcus Mumford, in Oregon, and in other cases involving the Central Violations Bureau and the magistrate system, in other states.

I write to bring your attention to the following.

1.  From January 28, 2016 to August 3, 2016, there was no case opened against Ms. Radin in the Southern District of New York, and yet, Magistrate Debra Freeman conducted a proceeding on July 7, 2016, when there was no open case against Ms. Radin.

2.  The CVB ticket that was written on Ms. Radin on January 28, 2016, alleging that Ms. Radin assaulted a federal officer, private

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.
Theodore A. Grezlak, III, Esq.
B. Dakota Kuykendall, Esq.

Maximillian A. Novel, Esq.
Kristofher Beralo, Esq.

Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000

*TIME -*
*SENSITIVE* (JR)

     RE:   FRIEND OF THE COURT LETTER, in connection with USA v.
     Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly
parallel and are related to the transgressions against my client,
Jayson Burg, in New Jersey, and that appear in the criminal case
against Criminal Defense Attorney Marcus Mumford, in Oregon, and
in other cases involving the Central Violations Bureau and the
magistrate system, in other states.

I write to bring your attention to the following.

1.   From January 28, 2016 to August 3, 2016, there was no case
opened against Ms. Radin in the Southern District of New York, and
yet, Magistrate Debra Freeman conducted a proceeding on July 7,
2016, when there was no open case against Ms. Radin.

2.   The CVB ticket that was written on Ms. Radin on January 28,
2016, alleging that Ms. Radin assaulted a federal officer, private
contract security guard, Frank Pena,
18 USC section 111(a)(1), a Class A misdemeanor, was never filed
in federal district court; a case was never opened on this ticket;
a summons from the Southern District of New York was never served
on Ms. Radin; yet, this ticket was used to demand Ms. Radin's
appearance on May 17, 2016 ( Magistrate Barbara Moses ), and on
June 21, 2016,  on June 24, 2016, and on July 7, 2016
( Magistrate Debra Freeman ), months after January 28, 2016.

*Lisa. Letter. 1 of 6* (JR)

3. In fact, it appears that on January 28, 2016, private-contract security guard Frank Pena, assaulted Ms. Radin, arrested Ms. Radin without a warrant, and did not bring Ms. Radin before the magistrate in a timely fashion.  A Complaint, the initiating document in a criminal case, was not filed in the federal district court within two days.  After Ms. Radin was released on her own recognizance, on January 28, 2016, with a ticket alleging a Class A misdemeanor, a Preliminary hearing was not provided to Ms. Radin within twenty-one ( 21 ) days.  As admitted and confessed, an Information or Indictment was not filed in the federal district court within thirty ( 30 ) days.

4.  Yet, on May 17, 2016( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman ) Ms. Radin's presence was required, using a CVB ticket as a pretext.  All the protections, by law, that were to be provided to Ms. Radin within thirty( 30 ) days of the arrest without a warrant, were not provided such that by March 3, 2016, at least, no criminal prosecution against Ms. Radin should have moved forward.  It is absurd that a case moved forward in the federal district court from January 28, 2016 to August 3, 2016, when a case was never opened in the federal district court.  The only thing that Magistrates Moses and Freeman could have done on May 17, 2016, on June 21, 2016, on June 24, 2016, and on July 7, 2016 was declare that there was no case against Ms. Radin for want of prosecution.

5.  Central Violations Bureau in Texas is not an Article III court.  It is an agency.  A January 28, 2016 ticket "filed" at the Central Violations Bureau, an Article I agency, does not open a case in an Article III, federal district court.  If, however, for the sake of argument, a case was open, then, the so-called "assignment clerk" at Central Violations in Texas was required by law to assign a Class A misdemeanor to a federal district judge, an Article III, constitutional judge, absent Ms. Radin's consent to have a Magistrate judge, a non-Article III judge,  hear the January 28, 2016 ticket alleging a Class A misdemeanor, assault on a federal officer.  Notwithstanding, ultimately, it was revealed that private contract guard, Frank Pena was not a federal officer; the prosecutors failed to allege a crime.

6.  Court records reveal that Ms. Radin never consented to have a Magistrate judge hear a Class A, misdemeanor, on May 17, 2016 ( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman ).  In addition to proceeding without Ms. Radin's consent, all critical deadlines on the January 28, 2016

2      USA. letter. 2of 6

ticket, alleging a Class A misdemeanor, had already passed such that the prosecutors could not proceed.

7.   On July 7, 2016, Magistrate Freeman could not proceed because a case was not open in the federal district court; this suggests that the only thing that Magistrate Freeman could have done on July 7, 2016, was to state the irrefutable fact that the case against Ms. Radin could not proceed for want of prosecution.   Instead, Magistrate Freeman made certain orders, in a case that did not even exist, to prevent Ms. Radin from conducting her business at the Clerk of Court's office where the criminal case against Ms. Radin would have been terminated in Ms. Radin's favor.   Instead, in retaliation, two more CBV tickets were generated against Ms. Radin.

8.   On August 3, 2016, prosecutors purported to "supersede" the three CVB tickets with an Information.   The tickets could not be "superseded" because the tickets were never  filed in the federal district court.

9.   The 8/3/2016 Information is a defective.   It did not obtain the subject-matter jurisdiction of the Court.   Count One does not charge a crime, 18 USC section 113 charges a punishment, not a crime.   Also, the jurisdiction of the 500 Pearl Street courthouse is not  within the **special maritime and territorial jurisdiction of the United States" as per Regional Counsel for the General Services Administration, Carol Latterman, and the U.S. Attorney's manual.**   Subject-matter jurisdiction cannot be waived.  Jurisdiction cannot be obtained through trickery and fraud.  Further, the 8/3/2016 Information was not served lawfully on Ms. Radin.

10.   On August 10, 2016, Magistrate Freeman took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied her judicial mind, and threatened Ms. Radin with arrest.

11.   On August 26, 2016, Magistrate Peck took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied his judicial mind, and under duress and threats of arrest, issued a Bond on Ms. Radin. That Bond is built on the Information.   The Information is, we believe, is defective on its face.

12.   On September 1, 2016, Magistrate Pitman took cognizance of the Information, an Information that did not obtain the subject-

Lisa. letter 3of 6

matter jurisdiction of the Court, applied his judicial mind, and
threatened Ms. Radin with arrest.

13.  On September 26, 2016, federal prosecutors purported to
"supersede" the Information, with a "Superseding Information".
It is impossible to "supersede" an Information that did not obtain
the subject-matter jurisdiction of the Court.

14.  On May 22, 2017, Magistrate Pitman, ruled on a dispositive
motion, a Motion to Dismiss, in defiance of the Federal Magistrate
Act, 28 USC sections 636(b)(1)(A)and (B), Rule 59 of the Federal
Rules of Criminal Procedure, U.S. Supreme Court rulings, and Article
III ( judicial power of the United States ) of the federal
constitution, and in defiance of due process.

15.  Magistrate Pitman did not get approval from a federal district
judge to order a pre-sentence investigative report; **18 USC section
3401(c):** " A magistrate judge who exercises trial jurisdiction under
this section, and before whom a person is convicted or pleads either
guilty or nolo contendere, may, ***with the approval of a judge of the
district court***, direct the probation service of the court to conduct
a presentence investigation on that person and render a report to the
magistrate judge prior to the imposition of sentence." [emphasis
added ].

16.  Today, Magistrate Pitman purports to rule on another dispositive
motion, a Motion to Arrest Judgment for lack of jurisdiction, in
defiance of  the Federal Magistrate Act, 28 USC sections 636(b)(1)(A)
and (B), Rule 59 of the Federal Rules of Criminal Procedure, U.S.
Supreme Court rulings, and Article III  ( judicial power of the
United States ) of the federal constitution, and in defiance of due
process.  Magistrates, Article I judges, cannot rule on dispositive
motions.

17.  On June 15, 2016, as per Chief U.S. District Court Judge Colleen
McMahon, you were informed of these transgressions.

18.  On August 3, 2017, Magistrate Pitman ruled on a Petition for
Abatement for Misnomer made as of Right.  There is nothing for
Magistrate Pitman to rule on as this Petition was made as of Right on
May 17, 2016.  Page two is missing from the Petition that was
accepted for filing on May 17, 2016.  The document that Magistrate
Pitman signed, albeit, unlawfully, is not the document accepted for
filing on May 17, 2016.

19.  On April 18, 2016, on May 17, 2016, and on June 21, 2016,
Court Clerks Vincent Bambino and Daniel Ortez accepted for filing
documents from Radin, when, in fact, there was no open case against

4    Lisa. letter. 4 of 6

Ms. Radin on these dates.   In addition, Ms. Radin contends that there are over 130 pages missing.

20.   In connection with the pre-sentence investigative report, in Radin's case, item 11, the Government released Discovery materials in Radin's case to show that private, contract security guards, Special Deputy U.S. Marshals, are not federal officers to charge my client, Jayson Burg, or Ms. Radin, with assault on a federal officer, 18 USC section 111(a)(1); the Government failed to charge a crime.   On May 17, 2016, Magistrate Moses should have declared the irrefutable fact, that a criminal case against Radin could not move forward.     In defiance of law, Magistrate Moses did not. Also, the Discovery materials that the Government released in Radin's case show that everyone on the Court Security Committee was responsible for being aware that private-contract guards/ Special Deputy U.S. Marshals are not federal officers: the U.S. Attorneys ( Preet Bharara, in New York, and Paul Fishman in New Jersey ), the U.S. Marshals ( Michael Greco in New York, Juan Matos, Jr. in New Jersey ), the Chief U.S. District Court Judge ( Loretta Preska and Colleen McMahon ), the Chief Magistrate Judge ( Magistrate Debra Freeman ),the Clerk of Court ( Ruby Krajick ) and others.

21.  Ms. Radin came to the Courthouse on August 10, 2017, to provide these materials, and certified photocopies of records from the Central Violations Bureau to Burg's defense team, and to federal Judge Sheridan, as is her duty, and in accordance with 18 USC section 4 ( reporting to any judge or military officer misprision of felony ),  when Radin was accosted at the first-floor coffee shop by a man who refused to identify himself, and who provoked an incident.   Deputy U.S. Marshal Jerry Sanservino already admitted that Radin was arrested without a warrant, and placed in a holding cell for almost four hours. Unlawfully, again, Radin was arrested without a warrant, and not brought without unnecessary delay to a judge, 4th amendment violations against Radin.

22.  Further, Ms. Radin was unlawfully prevented from providing irrefutable evidence released by the Department of Justice to Burg's defense team, evidence that has not been provided to Burg's defense team in violation of Brady ( Brady v. Maryland, 373 U.S. 83, 1963 ),  and to Deputy U.S. Marshal Paul Safier and Homeland Security Investigator Robert E. Moore, Jr.

23.  Ms. Radin is precluded from making a Motion to Vacate Judgment, 28 USC section 2255, because a Motion to Vacate is an attack on a rulings, findings of fact and conclusions of law, of a constitutional, Article III judge, a federal district judge.   As

5

*Lisa Letter. 5 of 6*

pointed out, Ms. Radin was deprived unlawfully of an Article III judge at the beginning of this case.

24.    In addition, Ms. Radin's Motion to Reconsider made to Chief U.S. District Judge Colleen McMahon, was referred to you, almost four months ago.  You have not responded, to date.

25.    Further, a Motion to Vacate under 28 USC section 2255, is a continuation of the criminal proceeding in the lower Court. Because the lower Court did not acquire jurisdiction, and even if it did, for the sake of argument, because the Magistrates broke the law, the lower Court lost jurisdiction, precluding Ms. Radin from making a Motion to Vacate.


        Respectfully submitted,


        James Lisa, Esq.

*lisa. letter. 6 of 6*

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| United States of America | ) |
| v. | ) |
| *Lidya Maria Radin* | ) | Case No. 17-mj-4519 |
| _____ | ) |
| Defendant | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   Robert A. Katzman          Telephone:
      40 Foley Square             212-857-2000
      New York, New York 10007

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: 402 East State Street | Courtroom No.: 6E |
| Trenton, N.J. 08608 | Date and Time: 9:30 Am 4/16/2018 |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:          See Attached pages

(SEAL)

Date: 3/26/2018

CLERK OF COURT

## WILLIAM T. WALSH
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Lidya Maria Radin, sui juris, who requests this subpoena, are:  Lidya Maria Radin
c/o 203 W. 107½ St #8A
New York, New York 10025
Mobile: 516-445-4390
Email: radin.lidya2@gmail.com

Lidya Maria Radin
c/o  203 W. 107th Street, # 8A
New York, New York 10025
Mobile telephone: 516-445-4390; Email: radin.lidya2@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X        Docket: 17-mj-4519

USA,                                                                               SUBPOENA FOR
                                                                                      ROBERT A. KATZMAN

     v.

RADIN
-----------------------------------------------------------------X

You are commanded to appear in Courtroom 6E, Clarkson S. Fisher Building & U.S.
Courthouse, 402 East State Street, Trenton, New Jersey, 08608 at 9:30 AM on April 16, 2018 to
give testimony in connection with your administrative and supervisory duties in the Second
Circuit and in connection with the issues presented to you in James R. Lisa's Friend of the Court
letter, faxed to you on 10/11/2017, and to which you failed and refused to respond.  This letter is
attached for ease of reference: *"The transgressions in Ms. Radin's case, in New York, directly
parallel and are related to the transgressions against my client, Jayson Burg, in New Jersey,
and that appear in the criminal case against Criminal Defense Attorney Marcus Mumford, in
Oregon, and in other cases involving the Central Violations Bureau and the magistrate
system, in other states."*

At least seven days in advance please provide any and all records connected with the malicious
prosecution of Lidya Radin from January 28, 2016 to August 3, 2016 and in connection with the
charge 18 USC section 111, impeding, resisting, assaulting a federal employee/federal officer.
In addition, please provide any and all records connected with the malicious prosecution of
Radin in connection with the charge 18 U.S.C. section 113 ( a statute that states a punishment,
not a crime ) that falsely asserted that the building at 500 Pearl Street was "within the special
martine and territorial" jurisdiction of the United States from August to September 2016.  Also,
please provide any and all records in connection with the 2015 malicious prosecution of Lidya
Radin in connection with a Central Violations Bureau ticket for which the charges were dropped
or dismissed.  Also, provide the policy in connection with sending Central Violations Bureau
tickets to an agency located in Texas instead of filing Central Violations Bureau tickets in a
federal district court.

This subpoena is for:  Robert A. Katzman, 40 Foley Square,  New York, New York 10007,
Telephone: 212-857-2000

```
*********************
*** FAX TX REPORT ***
*********************


              TRANSMISSION OK


    JOB NO.                 3057
    DESTINATION ADDRESS     12128578710
    PSWD/SUBADDRESS
    DESTINATION ID
    ST. TIME                10/11 12:50
    USAGE T                 01'38
    PGS.                    6
    RESULT                  OK
```

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.                                              Maximillian A. Novel, Esq.
Theodore A. Greziak, III, Esq.                                  Kristofher Berato, Esq.
B. Dakota Kuykendall, Esq.

Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000



    RE:   FRIEND OF THE COURT LETTER, in connection with USA v.
    Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly
parallel and are related to the transgressions against my client,
Jayson Burg, in New Jersey, and that appear in the criminal case
against Criminal Defense Attorney Marcus Mumford, in Oregon, and
in other cases involving the Central Violations Bureau and the
magistrate system, in other states.

I write to bring your attention to the following.

1.   From January 28, 2016 to August 3, 2016, there was no case
opened against Ms. Radin in the Southern District of New York, and
yet, Magistrate Debra Freeman conducted a proceeding on July 7,
2016, when there was no open case against Ms. Radin.

2.   The CVB ticket that was written on Ms. Radin on January 28,
2016, alleging that Ms. Radin assaulted a federal officer, private

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.
Theodore A. Grezlak, III, Esq.
B. Dakota Kuykendall, Esq.

Maximillian A. Novel, Esq.
Kristofher Beralo, Esq.

Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000

*TIME -*
*SENSITIVE* (JR)

RE:   FRIEND OF THE COURT LETTER, in connection with USA v.
Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly
parallel and are related to the transgressions against my client,
Jayson Burg, in New Jersey, and that appear in the criminal case
against Criminal Defense Attorney Marcus Mumford, in Oregon, and
in other cases involving the Central Violations Bureau and the
magistrate system, in other states.

I write to bring your attention to the following.

1.   From January 28, 2016 to August 3, 2016, there was no case
opened against Ms. Radin in the Southern District of New York, and
yet, Magistrate Debra Freeman conducted a proceeding on July 7,
2016, when there was no open case against Ms. Radin.

2.   The CVB ticket that was written on Ms. Radin on January 28,
2016, alleging that Ms. Radin assaulted a federal officer, private
contract security guard, Frank Pena,
18 USC section 111(a)(1), a Class A misdemeanor, was never filed
in federal district court; a case was never opened on this ticket;
a summons from the Southern District of New York was never served
on Ms. Radin; yet, this ticket was used to demand Ms. Radin's
appearance on May 17, 2016 ( Magistrate Barbara Moses ), and on
June 21, 2016,  on June 24, 2016, and on July 7, 2016
( Magistrate Debra Freeman ), months after January 28, 2016.

1   *LiSA. Letter. 1 of 6* (JR)

3. In fact, it appears that on January 28, 2016, private-contract security guard Frank Pena, assaulted Ms. Radin, arrested Ms. Radin without a warrant, and did not bring Ms. Radin before the magistrate in a timely fashion.  A Complaint, the initiating document in a criminal case, was not filed in the federal district court within two days.  After Ms. Radin was released on her own recognizance, on January 28, 2016, with a ticket alleging a Class A misdemeanor, a Preliminary hearing was not provided to Ms. Radin within twenty-one ( 21 ) days.  As admitted and confessed, an Information or Indictment was not filed in the federal district court within thirty ( 30 ) days.

4.  Yet, on May 17, 2016( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman )  Ms. Radin's presence was required, using a CVB ticket as a pretext.  All the protections, by. law, that were to be provided to Ms. Radin within thirty( 30 ) days of the arrest without a warrant, were not provided such that by March 3, 2016, at least, no criminal prosecution against Ms. Radin should have moved forward.  It is absurd that a case moved forward in the federal district court from January 28, 2016 to August 3, 2016, when a case was never opened in the federal district court.  The only thing that Magistrates Moses and Freeman could have done on May 17, 2016, on June 21, 2016, on June 24, 2016, and on July 7, 2016 was declare that there was no case against Ms. Radin for want of prosecution.

5.  Central Violations Bureau in Texas is not an Article III court.  It is an agency.  A January 28, 2016 ticket "filed" at the Central Violations Bureau, an Article I agency, does not open a case in an Article III,  federal district court.  If, however, for the sake of argument, a case was open, then, the so-called "assignment clerk"  at Central Violations in Texas was required by law to assign a Class A misdemeanor to a federal district judge, an Article III, constitutional judge, absent Ms. Radin's consent to have a Magistrate judge, a non-Article III judge,  hear the January 28, 2016 ticket alleging a Class A misdemeanor, assault on a federal officer.  Notwithstanding, ultimately, it was revealed that private contract guard, Frank Pena was not a federal officer; the prosecutors failed to allege a crime.

6.  Court records reveal that Ms. Radin never consented to have a Magistrate judge hear a Class A, misdemeanor, on May 17, 2016 ( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman ).  In addition to proceeding without Ms. Radin's consent, all critical deadlines on the January 28, 2016

2          USA. letter. 2of 6 ᗗ

ticket, alleging a Class A misdemeanor, had already passed such that the prosecutors could not proceed.

7. On July 7, 2016, Magistrate Freeman could not proceed because a case was not open in the federal district court; this suggests that the only thing that Magistrate Freeman could have done on July 7, 2016, was to state the irrefutable fact that the case against Ms. Radin could not proceed for want of prosecution. Instead, Magistrate Freeman made certain orders, in a case that did not even exist, to prevent Ms. Radin from conducting her business at the Clerk of Court's office where the criminal case against Ms. Radin would have been terminated in Ms. Radin's favor. Instead, in retaliation, two more CBV tickets were generated against Ms. Radin.

8. On August 3, 2016, prosecutors purported to "supersede" the three CVB tickets with an Information. The tickets could not be "superseded" because the tickets were never filed in the federal district court.

9. The 8/3/2016 Information is a defective. It did not obtain the subject-matter jurisdiction of the Court. Count One does not charge a crime, 18 USC section 113 charges a punishment, not a crime. Also, the jurisdiction of the 500 Pearl Street courthouse is not within the "**special maritime and territorial jurisdiction of the United States**" **as per Regional Counsel for the General Services Administration, Carol Latterman, and the U.S. Attorney's manual.** Subject-matter jurisdiction cannot be waived. Jurisdiction cannot be obtained through trickery and fraud. Further, the 8/3/2016 Information was not served lawfully on Ms. Radin.

10. On August 10, 2016, Magistrate Freeman took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied her judicial mind, and threatened Ms. Radin with arrest.

11. On August 26, 2016, Magistrate Peck took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied his judicial mind, and under duress and threats of arrest, issued a Bond on Ms. Radin. That Bond is built on the Information. The Information is, we believe, is defective on its face.

12. On September 1, 2016, Magistrate Pitman took cognizance of the Information, an Information that did not obtain the subject-

Lisa. letter 3 of 6

matter jurisdiction of the Court, applied his judicial mind, and
threatened Ms. Radin with arrest.

13. On September 26, 2016, federal prosecutors purported to
"supersede" the Information, with a "Superseding Information".
It is impossible to "supersede" an Information that did not obtain
the subject-matter jurisdiction of the Court.

14. On May 22, 2017, Magistrate Pitman, ruled on a dispositive
motion, a Motion to Dismiss, in defiance of the Federal Magistrate
Act, 28 USC sections 636(b)(1)(A)and (B), Rule 59 of the Federal
Rules of Criminal Procedure, U.S. Supreme Court rulings, and Article
III ( judicial power of the United States ) of the federal
constitution, and in defiance of due process.

15. Magistrate Pitman did not get approval from a federal district
judge to order a pre-sentence investigative report; **18 USC section
3401(c):** " A magistrate judge who exercises trial jurisdiction under
this section, and before whom a person is convicted or pleads either
guilty or nolo contendere, may, ***with the approval of a judge of the
district court***, direct the probation service of the court to conduct
a presentence investigation on that person and render a report to the
magistrate judge prior to the imposition of sentence." [emphasis
added ].

16. Today, Magistrate Pitman purports to rule on another dispositive
motion, a Motion to Arrest Judgment for lack of jurisdiction, in
defiance of  the Federal Magistrate Act, 28 USC sections 636(b)(1)(A)
and (B), Rule 59 of the Federal Rules of Criminal Procedure, U.S.
Supreme Court rulings, and Article III  ( judicial power of the
United States ) of the federal constitution, and in defiance of due
process.  Magistrates, Article I judges, cannot rule on dispositive
motions.

17. On June 15, 2016, as per Chief U.S. District Court Judge Colleen
McMahon, you were informed of these transgressions.

18. On August 3, 2017, Magistrate Pitman ruled on a Petition for
Abatement for Misnomer made as of Right.  There is nothing for
Magistrate Pitman to rule on as this Petition was made as of Right on
May 17, 2016.  Page two is missing from the Petition that was
accepted for filing on May 17, 2016.  The document that Magistrate
Pitman signed, albeit, unlawfully, is not the document accepted for
filing on May 17, 2016.

19. On April 18, 2016, on May 17, 2016, and on June 21, 2016,
Court Clerks Vincent Bambino and Daniel Ortez accepted for filing
documents from Radin, when, in fact, there was no open case against

4          *Lisa. letter. 4 of 6*

Ms. Radin on these dates.    In addition, Ms. Radin contends that there are over 130 pages missing.

20.   In connection with the pre-sentence investigative report, in Radin's case, item 11, the Government released Discovery materials in Radin's case to show that private, contract security guards, Special Deputy U.S. Marshals, are not federal officers to charge my client, Jayson Burg, or Ms. Radin, with assault on a federal officer, 18 USC section 111(a)(1); the Government failed to charge a crime.   On May 17, 2016, Magistrate Moses should have declared the irrefutable fact, that a criminal case against Radin could not move forward.    In defiance of law, Magistrate Moses did not. Also, the Discovery materials that the Government released in Radin's case show that everyone on the Court Security Committee was responsible for being aware that private-contract guards/ Special Deputy U.S. Marshals are not federal officers: the U.S. Attorneys  ( Preet Bharara, in New York, and Paul Fishman in New Jersey ), the U.S. Marshals  (  Michael Greco in New York, Juan Matos, Jr. in New Jersey ), the Chief U.S. District Court Judge ( Loretta Preska and Colleen McMahon ), the Chief Magistrate Judge ( Magistrate Debra Freeman ),the Clerk of Court ( Ruby Krajick ) and others.

21.   Ms. Radin came to the Courthouse on August 10, 2017, to provide these materials, and certified photocopies of records from the Central Violations Bureau to Burg's defense team, and to federal Judge Sheridan, as is her duty, and in accordance with 18 USC section 4 ( reporting to any judge or military officer misprision of felony ),   when Radin was accosted at the first-floor coffee shop by a man who refused to identify himself, and who provoked an incident.   Deputy U.S. Marshal Jerry Sanservino already admitted that Radin was arrested without a warrant, and placed in a holding cell for almost four hours. Unlawfully, again, Radin was arrested without a warrant, and not brought without unnecessary delay to a judge, 4th amendment violations against Radin.

22.   Further, Ms. Radin was unlawfully prevented from providing irrefutable evidence released by the Department of Justice to Burg's defense team, evidence that has not been provided to Burg's defense team in violation of Brady ( Brady v. Maryland, 373 U.S. 83, 1963 ),   and  to Deputy U.S. Marshal Paul Safier and Homeland Security Investigator Robert E. Moore, Jr.

23.   Ms. Radin is precluded from making a Motion to Vacate Judgment, 28 USC section 2255, because a Motion to Vacate is an attack on a rulings, findings of fact and conclusions of law, of a constitutional, Article III judge, a federal district judge.   As

5

*LiSA. Letter. 5 of 6*

pointed out, Ms. Radin was deprived unlawfully of an Article III judge at the beginning of this case.

24.    In addition, Ms. Radin's Motion to Reconsider made to Chief U.S. District Judge Colleen McMahon, was referred to you, almost four months ago.  You have not responded, to date.

25.    Further, a Motion to Vacate under 28 USC section 2255, is a continuation of the criminal proceeding in the lower Court. Because the lower Court did not acquire jurisdiction, and even if it did, for the sake of argument, because the Magistrates broke the law, the lower Court lost jurisdiction, precluding Ms. Radin from making a Motion to Vacate.


        Respectfully submitted,



        James Lisa, Esq.


6

lisa. letter. 6 of 6

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

United States of America )
v. )
_Lidya Maria Radin_ )    Case No. _17-mj-4519_
Defendant )
)

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: _HENRY PITMAN_          _TelephonE: 212-805-6105_
_500 PEARL STREET_
_New York, New York 10007_

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: _402 EAST STATE Street_ | Courtroom No.: _6E_ |
| _TRENTON, N. J. 08608_ | Date and Time: _9:30/Am   4/16/2018_ |

You must also bring with you the following documents, electronically stored information, or objects _(blank if not applicable)_:

_See Attached pages_

(SEAL)

Date: _3/26/2018_

CLERK OF COURT

## WILLIAM T. WALSH
_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ _Lidya Maria Radin, sui juris_, who requests this subpoena, are: _Lidya Maria Radin c/o 203 W. 107th St. #8A New York, New York 10025 MOBILE: 516-445-4390 EmAil: radin.lidya2@gmail.com_

Lidya Maria Radin
c/o  203 W. 107th Street, # 8A
New York, New York 10025
Mobile telephone: 516-445-4390; Email: radin.lidya2@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
---------------------------------------------------------------X          Docket: 17-mj-4519

USA,                                                                      SUBPOENA FOR
                                                                         HENRY PITMAN

     v.

RADIN
---------------------------------------------------------------X

You are commanded to appear in Courtroom 6E, Clarkson S. Fisher Building & U.S.
Courthouse, 402 East State Street, Trenton, New Jersey, 08608 at 9:30 AM on April 16, 2018 to
give testimony in connection with the issues presented in James R. Lisa's Friend of the Court
letter. This letter is attached for ease of reference*: "The transgressions in Ms. Radin's case, in
New York, directly parallel and are related to the transgressions against my client, Jayson
Burg, in New Jersey, and that appear in the criminal case against Criminal Defense Attorney
Marcus Mumford, in Oregon, and in other cases involving the Central Violations Bureau and
the magistrate system, in other states."*

At least seven days in advance please provide any and all records connected with the malicious
prosecution of Lidya Radin from January 28, 2016 to August 3, 2016 and in connection with the
charge 18 USC section 111, impeding, resisting, assaulting a federal employee/federal officer
including the identity of the prosecutor in May 2016. Please provide all court records including
"Notice to Appear" letters, summons, return of summons, complaint, billing records, and
consent from Radin to proceed with a magistrate judge in May 2016, in June 2016, and on
7/7/2016 for a Class A misdemeanor, 18 U.S.C. section 111.    In addition, please provide any
and all records connected with the malicious prosecution of Radin in connection with the charge
18 U.S.C. section 113 ( a statute that states a punishment, not a crime ) that falsely asserted that
the building at 500 Pearl Street was "within the special martine and territorial" jurisdiction of
the United States from August to September 2016. Also, please provide any and all records in
connection with the 2015 malicious prosecution of Lidya Radin in connection with a Central
Violations Bureau ticket for which the charges were dropped or dismissed. Also, provide the
policy in connection with sending Central Violations Bureau tickets to an agency located in
Texas instead of filing Central Violations Bureau tickets in a federal district court.

This subpoena is for:  Henry Pitman, 500 Pearl Street, New York, New York 10007,
Telephone: 212-805-6105.

```
************************
*** FAX TX REPORT ***
************************

              TRANSMISSION OK

   JOB NO.                 3057
   DESTINATION ADDRESS     12128578710
   PSWD/SUBADDRESS
   DESTINATION ID
   ST. TIME                10/11 12:50
   USAGE T                 01'38
   PGS.                    6
   RESULT                  OK
```

# LAW OFFICE OF JAMES R. LISA, ESQ.

### *Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.
Theodore A. Grezlak, III, Esq.
B. Dakota Kuykendall, Esq.

Maximillian A. Novel, Esq.
Kristofher Berato, Esq.

Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000

 TIME-SENSITIVE

　　　RE:　FRIEND OF THE COURT LETTER, in connection with USA v.
Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly
parallel and are related to the transgressions against my client,
Jayson Burg, in New Jersey, and that appear in the criminal case
against Criminal Defense Attorney Marcus Mumford, in Oregon, and
in other cases involving the Central Violations Bureau and the
magistrate system, in other states.

I write to bring your attention to the following.

1.　　From January 28, 2016 to August 3, 2016, there was no case
opened against Ms. Radin in the Southern District of New York, and
yet, Magistrate Debra Freeman conducted a proceeding on July 7,
2016, when there was no open case against Ms. Radin.

2.　　The CVB ticket that was written on Ms. Radin on January 28,
2016, alleging that Ms. Radin assaulted a federal officer, private

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.
Theodore A. Grezlak, III, Esq.
B. Dakota Kuykendall, Esq.

Maximillian A. Novel, Esq.
Kristofher Beralo, Esq.

Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000

*TIME -
SENSITIVE*

RE:  FRIEND OF THE COURT LETTER, in connection with USA v.
Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly
parallel and are related to the transgressions against my client,
Jayson Burg, in New Jersey, and that appear in the criminal case
against Criminal Defense Attorney Marcus Mumford, in Oregon, and
in other cases involving the Central Violations Bureau and the
magistrate system, in other states.

I write to bring your attention to the following.

1.   From January 28, 2016 to August 3, 2016, there was no case
opened against Ms. Radin in the Southern District of New York, and
yet, Magistrate Debra Freeman conducted a proceeding on July 7,
2016, when there was no open case against Ms. Radin.

2.   The CVB ticket that was written on Ms. Radin on January 28,
2016, alleging that Ms. Radin assaulted a federal officer, private
contract security guard, Frank Pena,
18 USC section 111(a)(1), a Class A misdemeanor, was never filed
in federal district court; a case was never opened on this ticket;
a summons from the Southern District of New York was never served
on Ms. Radin; yet, this ticket was used to demand Ms. Radin's
appearance on May 17, 2016 ( Magistrate Barbara Moses ), and on
June 21, 2016,  on June 24, 2016, and on July 7, 2016
( Magistrate Debra Freeman ), months after January 28, 2016.

1      *Lisa. Letter. 1 of 6*

3. In fact, it appears that on January 28, 2016, private-contract security guard Frank Pena, assaulted Ms. Radin, arrested Ms. Radin without a warrant, and did not bring Ms. Radin before the magistrate in a timely fashion.  A Complaint, the initiating document in a criminal case, was not filed in the federal district court within two days.  After Ms. Radin was released on her own recognizance, on January 28, 2016, with a ticket alleging a Class A misdemeanor, a Preliminary hearing was not provided to Ms. Radin within twenty-one ( 21 ) days.  As admitted and confessed, an Information or Indictment was not filed in the federal district court within thirty ( 30 ) days.

4.  Yet, on May 17, 2016( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman )  Ms. Radin's presence was required, using a CVB ticket as a pretext.  All the protections, by law, that were to be provided to Ms. Radin within thirty( 30 ) days of the arrest without a warrant, were not provided such that by March 3, 2016, at least, no criminal prosecution against Ms. Radin should have moved forward.  It is absurd that a case moved forward in the federal district court from January 28, 2016 to August 3, 2016, when a case was never opened in the federal district court.  The only thing that Magistrates Moses and Freeman could have done on May 17, 2016, on June 21, 2016, on June 24, 2016, and on July 7, 2016 was declare that there was no case against Ms. Radin for want of prosecution.

5.  Central Violations Bureau in Texas is not an Article III court.  It is an agency.  A January 28, 2016  ticket  "filed" at the Central Violations Bureau, an Article I agency, does not open a case in an Article III,  federal district court.  If, however, for the sake of argument, a case was open, then, the so-called "assignment clerk"  at Central Violations in Texas was required by law to assign a Class A misdemeanor to a federal district judge, an Article III, constitutional judge, absent Ms. Radin's consent to have a Magistrate judge, a non-Article III judge,  hear the January 28, 2016 ticket alleging a Class A misdemeanor, assault on a federal officer.  Notwithstanding, ultimately, it was revealed that private contract guard, Frank Pena was not a federal officer; the prosecutors failed to allege a crime.

6.  Court records reveal that Ms. Radin never consented to have a Magistrate judge hear a Class A, misdemeanor, on May 17, 2016 ( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman ).  In addition to proceeding without Ms. Radin's consent, all critical deadlines on the January 28, 2016

2      USA. letter. 2 of 6 ☞

ticket, alleging a Class A misdemeanor, had already passed such that the prosecutors could not proceed.

7.   On July 7, 2016, Magistrate Freeman could not proceed because a case was not open in the federal district court; this suggests that the only thing that Magistrate Freeman could have done on July 7, 2016, was to state the irrefutable fact that the case against Ms. Radin could not proceed for want of prosecution.   Instead, Magistrate Freeman made certain orders, in a case that did not even exist, to prevent Ms. Radin from conducting her business at the Clerk of Court's office where the criminal case against Ms. Radin would have been terminated in Ms. Radin's favor.   Instead, in retaliation, two more CBV tickets were generated against Ms. Radin.

8.   On August 3, 2016, prosecutors purported to "supersede" the three CVB tickets with an Information.   The tickets could not be "superseded" because the tickets were never filed in the federal district court.

9.   The 8/3/2016 Information is ⒜ defective.   It did not obtain the subject-matter jurisdiction of the Court.   Count One does not charge a crime, 18 USC section 113 charges a punishment, not a crime.   Also, the jurisdiction of the 500 Pearl Street courthouse is not within the **"special maritime and territorial jurisdiction of the United States" as per Regional Counsel for the General Services Administration, Carol Latterman, and the U.S. Attorney's manual.**   Subject-matter jurisdiction cannot be waived.   Jurisdiction cannot be obtained through trickery and fraud.   Further, the 8/3/2016 Information was not served lawfully on Ms. Radin.

10.   On August 10, 2016, Magistrate Freeman took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied her judicial mind, and threatened Ms. Radin with arrest.

11.   On August 26, 2016, Magistrate Peck took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied his judicial mind, and under duress and threats of arrest, issued a Bond on Ms. Radin. That Bond is built on the Information.   The Information is, we believe, is defective on its face.

12.   On September 1, 2016, Magistrate Pitman took cognizance of the Information, an Information that did not obtain the subject-

Lisa. letter 3of 6

matter jurisdiction of the Court, applied his judicial mind, and
threatened Ms. Radin with arrest.

13.  On September 26, 2016, federal prosecutors purported to
"supersede" the Information, with a  "Superseding Information".
It is impossible to  "supersede"  an Information that did not obtain
the subject-matter jurisdiction of the Court.

14.  On May 22, 2017, Magistrate Pitman, ruled on a dispositive
motion, a Motion to Dismiss, in defiance of the Federal Magistrate
Act, 28 USC sections 636(b)(1)(A)and (B), Rule 59 of the Federal
Rules of Criminal Procedure, U.S. Supreme Court rulings, and Article
III ( judicial power of the United States ) of the federal
constitution, and in defiance of due process.

15.  Magistrate Pitman did not get approval from a federal district
judge to order a pre-sentence investigative report; **18 USC section
3401(c):** " A magistrate judge who exercises trial jurisdiction under
this section, and before whom a person is convicted or pleads either
guilty or nolo contendere, may, **_with the approval of a judge of the
district court_**, direct the probation service of the court to conduct
a presentence investigation on that person and render a report to the
magistrate judge prior to the imposition of sentence." [emphasis
added ].

16.  Today, Magistrate Pitman purports to rule on another dispositive
motion, a Motion to Arrest Judgment for lack of jurisdiction, in
defiance of  the Federal Magistrate Act, 28 USC sections 636(b)(1)(A)
and (B), Rule 59 of the Federal Rules of Criminal Procedure, U.S.
Supreme Court rulings, and Article III  ( judicial power of the
United States ) of the federal constitution, and in defiance of due
process.  Magistrates, Article I judges, cannot rule on dispositive
motions.

17.  On June 15, 2016, as per Chief U.S. District Court Judge Colleen
McMahon, you were informed of these transgressions.

18.  On August 3, 2017, Magistrate Pitman ruled on a Petition for
Abatement for Misnomer made as of Right. There is nothing for
Magistrate Pitman to rule on as this Petition was made as of Right on
May 17, 2016.  Page two is missing from the Petition that was
accepted for filing on May 17, 2016.  The document that Magistrate
Pitman signed, albeit, unlawfully, is not the document accepted for
filing on May 17, 2016.

19.  On April 18, 2016, on May 17, 2016, and on June 21, 2016,
Court Clerks Vincent Bambino and Daniel Ortez accepted for filing
documents from Radin, when, in fact, there was no open case against

4          *Lisa. letter. 4 of 6*

Ms. Radin on these dates.   In addition, Ms. Radin contends that there are over 130 pages missing.

20.  In connection with the pre-sentence investigative report, in Radin's case, item 11, the Government released Discovery materials in Radin's case to show that private, contract security guards, Special Deputy U.S. Marshals, are not federal officers to charge my client, Jayson Burg, or Ms. Radin, with assault on a federal officer, 18 USC section 111(a)(1); the Government failed to charge a crime.  On May 17, 2016, Magistrate Moses should have declared the irrefutable fact, that a criminal case against Radin could not move forward.    In defiance of law, Magistrate Moses did not. Also, the Discovery materials that the Government released in Radin's case show that everyone on the Court Security Committee was responsible for being aware that private-contract guards/ Special Deputy U.S. Marshals are not federal officers: the U.S. Attorneys ( Preet Bharara, in New York, and Paul Fishman in New Jersey ), the U.S. Marshals  ( Michael Greco in New York, Juan Matos, Jr. in New Jersey ), the Chief U.S. District Court Judge ( Loretta Preska and Colleen McMahon ), the Chief Magistrate Judge ( Magistrate Debra Freeman ),the Clerk of Court ( Ruby Krajick ) and others.

21.  Ms. Radin came to the Courthouse on August 10, 2017, to provide these materials, and certified photocopies of records from the Central Violations Bureau to Burg's defense team, and to federal Judge Sheridan, as is her duty, and in accordance with 18 USC section 4 ( reporting to any judge or military officer misprision of felony ),  when Radin was accosted at the first-floor coffee shop by a man who refused to identify himself, and who provoked an incident.   Deputy U.S. Marshal Jerry Sanservino already admitted that Radin was arrested without a warrant, and placed in a holding cell for almost four hours. Unlawfully, again, Radin was arrested without a warrant, and not brought without unnecessary delay to a judge, 4th amendment violations against Radin.

22.  Further, Ms. Radin was unlawfully prevented from providing irrefutable evidence released by the Department of Justice to Burg's defense team, evidence that has not been provided to Burg's defense team in violation of Brady ( Brady v. Maryland, 373 U.S. 83, 1963 ),  and  to Deputy U.S. Marshal Paul Safier and Homeland Security Investigator Robert E. Moore, Jr.

23.  Ms. Radin is precluded from making a Motion to Vacate Judgment, 28 USC section 2255, because a Motion to Vacate is an attack on a rulings, findings of fact and conclusions of law, of a constitutional, Article III judge, a federal district judge.  As

Lisa Letter. 5 of 6

pointed out, Ms. Radin was deprived unlawfully of an Article III judge at the beginning of this case.

24.    In addition, Ms. Radin's Motion to Reconsider made to Chief U.S. District Judge Colleen McMahon, was referred to you, almost four months ago.  You have not responded, to date.

25.    Further, a Motion to Vacate under 28 USC section 2255, is a continuation of the criminal proceeding in the lower Court. Because the lower Court did not acquire jurisdiction, and even if it did, for the sake of argument, because the Magistrates broke the law, the lower Court lost jurisdiction, precluding Ms. Radin from making a Motion to Vacate.


        Respectfully submitted,



        James Lisa, Esq.


6     lisA. letter. 6 of 6

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Lidya MARiA Radin | ) | Case No. 17 - mj - 4519 |
| _Defendant_ | ) | |

### SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:  Debra FREEMAN          Telephone: 212-805-4650
500 Pearl Street
New York, New York 10007

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: 402 East State Street | Courtroom No.: 6E |
|---|---|
| TRENTON, N.J. 08608 | Date and Time: 9:30 AM  4/16/2018 |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

SEE Attached pages

(SEAL)

Date: 3/26/2018

CLERK OF COURT

**WILLIAM T. WALSH**
*Signature of Clerk or Deputy Clerk*

---

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Lidya MARia Radin, sui juris , who requests this subpoena, are:  Lidya MARia Radin
New York,  c/o 203 W. 107th St #8A
New York  MOBILE: 516-445-4390
10025  EMail: radin.lidya2@
gmail.com

Lidya Maria Radin
c/o  203 W. 107th Street, # 8A
New York, New York 10025
Mobile telephone: 516-445-4390; Email: radin.lidya2@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-------------------------------------------------------------X          Docket: 17-mj-4519

USA,                                                                    SUBPOENA FOR
                                                                        DEBRA FREEMAN

    v.

RADIN
-------------------------------------------------------------X

You are commanded to appear in Courtroom 6E, Clarkson S. Fisher Building & U.S.
Courthouse, 402 East State Street, Trenton, New Jersey, 08608 at 9:30 AM on April 16, 2018 to
give testimony in connection with the issues presented in James R. Lisa's Friend of the Court
letter. This letter is attached for ease of reference: *"The transgressions in Ms. Radin's case, in
New Jersey, directly parallel and are related to the transgressions against my client, Jayson
Burg, in New Jersey, and that appear in the criminal case against Criminal Defense Attorney
Marcus Mumford, in Oregon, and in other cases involving the Central Violations Bureau and
the magistrate system, in other states."*

At least seven days in advance please provide any and all records connected with the malicious
prosecution of Lidya Radin from January 28, 2016 to August 3, 2016 and in connection with the
charge 18 USC section 111, impeding, resisting, assaulting a federal employee/federal officer
including the identity of the prosecutor in May 2016.  Please provide all court records including
"Notice to Appear" letters, summons, return of summons, complaint, billing records, and
consent from Radin to proceed with a magistrate judge in May 2016, in June 2016, on 7/7/2016
for a Class A misdemeanor, 18 U.S.C. section 111.    In addition, please provide any and all
records connected with the malicious prosecution of Radin in connection with the charge 18
U.S.C. section 113 ( a statute that states a punishment, not a crime ) that falsely asserted that the
building at 500 Pearl Street was "within the special martine and territorial" jurisdiction of the
United States from August to September 2016.  Also, please provide any and all records in
connection with the 2015 malicious prosecution of Lidya Radin in connection with a Central
Violations Bureau ticket for which the charges were dropped or dismissed.  Also, provide the
policy in connection with sending Central Violations Bureau tickets to an agency located in
Texas instead of filing Central Violations Bureau tickets in a federal district court.

This subpoena is for:  Debra Freeman, 500 Pearl Street, New York, New York 10007,
Telephone: 212-805-4650.

```
**********************
*** FAX TX REPORT ***
**********************

              TRANSMISSION OK

    JOB NO.                3057
    DESTINATION ADDRESS    12128578710
    PSWD/SUBADDRESS
    DESTINATION ID
    ST. TIME               10/11 12:50
    USAGE T                01'38
    PGS.                   6
    RESULT                 OK
```

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.
Theodore A. Grezlak, III, Esq.
B. Dakota Kuykendall, Esq.

Maximillian A. Novel, Esq.
Kristofher Berato, Esq.

Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000

*TIME -
SENSITIVE*

        RE:  FRIEND OF THE COURT LETTER, in connection with USA v.
Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly
parallel and are related to the transgressions against my client,
Jayson Burg, in New Jersey, and that appear in the criminal case
against Criminal Defense Attorney Marcus Mumford, in Oregon, and
in other cases involving the Central Violations Bureau and the
magistrate system, in other states.

I write to bring your attention to the following.

1.    From January 28, 2016 to August 3, 2016, there was no case
opened against Ms. Radin in the Southern District of New York, and
yet, Magistrate Debra Freeman conducted a proceeding on July 7,
2016, when there was no open case against Ms. Radin.

2.    The CVB ticket that was written on Ms. Radin on January 28,
2016, alleging that Ms. Radin assaulted a federal officer, private

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.                                    Maximillian A. Novel, Esq.
Theodore A. Grezlak, III, Esq.                         Kristofher Beralo, Esq.
B. Dakota Kuykendall, Esq.

---

Chief Judge Robert A. Katzman          *TIME -*
Thurgood Marshal U.S. Courthouse
40 Foley Square                        *SENSITIVE* (JR)
New York, New York 10007
Telephone: 212-857-2000

        RE:  FRIEND OF THE COURT LETTER, in connection with USA v.
        Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly
parallel and are related to the transgressions against my client,
Jayson Burg, in New Jersey, and that appear in the criminal case
against Criminal Defense Attorney Marcus Mumford, in Oregon, and
in other cases involving the Central Violations Bureau and the
magistrate system, in other states.

I write to bring your attention to the following.

1.    From January 28, 2016 to August 3, 2016, there was no case
opened against Ms. Radin in the Southern District of New York, and
yet, Magistrate Debra Freeman conducted a proceeding on July 7,
2016, when there was no open case against Ms. Radin.

2.    The CVB ticket that was written on Ms. Radin on January 28,
2016, alleging that Ms. Radin assaulted a federal officer, private
contract security guard, Frank Pena,
18 USC section 111(a)(1), a Class A misdemeanor, was never filed
in federal district court; a case was never opened on this ticket;
a summons from the Southern District of New York was never served
on Ms. Radin; yet, this ticket was used to demand Ms. Radin's
appearance on May 17, 2016 ( Magistrate Barbara Moses ), and on
June 21, 2016,  on June 24, 2016, and on July 7, 2016
( Magistrate Debra Freeman ), months after January 28, 2016.

                                1    *Lisa. Letter. 1 of 6* (JR)

3. In fact, it appears that on January 28, 2016, private-contract security guard Frank Pena, assaulted Ms. Radin, arrested Ms. Radin without a warrant, and did not bring Ms. Radin before the magistrate in a timely fashion.  A Complaint, the initiating document in a criminal case, was not filed in the federal district court within two days.  After Ms. Radin was released on her own recognizance, on January 28, 2016, with a ticket alleging a Class A misdemeanor, a Preliminary hearing was not provided to Ms. Radin within twenty-one ( 21 ) days.  As admitted and confessed, an Information or Indictment was not filed in the federal district court within thirty ( 30 ) days.

4. Yet, on May 17, 2016( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman )  Ms. Radin's presence was required, using a CVB ticket as a pretext.  All the protections, by law, that were to be provided to Ms. Radin within thirty( 30 ) days of the arrest without a warrant, were not provided such that by March 3, 2016, at least, no criminal prosecution against Ms. Radin should have moved forward.  It is absurd that a case moved forward in the federal district court from January 28, 2016 to August 3, 2016, when a case was never opened in the federal district court.  The only thing that Magistrates Moses and Freeman could have done on May 17, 2016, on June 21, 2016, on June 24, 2016, and on July 7, 2016 was declare that there was no case against Ms. Radin for want of prosecution.

5. Central Violations Bureau in Texas is not an Article III court.  It is an agency.  A January 28, 2016 ticket "filed" at the Central Violations Bureau, an Article I agency, does not open a case in an Article III,  federal district court.  If, however, for the sake of argument, a case was open, then, the so-called "assignment clerk"  at Central Violations in Texas was required by law to assign a Class A misdemeanor to a federal district judge, an Article III, constitutional judge, absent Ms. Radin's consent to have a Magistrate judge, a non-Article III judge,  hear the January 28, 2016 ticket alleging a Class A misdemeanor, assault on a federal officer.  Notwithstanding, ultimately, it was revealed that private contract guard, Frank Pena was not a federal officer; the prosecutors failed to allege a crime.

6. Court records reveal that Ms. Radin never consented to have a Magistrate judge hear a Class A, misdemeanor, on May 17, 2016 ( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman ).  In addition to proceeding without Ms. Radin's consent, all critical deadlines on the January 28, 2016

2        LISA. letter. 2 of 6

ticket, alleging a Class A misdemeanor, had already passed such that the prosecutors could not proceed.

7.   On July 7, 2016, Magistrate Freeman could not proceed because a case was not open in the federal district court; this suggests that the only thing that Magistrate Freeman could have done on July 7, 2016, was to state the irrefutable fact that the case against Ms. Radin could not proceed for want of prosecution.   Instead, Magistrate Freeman made certain orders, in a case that did not even exist, to prevent Ms. Radin from conducting her business at the Clerk of Court's office where the criminal case against Ms. Radin would have been terminated in Ms. Radin's favor.   Instead, in retaliation, two more CBV tickets were generated against Ms. Radin.

8.   On August 3, 2016, prosecutors purported to "supersede" the three CVB tickets with an Information.   The tickets could not be "superseded" because the tickets were never  filed in the federal district court.

9.   The 8/3/2016 Information is a defective.   It did not obtain the subject-matter jurisdiction of the Court.   Count One does not charge a crime, 18 USC section 113 charges a punishment, not a crime.   Also, the jurisdiction of the 500 Pearl Street courthouse is not  within the **special maritime and territorial jurisdiction of the United States" as per Regional Counsel for the General Services Administration, Carol Latterman, and the U.S. Attorney's manual.**   Subject-matter jurisdiction cannot be waived. Jurisdiction cannot be obtained through trickery and fraud.   Further, the 8/3/2016 Information was not served lawfully on Ms. Radin.

10.   On August 10, 2016, Magistrate Freeman took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied her judicial mind, and threatened Ms. Radin with arrest.

11.   On August 26, 2016, Magistrate Peck took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied his judicial mind, and under duress and threats of arrest, issued a Bond on Ms. Radin. That Bond is built on the Information.   The Information is, we believe, is defective on its face.

12.   On September 1, 2016, Magistrate Pitman took cognizance of the Information, an Information that did not obtain the subject-

3

matter jurisdiction of the Court, applied his judicial mind, and threatened Ms. Radin with arrest.

13.  On September 26, 2016, federal prosecutors purported to "supersede" the Information, with a  "Superseding Information". It is impossible to "supersede" an Information that did not obtain the subject-matter jurisdiction of the Court.

14.  On May 22, 2017, Magistrate Pitman, ruled on a dispositive motion, a Motion to Dismiss, in defiance of the Federal Magistrate Act, 28 USC sections 636(b)(1)(A)and (B), Rule 59 of the Federal Rules of Criminal Procedure, U.S. Supreme Court rulings, and Article III ( judicial power of the United States ) of the federal constitution, and in defiance of due process.

15.  Magistrate Pitman did not get approval from a federal district judge to order a pre-sentence investigative report; **18 USC section 3401(c):** " A magistrate judge who exercises trial jurisdiction under this section, and before whom a person is convicted or pleads either guilty or nolo contendere, may, ***with the approval of a judge of the district court***, direct the probation service of the court to conduct a presentence investigation on that person and render a report to the magistrate judge prior to the imposition of sentence." [emphasis added ].

16.  Today, Magistrate Pitman purports to rule on another dispositive motion, a Motion to Arrest Judgment for lack of jurisdiction, in defiance of  the Federal Magistrate Act, 28 USC sections 636(b)(1)(A) and (B), Rule 59 of the Federal Rules of Criminal Procedure, U.S. Supreme Court rulings, and Article III  ( judicial power of the United States ) of the federal constitution, and in defiance of due process.  Magistrates, Article I judges, cannot rule on dispositive motions.

17.  On June 15, 2016, as per Chief U.S. District Court Judge Colleen McMahon, you were informed of these transgressions.

18.  On August 3, 2017, Magistrate Pitman ruled on a Petition for Abatement for Misnomer made as of Right.  There is nothing for Magistrate Pitman to rule on as this Petition was made as of Right on May 17, 2016.  Page two is missing from the Petition that was accepted for filing on May 17, 2016.  The document that Magistrate Pitman signed, albeit, unlawfully, is not the document accepted for filing on May 17, 2016.

19.  On April 18, 2016, on May 17, 2016, and on June 21, 2016, Court Clerks Vincent Bambino and Daniel Ortez accepted for filing documents from Radin, when, in fact, there was no open case against

4       *LISA. letter. 4.of 6*

Ms. Radin on these dates.    In addition, Ms. Radin contends that
there are over 130 pages missing.

20.   In connection with the pre-sentence investigative report, in
Radin's case, item 11, the Government released Discovery materials
in Radin's case to show that private, contract security guards,
Special Deputy U.S. Marshals, are not federal officers to charge
my client, Jayson Burg, or Ms. Radin, with assault on a federal
officer, 18 USC section 111(a)(1); the Government failed to charge
a crime.  On May 17, 2016, Magistrate Moses should have declared
the irrefutable fact, that a criminal case against Radin could not
move forward.      In defiance of law, Magistrate Moses did not.
Also, the Discovery materials that the Government released in
Radin's case show that everyone on the Court Security Committee
was responsible for being aware that private-contract guards/
Special Deputy U.S. Marshals are not federal officers: the U.S.
Attorneys  ( Preet Bharara, in New York, and Paul Fishman in New
Jersey ), the U.S. Marshals  ( Michael Greco in New York, Juan
Matos, Jr. in New Jersey ), the Chief U.S. District Court Judge
( Loretta Preska and Colleen McMahon ), the Chief Magistrate Judge
( Magistrate Debra Freeman ),the Clerk of Court ( Ruby Krajick )
and others.

21.  Ms. Radin came to the Courthouse on August 10, 2017, to
provide these materials, and certified photocopies of records from
the Central Violations Bureau to Burg's defense team, and to
federal Judge Sheridan, as is her duty, and in accordance with
18 USC section 4 ( reporting to any judge or military officer
misprision of felony ),  when Radin was accosted at the first-
floor coffee shop by a man who refused to identify himself, and
who provoked an incident.   Deputy U.S. Marshal Jerry Sanservino
already admitted that Radin was arrested without a warrant, and
placed in a holding cell for almost four hours. Unlawfully, again,
Radin was arrested without a warrant, and not brought without
unnecessary delay to a judge, 4th amendment violations against
Radin.

22.  Further, Ms. Radin was unlawfully prevented from providing
irrefutable evidence released by the Department of Justice to
Burg's defense team, evidence that has not been provided to Burg's
defense team in violation of Brady ( Brady v. Maryland, 373 U.S.
83, 1963 ),  and  to Deputy U.S. Marshal Paul Safier and Homeland
Security Investigator Robert E. Moore, Jr.

23.  Ms. Radin is precluded from making a Motion to Vacate
Judgment, 28 USC section 2255, because a Motion to Vacate is an
attack on a rulings, findings of fact and conclusions of law, of
a constitutional, Article III judge, a federal district judge.  As

L·SA. Letter. 5 of 6

pointed out, Ms. Radin was deprived unlawfully of an Article III
judge at the beginning of this case.

24.   In addition, Ms. Radin's Motion to Reconsider made to Chief
U.S. District Judge Colleen McMahon, was referred to you, almost
four months ago.  You have not responded, to date.

25.   Further, a Motion to Vacate under 28 USC section 2255, is a
continuation of the criminal proceeding in the lower Court.
Because the lower Court did not acquire jurisdiction, and even if
it did, for the sake of argument, because the Magistrates broke
the law, the lower Court lost jurisdiction, precluding Ms. Radin
from making a Motion to Vacate.


        Respectfully submitted,



        James Lisa, Esq.

Lisa. letter. 6 of 6

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the

United States of America          )
v.                                )
_Lidya Maria Radin_               )     Case No.  17-mj-4519
_____           )
          Defendant               )

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:  Andrew J. Peck          Telephone: 212-805-0036
     500 Pearl Street        Email: Andrew.Peck @
     New York, New York 10007          NYSD.USCOURTS.GOV

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: 402 East State Street | Courtroom No.: 6E |
| TRENTON, N.J. 08608 | Date and Time: 9:30/Am   4/16/2018 |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
                              See Attached pages

(SEAL)

Date: 3/26/2018

                                        CLERK OF COURT

                                        **WILLIAM T. WALSH**
                                        _____
                                        *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Lidya Maria Radin, sui juris , who requests this subpoena, are:  Lidya Maria Radin
c/o 203 W. 107th St. #8A
New York, New York 10025
Mobile: 516-445-4390
Email: radin.lidya2@
          gmail.com

Lidya Maria Radin
c/o  203 W. 107th Street, # 8A
New York, New York 10025
Mobile telephone: 516-445-4390; Email: radin.lidya2@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------X          Docket: 17-mj-4519

USA,                                                                                  SUBPOENA FOR
                                                                                              ANDREW J. PECK

     v.

RADIN

-----------------------------------------------------------X

You are commanded to appear in Courtroom 6E, Clarkson S. Fisher Building & U.S.
Courthouse, 402 East State Street, Trenton, New Jersey, 08608 at 9:30 AM on April 16, 2018 to
give testimony in connection with the issues presented in James R. Lisa's Friend of the Court
letter. This letter is attached for ease of reference: ***"The transgressions in Ms. Radin's case, in
New Jersey, directly parallel and are related to the transgressions against my client, Jayson
Burg, in New Jersey, and that appear in the criminal case against Criminal Defense Attorney
Marcus Mumford, in Oregon, and in other cases involving the Central Violations Bureau and
the magistrate system, in other states."***

At least seven days in advance please provide any and all records connected with the malicious
prosecution of Lidya Radin from January 28, 2016 to August 3, 2016 and in connection with the
charge 18 USC section 111, impeding, resisting, assaulting a federal employee/federal officer
including the identity of the prosecutor in May 2016.  Please provide all court records including
"Notice to Appear" letters, summons, return of summons, complaint, billing records, and
consent from Radin to proceed with a magistrate judge in May 2016, in June 2016, and on
7/7/2016 for a Class A misdemeanor, 18 U.S.C. section 111.    In addition, please provide any and
all records connected with the malicious prosecution of Radin in connection with the charge
18 U.S.C. section 113 ( a statute that states a punishment, not a crime ) that falsely asserted that
the building at 500 Pearl Street was "within the special martine and territorial" jurisdiction of
the United States from August to September 2016.  Also, please provide any and all records in
connection with the 2015 malicious prosecution of Lidya Radin in connection with a Central
Violations Bureau ticket for which the charges were dropped or dismissed.  Also, provide the
policy in connection with sending Central Violations Bureau tickets to an agency located in
Texas instead of filing Central Violations Bureau tickets in a federal district court.

This subpoena is for:  Andrew J. Peck, 500 Pearl Street, New York, New York 10007,
Telephone: 212-805-0036; Email: Andrew.Peck@NYSD.USCOURTS.GOV

```
***********************
*** FAX TX REPORT ***
***********************

            TRANSMISSION OK

    JOB NO.                3057
    DESTINATION ADDRESS    12128578710
    PSWD/SUBADDRESS
    DESTINATION ID
    ST. TIME               10/11 12:50
    USAGE T                01'38
    PGS.                   6
    RESULT                 OK
```

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*
921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.
Theodore A. Grezlak, III, Esq.
B. Dakota Kuykendall, Esq.

Maximillian A. Novel, Esq.
Kristofher Berato, Esq.

```
Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000
```



    RE:  FRIEND OF THE COURT LETTER, in connection with USA v.
    Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly parallel and are related to the transgressions against my client, Jayson Burg, in New Jersey, and that appear in the criminal case against Criminal Defense Attorney Marcus Mumford, in Oregon, and in other cases involving the Central Violations Bureau and the magistrate system, in other states.

I write to bring your attention to the following.

1.  From January 28, 2016 to August 3, 2016, there was no case opened against Ms. Radin in the Southern District of New York, and yet, Magistrate Debra Freeman conducted a proceeding on July 7, 2016, when there was no open case against Ms. Radin.

2.  The CVB ticket that was written on Ms. Radin on January 28, 2016, alleging that Ms. Radin assaulted a federal officer, private

# LAW OFFICE OF JAMES R. LISA, ESQ.

*Attorney At Law*

921 Bergen Avenue, Suite 1001B
Jersey City, New Jersey 07306
Phone: (201) 653-2888
Fax: (201) 653-4888
Email: info@jamesrlisaesq.com

James R. Lisa, Esq.
Theodore A. Grezlak, III, Esq.
B. Dakota Kuykendall, Esq.

Maximillian A. Novel, Esq.
Kristofher Beralo, Esq.

Chief Judge Robert A. Katzman
Thurgood Marshal U.S. Courthouse
40 Foley Square
New York, New York 10007
Telephone: 212-857-2000

*TIME - SENSITIVE* (JR)

RE:   FRIEND OF THE COURT LETTER, in connection with USA v.
Radin, 16-cr-528.

Sir:

I write to you today as a Friend of the Court.

The transgressions in Ms. Radin's case, in New York, directly
parallel and are related to the transgressions against my client,
Jayson Burg, in New Jersey, and that appear in the criminal case
against Criminal Defense Attorney Marcus Mumford, in Oregon, and
in other cases involving the Central Violations Bureau and the
magistrate system, in other states.

I write to bring your attention to the following.

1.    From January 28, 2016 to August 3, 2016, there was no case
opened against Ms. Radin in the Southern District of New York, and
yet, Magistrate Debra Freeman conducted a proceeding on July 7,
2016, when there was no open case against Ms. Radin.

2.    The CVB ticket that was written on Ms. Radin on January 28,
2016, alleging that Ms. Radin assaulted a federal officer, private
contract security guard, Frank Pena,
18 USC section 111(a)(1), a Class A misdemeanor, was never filed
in federal district court; a case was never opened on this ticket;
a summons from the Southern District of New York was never served
on Ms. Radin; yet, this ticket was used to demand Ms. Radin's
appearance on May 17, 2016 ( Magistrate Barbara Moses ), and on
June 21, 2016,  on June 24, 2016, and on July 7, 2016
( Magistrate Debra Freeman ), months after January 28, 2016.

1    *LiSA. Letter. 1 of 6* (JR)

3. In fact, it appears that on January 28, 2016, private-contract security guard Frank Pena, assaulted Ms. Radin, arrested Ms. Radin without a warrant, and did not bring Ms. Radin before the magistrate in a timely fashion.  A Complaint, the initiating document in a criminal case, was not filed in the federal district court within two days.  After Ms. Radin was released on her own recognizance, on January 28, 2016, with a ticket alleging a Class A misdemeanor, a Preliminary hearing was not provided to Ms. Radin within twenty-one ( 21 ) days.  As admitted and confessed, an Information or Indictment was not filed in the federal district court within thirty ( 30 ) days.

4.  Yet, on May 17, 2016( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman )  Ms. Radin's presence was required, using a CVB ticket as a pretext.  All the protections, by law, that were to be provided to Ms. Radin within thirty( 30 ) days of the arrest without a warrant, were not provided such that by March 3, 2016, at least, no criminal prosecution against Ms. Radin should have moved forward.  It is absurd that a case moved forward in the federal district court from January 28, 2016 to August 3, 2016, when a case was never opened in the federal district court.  The only thing that Magistrates Moses and Freeman could have done on May 17, 2016, on June 21, 2016, on June 24, 2016, and on July 7, 2016 was declare that there was no case against Ms. Radin for want of prosecution.

5.  Central Violations Bureau in Texas is not an Article III court.  It is an agency.  A January 28, 2016 ticket "filed" at the Central Violations Bureau, an Article I agency, does not open a case in an Article III,  federal district court.  If, however, for the sake of argument, a case was open, then, the so-called "assignment clerk"  at Central Violations in Texas was required by law to assign a Class A misdemeanor to a federal district judge, an Article III, constitutional judge, absent Ms. Radin's consent to have a Magistrate judge, a non-Article III judge,  hear the January 28, 2016 ticket alleging a Class A misdemeanor, assault on a federal officer.  Notwithstanding, ultimately, it was revealed that private contract guard, Frank Pena was not a federal officer; the prosecutors failed to allege a crime.

6.  Court records reveal that Ms. Radin never consented to have a Magistrate judge hear a Class A, misdemeanor, on May 17, 2016 ( Magistrate Barbara Moses ), on June 21, 2016, on June 24, 2016, and, again, on July 7, 2016 ( Magistrate Debra Freeman ).  In addition to proceeding without Ms. Radin's consent, all critical deadlines on the January 28, 2016

USA. letter. 2 of 6

ticket, alleging a Class A misdemeanor, had already passed such that the prosecutors could not proceed.

7.   On July 7, 2016, Magistrate Freeman could not proceed because a case was not open in the federal district court; this suggests that the only thing that Magistrate Freeman could have done on July 7, 2016, was to state the irrefutable fact that the case against Ms. Radin could not proceed for want of prosecution.   Instead, Magistrate Freeman made certain orders, in a case that did not even exist, to prevent Ms. Radin from conducting her business at the Clerk of Court's office where the criminal case against Ms. Radin would have been terminated in Ms. Radin's favor.   Instead, in retaliation, two more CBV tickets were generated against Ms. Radin.

8.   On August 3, 2016, prosecutors purported to "supersede" the three CVB tickets with an Information.  The tickets could not be "superseded" because the tickets were never  filed in the federal district court.

9.   The 8/3/2016 Information is ⓐ defective.   It did not obtain the subject-matter jurisdiction of the Court.   Count One does not charge a crime, 18 USC section 113 charges a punishment, not a crime.  Also, the jurisdiction of the 500 Pearl Street courthouse is not  within the **special maritime and territorial jurisdiction of the United States" as per Regional Counsel for the General Services Administration, Carol Latterman, and the U.S. Attorney's manual.**   Subject-matter jurisdiction cannot be waived.  Jurisdiction cannot be obtained through trickery and fraud.  Further, the 8/3/2016 Information was not served lawfully on Ms. Radin.

10.   On August 10, 2016, Magistrate Freeman took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied her judicial mind, and threatened Ms. Radin with arrest.

11.   On August 26, 2016, Magistrate Peck took cognizance of the Information, an Information that did not obtain the subject-matter jurisdiction of the Court, applied his judicial mind, and under duress and threats of arrest, issued a Bond on Ms. Radin. That Bond is built on the Information.  The Information is, we believe, is defective on its face.

12.   On September 1, 2016, Magistrate Pitman took cognizance of the Information, an Information that did not obtain the subject-

Lisa. letter 3 of 6

matter jurisdiction of the Court, applied his judicial mind, and threatened Ms. Radin with arrest.

13. On September 26, 2016, federal prosecutors purported to "supersede" the Information, with a "Superseding Information". It is impossible to "supersede" an Information that did not obtain the subject-matter jurisdiction of the Court.

14. On May 22, 2017, Magistrate Pitman, ruled on a dispositive motion, a Motion to Dismiss, in defiance of the Federal Magistrate Act, 28 USC sections 636(b)(1)(A)and (B), Rule 59 of the Federal Rules of Criminal Procedure, U.S. Supreme Court rulings, and Article III ( judicial power of the United States ) of the federal constitution, and in defiance of due process.

15. Magistrate Pitman did not get approval from a federal district judge to order a pre-sentence investigative report; **18 USC section 3401(c):** " A magistrate judge who exercises trial jurisdiction under this section, and before whom a person is convicted or pleads either guilty or nolo contendere, may, ***with the approval of a judge of the district court***, direct the probation service of the court to conduct a presentence investigation on that person and render a report to the magistrate judge prior to the imposition of sentence." [emphasis added ].

16. Today, Magistrate Pitman purports to rule on another dispositive motion, a Motion to Arrest Judgment for lack of jurisdiction, in defiance of  the Federal Magistrate Act, 28 USC sections 636(b)(1)(A) and (B), Rule 59 of the Federal Rules of Criminal Procedure, U.S. Supreme Court rulings, and Article III  ( judicial power of the United States ) of the federal constitution, and in defiance of due process.  Magistrates, Article I judges, cannot rule on dispositive motions.

17. On June 15, 2016, as per Chief U.S. District Court Judge Colleen McMahon, you were informed of these transgressions.

18. On August 3, 2017, Magistrate Pitman ruled on a Petition for Abatement for Misnomer made as of Right. There is nothing for Magistrate Pitman to rule on as this Petition was made as of Right on May 17, 2016.  Page two is missing from the Petition that was accepted for filing on May 17, 2016.  The document that Magistrate Pitman signed, albeit, unlawfully, is not the document accepted for filing on May 17, 2016.

19. On April 18, 2016, on May 17, 2016, and on June 21, 2016, Court Clerks Vincent Bambino and Daniel Ortez accepted for filing documents from Radin, when, in fact, there was no open case against

4        *Lisa. letter. 4 of 6*

Ms. Radin on these dates.    In addition, Ms. Radin contends that
there are over 130 pages missing.

20.  In connection with the pre-sentence investigative report, in
Radin's case, item 11, the Government released Discovery materials
in Radin's case to show that private, contract security guards,
Special Deputy U.S. Marshals, are not federal officers to charge
my client, Jayson Burg, or Ms. Radin, with assault on a federal
officer, 18 USC section 111(a)(1); the Government failed to charge
a crime.  On May 17, 2016, Magistrate Moses should have declared
the irrefutable fact, that a criminal case against Radin could not
move forward.    In defiance of law, Magistrate Moses did not.
Also, the Discovery materials that the Government released in
Radin's case show that everyone on the Court Security Committee
was responsible for being aware that private-contract guards/
Special Deputy U.S. Marshals are not federal officers: the U.S.
Attorneys  ( Preet Bharara, in New York, and Paul Fishman in New
Jersey ), the U.S. Marshals  ( Michael Greco in New York, Juan
Matos, Jr. in New Jersey ), the Chief U.S. District Court Judge
( Loretta Preska and Colleen McMahon ), the Chief Magistrate Judge
( Magistrate Debra Freeman ),the Clerk of Court ( Ruby Krajick )
and others.

21.  Ms. Radin came to the Courthouse on August 10, 2017, to
provide these materials, and certified photocopies of records from
the Central Violations Bureau to Burg's defense team, and to
federal Judge Sheridan, as is her duty, and in accordance with
18 USC section 4 ( reporting to any judge or military officer
misprision of felony ),  when Radin was accosted at the first-
floor coffee shop by a man who refused to identify himself, and
who provoked an incident.    Deputy U.S. Marshal Jerry Sanservino
already admitted that Radin was arrested without a warrant, and
placed in a holding cell for almost four hours. Unlawfully, again,
Radin was arrested without a warrant, and not brought without
unnecessary delay to a judge, 4th amendment violations against
Radin.

22.  Further, Ms. Radin was unlawfully prevented from providing
irrefutable evidence released by the Department of Justice to
Burg's defense team, evidence that has not been provided to Burg's
defense team in violation of Brady ( Brady v. Maryland, 373 U.S.
83, 1963 ),  and  to Deputy U.S. Marshal Paul Safier and Homeland
Security Investigator Robert E. Moore, Jr.

23.  Ms. Radin is precluded from making a Motion to Vacate
Judgment, 28 USC section 2255, because a Motion to Vacate is an
attack on a rulings, findings of fact and conclusions of law, of
a constitutional, Article III judge, a federal district judge.  As

5

Lisa. Letter. 5 of 6

pointed out, Ms. Radin was deprived unlawfully of an Article III judge at the beginning of this case.

24.    In addition, Ms. Radin's Motion to Reconsider made to Chief U.S. District Judge Colleen McMahon, was referred to you, almost four months ago.  You have not responded, to date.

25.    Further, a Motion to Vacate under 28 USC section 2255, is a continuation of the criminal proceeding in the lower Court. Because the lower Court did not acquire jurisdiction, and even if it did, for the sake of argument, because the Magistrates broke the law, the lower Court lost jurisdiction, precluding Ms. Radin from making a Motion to Vacate.


        Respectfully submitted,



        James Lisa, Esq.




6    lisa. letter. 6 of 6



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Office of the District Court Executive*

COLLEEN MCMAHON                                                    EDWARD A. FRIEDLAND
*Chief Judge*                                                            *District Court Executive*

March 28, 2018

Ms. Laura Cress
OGC
Administrative Office of the U.S. Courts
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Washington, DC  20544

Re:  Article III and Magistrate Judges Named in Civil Suit

Dear Ms. Cress:

Attached please find subpoenas in Case # 17-MJ-4519, filed in the District of New Jersey, for
Chief Judge McMahon, Judge Preska, Magistrate Judges Freeman, Moses and Pitman, and
former Magistrate Judge Peck.  The subpoenas have not been properly served on the Court.

Please take appropriate action to ensure representation for the above-named judges.

Very truly yours,

Edward A. Friedland
District Court Executive

cc:    Honorable Colleen McMahon
       Honorable Loretta A. Preska
       Honorable Debra Freeman
       Honorable Barbara Moses
       Honorable Andrew J. Peck
       Honorable Henry B. Pitman