# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

April 11, 2018

## LETTER ORDER

Re:   <u>United States of America v. Radin</u>
       Case No. 17-4519 (TJB)

Dear Ms. Radin and Counsel:

As you know, the trial in this matter is set to take place on **April 16, 2018 at 9:00 a.m.** As you also are aware, there are currently three requests pending before the Court that relate to the trial of this matter: (1) Ms. Radin's request filed with the Court on February 23, 2018 (Docket Entry No. 31),[1] seeking certain discovery; (2) Ms. Radin's request filed with the Court on February 23, 2018 (Docket Entry No. 32), demanding that the Court take judicial notice of certain facts and requesting a hearing pursuant to Federal Rule of Evidence ("FRE") 201; and (3) the United States of America's (the "United States" or the "Government") motion to quash certain subpoenas served by Lidya Radin (Docket Entry No. 36). The Court addresses all three requests herein. However, before doing so, the Court addresses addresses the trial, which shall take place before the undersigned on April 16, 2018.

The Bench Trial in this matter was originally set to take place on December 7, 2017. (*See* Minute Entry of 11/16/2017; Docket Entry No. 9). However, Ms. Radin did not appear on December 7,

---

[1] As later noted herein, Ms. Radin did not file this request for discovery in compliance with the schedule set by the Court. Nevertheless, given the reason proffered for the delay, the Court addresses the substance of the request.

7, 2017.  The Court declined to try her in absentia.  (*See* Minute Entry of 12/7/2017; Docket Entry No. No. 19).  Instead, a bench warrant was issued for Ms. Radin's arrest and she was arrested on December 12, 2017.

On December 12, 2017, the undersigned became the presiding Judge.  In light of her arrest, the Court conducted an Initial Appearance and also held a Bond Hearing.  Further, the Court reset the Bench Trial of this matter for January 5, 2018.  (*See* Minute Entry of 12/12/2017; Docket Entry No. 22).  After receiving correspondence from the Government suggesting that Ms. Radin did not intend to appear at the trial set for January 5, 2018, the Court entered a Letter Order specifically instructing Ms. Radin that the trial was set for January 5, 2018 and that she was expected to appear.  (*See* Letter Order of 12/21/2017; Docket Entry No. 27).  The Court also allowed Ms. Radin to submit a written request for a finite adjournment of the January 5, 2018 Bench Trial, but required any such request to be submitted by January 3, 2018.  (*Id.*)  The Court cautioned Ms. Radin that if she failed to either make a timely adjournment request or appear at the scheduled Bench Trial, a warrant would issue for her arrest and she also could be held in contempt.  (*Id.*)  The Court further noted that Ms. Radin had continued to violate the Court's Order of November 11, 2017 (Docket Entry No. 11), which required her to cease telephoning and emailing Chambers and/or the United States Attorney's Office for the District of New Jersey.  The Court cautioned Ms. Radin that continued violations of the Court's Order(s) could result in her being held in contempt.  (*Id.*)

On January 3, 2018, the Court received emailed correspondence from the Government copied to Ms. Radin, enclosing copies of the discovery the Government provided to her.  On the same date, the Court also received a timely request to adjourn the Bench Trial scheduled for January 5, 2018 from Ms. Radin, which the Court granted.  (*See* Letter Order of 1/3/2018; Docket Entry No. 29).  Included with the adjournment request was also a request for discovery.  With respect to Ms. Radin's request for discovery, the Court directed that she file a motion to compel by February 20, 2018 and that the

2

Government respond to same by March 16, 2018. (*Id.*) The Court indicated that a new trial date would be set after a decision on the anticipated motion to compel was rendered. (*Id.*)

When no motion to compel was filed by February 20, 2018, the Government moved the Court requesting that the Bench Trial be reset. (Docket Entry No. 30). In response, Ms. Radin filed a letter stating, in short, that she was a crime victim and therefore had not been able to comply with the deadline for the filing of discovery motions. (Docket Entry No. 31). This submission also included demands for discovery. Additionally, on February 23, 2018, Ms. Radin filed the above referenced demand that judicial notice be taken of certain facts and request for a hearing pursuant to FRE 201. (Docket Entry No. 32). Ms. Radin's discovery demands and request for Judicial Notice are addressed below.

On February 23, 2018, the Court reset the Bench Trial for April 2, 2018 at 9:00 a.m. (Set Hearing Entry of 2/26/2018). However, because stand-by counsel was unavailable on April 2, 2018, the Bench Trial was rescheduled for April 12, 2018 at 9:00 a.m. (*See* Letter Order of 2/27/2018; Docket Entry No. 33). On March 1, 2018, the Bench Trial was again reset to commence on April 16, 2018 at 9:00 a.m. (*See* Letter Order of March 1, 2018; Docket Entry No. 34).

Since presiding over this case, the Court has received telephonic voicemail messages and emailed correspondence from Ms. Radin expressing that the Court is acting illegally and without authority. Most recently, this occurred in a voicemail message from Ms. Radin left on April 4, 2018 at 3:29 p.m. and in an email sent on April 10, 2018 at 9:12 a.m. Through her communications, Ms. Radin has expressed her belief that the Bench Trial set for April 16, 2018 at 9:00 a.m. is in contempt of Standing Order No. 15-2 entered on September 22, 2015. Ms. Radin's communications have the Court concerned that Ms. Radin does not intend to appear on April 16, 2018 at 9:00 a.m.

To be clear, the Bench Trial of this matter shall take place on **April 16, 2018 at 9:00 a.m.** Ms. Radin has had notice of the April 16, 2018 trial date since March 1, 2018. To the extent Ms. Radin believes that Standing Order No. 15-2 (attached hereto as Exhibit A) prevents the Bench Trial from

3

occurring on April 16, 2018, she is wrong.   By its own terms, Standing Order No. 15-2 applies only to felony cases:   "[I]t is the judgment of this Court that such a protocol for trial scheduling and discovery **should be implemented for all felony cases** in the District of New Jersey that are initiated on or after April 1, 2016."   (Emphasis added).   Ms. Radin is not accused of a felony.   Instead, she is charged with the petty offense of disorderly conduct on federal property in violation of 41 C.F.R. §102-74.390.   The United States Court of Appeals for the Third Circuit (the "Third Circuit") confirmed that the violation with which Ms. Radin is charged "constitutes a petty offense" and, as such, was "properly before the Magistrate Judge."   *In re: Lidya Maria Radin*, 704 Fed.Appx. 222, 223 (3d Cir. 2017).   As a result, Standing Order 15-2 does not apply to this case.   The Court likewise finds Ms. Radin's other objections to the April 16, 2018 trial date to be unmeritorious.

Again, the trial of this matter shall commence on **April 16, 2018 at 9:00 a.m.**.   The Court reminds Ms. Radin, as It had during her first appearance before this Court that a defendant's Sixth Amendment right to self-representation is not absolute.   *See Faretta v. California*, 422 U.S. 806, 835 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (holding that "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct.")   Ms. Radin is forewarned that "deliberate dilatory or obstructive behavior may operate in effect as a waiver of [her] *pro se* rights[,]" resulting in stand-by counsel being directed "to assume exclusive control of the defense."   *U.S. v. Dougherty*, 473 F.2d 1113, 1125 (D.C. Cir. 1972).   If Ms. Radin fails to comply with the Court's instructions during the trial, she may lose her right to self- representation. Given that a number of Ms. Radin's communications with the Court have been aggressive and borderline antagonistic, the Court finds such admonitions warranted.   While the Court anticipates that the trial of this matter shall proceed in an orderly fashion, the Court reminds the parties that disruptive and contumacious behavior shall not be tolerated.   The Court specifically advises Ms. Radin that she shall not be permitted by her behavior to obstruct the orderly progress of the trial of this matter.   *See Illinois*

4

*v. Allen*, 397 U.S. 337, 342-43, 90 S.Ct. 1057, 25 L.Ed.2d 353.   Should Ms. Radin's conduct become

disruptive, for example, by refusing to recognize the jurisdiction of this Court even after the Third

Circuit determined it existed, both her Sixth Amendment right to self-representation and her Sixth

Amendment right to be present at her own trial could be placed in jeopardy.

Indeed, if a *pro se* defendant persists in refusing to obey the Court's directions or in injecting

extraneous and irrelevant matter into the record, the Court may direct stand-by counsel to take over the

representation of the defendant.   *See, generally, United States v. Dougherty*, 473 F.2d 1113 (D.D.C.

1972); *United States v. Dujanovic*, 486 F.2d 182 (9th Cir. 1973); *United States v. Brock*, 159 F.3d 1077

(7th Cir. 1998).   Further, as stated by the Supreme Court in *Illinois v. Allen*, 397 U.S. at 343-44, "there

are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant

. . . (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the

courtroom until he promises to conduct himself properly."   While the Court does not expect any of

these actions to be necessary, Ms. Radin is on notice of same.   Equally as important, stand-by counsel is

on notice that should Ms. Radin's right to self-representation be revoked, stand-by counsel must be

prepared to try this matter on April 16, 2018.

Ms. Radin has already once delayed the trial of this matter by not appearing.   (*See* Minute Entry

of 12/7/2017; Docket Entry No. 20).   The Court shall not countenance another knowing failure to

appear.   *See Illinois v. Allen*, 397 U.S. 337, 343, 346, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (holding

that "trial judges confronted with . . . stubbornly defiant defendants must be given sufficient discretion

to meet the circumstances of each case" and noting that an accused cannot "be permitted by his

disruptive conduct indefinitely to avoid being tried on the charges brought against him [as] [i]t would

degrade our country and our judicial system to permit our courts to be bullied, insulted, and humiliated

and their orderly progress thwarted and obstructed by defendants brought before them charged with

crimes.")   In the event Ms. Radin fails to appear for trial, the Court may revoke her right to self-

representation and require stand-by counsel to assume exclusive control of the defense.   *U.S. v. Dougherty*, 473 F.2d at 1125.

Turning to the parties' discovery issues, the Court has inserted Its rulings directly into the request for discovery (Docket Entry No. 31) submitted by Ms. Radin.   These papers, with the Court's handwritten rulings are attached hereto as Exhibit B.   With respect to Ms. Radin's request for a FRE 201 hearing, that request is denied.   Further, the Court declines to take judicial notice of any of the 38 items presented by Ms. Radin. (Docket Entry No. 32).   During the trial, the Court will hear relevant testimony and accept relevant evidence regarding the violation with which Ms. Radin has been charged, including any relevant evidence Ms. Radin chooses to put forth.

As to the Government's motion to quash, the Court notes that the Government seeks to quash 12 subpoenas served by Ms. Radin.[2]   Ms. Radin has subpoenaed three sitting judges and one courtroom deputy from the District of New Jersey:   Honorable Tonianne J. Bongiovanni, U.S.M.J., Hon. Lois H. Goodman, U.S.M.J., Hon. Peter G. Sheridan, U.S.D.J., and Ivannya Fitzgerald; as well as eight current/former judges from federal courts in New York:   Hon. Robert [sic] Joseph Sullivan, U.S.D.J., S.D.N.Y., Hon. Colleen McMahon, U.S.D.J., Chief Judge, S.D.N.Y., Hon. Loretta Preska, U.S.D.J., Former Chief Judge, S.D.N.Y., Hon. Barbara Moses, U.S.M.J., S.D.N.Y., Hon. Robert A. Katzman, United States Circuit Judge, Chief Judge, United States Court of Appeals for the Second Circuit, Hon. Henry Pitman, U.S.M.J., S.D.N.Y., Hon. Debra Freeman, U.S.M.J., S.D.N.Y. and Hon. Andrew J. Peck, former U.S.M.J., S.D.N.Y.   The Court finds that the Government has standing to move to quash these subpoenas as the subpoenas at issue potentially infringe upon the Government's legitimate interests in preventing the undue lengthening of the trial of this matter and confusion of the issues to be tried.   *See United States v. Rigas*, No. 4:05-CR-402, 2011 WL 7077329, *2 (M.D.Pa. Oct. 31, 2011).   Further,

---

[2] The Court does not reach the question of whether the subpoenas at issue were served properly in accordance with Federal Rule of Criminal Procedure ("Rule") 17(d).

even if the Government's standing was in question, the Court would have the "inherent authority" to address the subpoenas upon a determination that they abused the Rule 17 process. *See United States v. Wecht*, Criminal No. 06-0026, 2008 WL 250549, *3 (W.D.Pa. Jan. 30, 2008) (finding that "defective trial subpoenas that abuse the Rule 17 process and alter the terms of this Court's subpoenas are within the inherent authority of the Court to correct.")

Rule 17(c) governs the Government's motion to quash.  Pursuant to Rule 17(c)(2), "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."  "Decisions regarding the quashing or modification of [R]ule 17 subpoenas are committed to the sound discretion of the Court." *U.S. v. Cuthbertson*, 630 F.2d 139, 145 (3d Cir. 1980). Importantly, subpoenas in criminal cases are not meant to provide a means of discovery. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879 (1951).  Instead, Rule 17(c)'s "chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *Id.*  Thus, before the Court will require subpoenaed information to be produced in advance of trial, the person seeking to enforce a Rule 17(c) subpoena must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699-700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).  In other words the subpoenaing party must establish the (1) relevancy; (2) admissibility; and (3) specificity of the subpoenaed information. *Id.* at 700.

Further, when subpoenas are served on judges, even greater scrutiny is required.  This is because, "[t]he decision making process of a judge is usually not a discoverable matter." *Ciarlone v. City of Reading*, 236 F.R.D. 198, 202 (E.D.Pa. 2009) (citing *United States v. Morgan*, 313 U.S. 409,

7

422, 61 S.Ct. 999, 85 .Ed. 1429 (1941)).   Thus, "[t]he general rule is that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties."   *Id.* (citing *U.S. v. Roebuck*, 271 F.Supp.2d 712, 718 (D.V.I. 2003) (citations omitted)).   Nevertheless, a judge may be subpoenaed regarding "'relevant matters of fact [but only] so long as the factually based questions do not probe into the mental processes employed in formulating the judgment in question.'"   *Id.* (quoting *Roebuck*, 271 F.Supp.2d at 719).   Further, "a judge may only be required to testify if he (1) possess factual knowledge, (2) that knowledge is highly pertinent to the [factfinder's] task, and (3) is the only possible source of testimony on the relevant factual information."   *Id.* at 205.

  The Court first turns to the 8 subpoenas issued to the current/former judges from the Southern District of New York and United States Court of Appeals for the Second Circuit.   All 8 subpoenas are quashed as none seek information that is relevant to this case.   Information related to the prosecution of Ms. Radin in New York from January 28, 2016 to August 3, 2016 is neither evidentiary nor relevant to this proceeding, which addresses the limited question of whether Ms. Radin exhibited disorderly conduct in the Trenton federal courthouse on August 10, 2017 in violation of 41 C.F.R. § 102-74.390 and whether the regulations prohibiting such conduct were posted "in a conspicuous place" as required by 40 U.S.C. § 1315(c) and 41 C.F.R. § 102-74.365.   As a result, the subpoenas fail the first prong of the *Nixon* test and the Court examines them no further.   The subpoenas served on the 8 current/former federal judges from New York, namely, Hon. Robert [sic] Joseph Sullivan, U.S.D.J., S.D.N.Y., Hon. Colleen McMahon, U.S.D.J., Chief Judge, S.D.N.Y., Hon. Loretta Preska, U.S.D.J., Former Chief Judge, S.D.N.Y., Hon. Barbara Moses, U.S.M.J., S.D.N.Y., Hon. Robert A. Katzman, United States Circuit Judge, Chief Judge, United States Court of Appeals for the Second Circuit, Hon. Henry Pitman, U.S.M.J., S.D.N.Y., Hon. Debra Freeman, U.S.M.J., S.D.N.Y. and Hon. Andrew J. Peck, former U.S.M.J., S.D.N.Y., are hereby quashed under Rule 17(c)(2).

As to the subpoenas addressed to the undersigned, Hon. Lois H. Goodman and Ivannya Fitzgerald, these subpoenas are also quashed as they fail to seek relevant information.   These subpoenas seek information regarding the propriety of the charge brought against Ms. Radin that is the subject of this case.   The Third Circuit already determined that the case is properly before the Court.   *In re: Lidya Maria Radin*, 704 Fed.Appx. at 223 (finding that the case appears to be "properly before the Magistrate Judge").   The Court's jurisdiction or how these proceedings were instituted against Ms. Radin are not at issue.   Further, the government has agreed to stipulate to the fact that a warrant was not issued and that Ms. Radin was not immediately brought before a Magistrate Judge.   Under these circumstances, the first prong of the *Nixon* test has not been met.   Nor has the second or third.   The Court also finds that the subpoenas issued to the undersigned and Hon. Lois H. Goodman are objectionable because in seeking testimony "for the purpose of showing that the prosecutors simulated a legal process, a crime, by design[,]" they explicitly seek discovery of the mental processes used by the judges in formulating their official judgments as well as the reasons that motivated the judges in the performance of their official duties.[3]   *See Ciarlone*, 236 F.R.D. at 102.   As a result, the aforementioned subpoenas are quashed pursuant to Rule 17(c)(2).

Lastly, with respect to the subpoena addressed to Hon. Peter G. Sheridan, the Court notes that the subpoena seeks "any and all Orders from you, if any, to Keith Holland and/or the U.S. Marshal Service and/or their agents wherein you order Keith Holland to 'advise' Radin of 'the building rules and regulations' on August 10, 2017" as well as testimony "for the purpose of laying a foundation to impeach Keith Holland's excuse that Holland was doing your job for you[.]"   Ms. Radin states that the

---

[3] The Court notes that Ms. Radin seeks to disqualify the undersigned from presiding as the Judge on this case, in part because she will be calling me as a witness.   As just explained, Ms. Radin's subpoena to the undersigned has been quashed pursuant to Rule 17(c)(2).   The undersigned shall not be a witness in this matter.   Further, Ms. Radin's other grounds for disqualification – such as I am in a rush to judgment – are unavailing.   As a result, her request for disqualification or that I recuse myself is denied.

testimony is not available from any other source.   The Court finds that the testimony Ms. Radin seeks to

compel inappropriately involves information surrounding Hon. Peter G. Sheridan's conduct during

official proceedings, specifically, the *Burg* matter, *United States v. Burg*, Criminal No. 15-386 (D.N.J.),

and, as such, is not discoverable.   *See Ciarlone*, 236 F.R.D. at 102.   Further, any Orders issued by Hon.

Peter G. Sheridan would be a matter of public record and would be available from another source.   Ms.

Radin was and remains free to procure them to the extent they exist.   As a result, even assuming that a

relevant Order exists, the second prong of the *Nixon* test is not met.   Pursuant to Rule 17(c)(2), the

Court, therefore, quashes the subpoena addressed to the Hon. Peter G. Sheridan.

The Bench Trial in this matter shall take place on **April 16, 2018 at 9:00 a.m.**   It has not been

adjourned.   The Government, Ms. Radin, and her stand-by counsel are expected to appear in person

before the undersigned on April 16, 2018 at 9:00 a.m. prepared to try this matter.   To the extent any of

Ms. Radin's recent correspondence serves as a request to adjourn the Bench Trial, that request is

DENIED.   This matter shall be tried on April 16, 2018.   In the event Ms. Radin fails to appear, a

warrant for her arrest shall be issued.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT CONSISTENT WITH THE COURT'S ORDER OF NOVEMBER 17, 2017 [DOCKET ENTRY NO. 11], THIS LETTER ORDER SHALL BE SENT TO MS. RADIN BY BOTH EMAIL AND REGULAR MAIL.**

**IT IS FURTHER ORDERED THAT STAND-BY COUNSEL, WHO IS AN ELECTRONIC FILER, PROVIDE A COPY OF THIS ORDER TO MS. RADIN.**

_____ s/ Tonianne J. Bongiovanni _____
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

In Re                            :

Criminal Trial Scheduling        :        STANDING ORDER NO. **15-2**

And Discovery                    :


The Court having considered a revised protocol for scheduling in criminal cases; and the Court acknowledging that these revisions are the product of commendable and extensive consultation among the United States Attorney's Office, the Federal Public Defender, the Criminal Justice Act Panelists, other members of the defense bar, and the judiciary; and the Court having found that this protocol is likely to (1) promote the efficient use of resources of the Court, defense counsel, and the Government; (2) encourage broad discovery by both the Government and the defense; (3) provide the parties with a reasonable time within which to exchange discovery, engage in motion practice, and prepare for trial; and (4) protect the Speedy Trial interests of defendants and the public, it is the judgment of this Court that such a protocol for trial scheduling and discovery should be implemented for all felony cases in the District of New Jersey that are initiated on or after April 1, 2016.

It is, therefore, on this day ___22___ of **September, 2015, ORDERED** as follows:


### THE ARRAIGNMENT, DISCOVERY, AND MOTION PRACTICE

#### The Arraignment

1.      The arraignment shall be held within a reasonable time after indictment.

2.      Prior to arraignment, the parties shall meet and confer. At this time, the Government shall advise defense counsel of the general nature and extent of the discovery that will likely be provided in the case. Thereafter, the parties shall attempt to agree on a proposed schedule for the exchange of discovery and a schedule for pretrial motions under Rule 12 of the Federal Rules of Criminal Procedure and Rule 41(g) of those Rules.

3.     In cases that do not require extensive discovery, the parties shall propose to the Court a schedule for the exchange of Rule 16 discovery and a schedule for pretrial motions following the completion of discovery. (A sample form of Order for use in such cases is Exhibit 1 to this Standing Order, attached).

4.     In cases that will require more extensive discovery, the parties shall propose a discovery schedule and order that takes into account the nature and extent of the discovery in the case, including circumstances that may delay the completion of discovery. In some cases, for example, it may be appropriate to schedule the production of discovery in stages. In all such cases, however, the order proposed by the parties shall provide for at least one status conference (either in person or by telephone) at which the Court will assess the progress of discovery and determine whether a schedule for pretrial motions should be set or whether another conference, or conferences, should be scheduled prior to setting a schedule for pretrial motions. (A sample form of Order for use in such cases is Exhibit 2 to this Standing Order, attached.)

5.     The parties shall provide their proposed scheduling order to the Court prior to arraignment. That proposed scheduling order will be discussed, modified if deemed necessary by the Court, and entered at the arraignment.

6.     If the parties cannot agree on the details of a proposed scheduling order prior to arraignment, each party shall submit a proposed order along with any justification. After hearing the parties at the arraignment, the Court will enter an appropriate scheduling order.

7.     In cases in which there is no counsel for the defendant prior to arraignment, or if counsel changes at arraignment, the Court shall direct the parties to take the above actions within two weeks following the arraignment. If the parties cannot reach an agreement with regard to scheduling, the parties shall submit their respective proposed scheduling orders within two weeks following the arraignment. The Court should thereafter hold a brief conference (in person or by telephone) to set the schedule and enter the appropriate order. (A sample form of Order for use in such cases is Exhibit 3 to this Standing Order, attached.)

8.     If the parties agree that the ends of justice would be served by holding the trial more than 70 days after the indictment or arraignment, the parties should also propose an order excluding time for purposes of the Speedy Trial Act. (Sample forms of order for use in such cases are Exhibits 4 and 5 to this Standing Order, attached.)

2

## The Discovery Period and Non Binding Goals of Discovery

9.     The Federal Rules of Criminal Procedure and federal case law prescribe the discovery that must be provided by the Government and the defense. The goal of this scheduling protocol, however, is to encourage    but not require    both the Government and the defense to provide discovery beyond that which is required by law, as discussed below.

10.     In appropriate cases, the Government should describe for the defendant and counsel the nature of the Government=s evidence and should consider disclosing some Jencks material that could assist the defense in evaluating the case.

11.     The defense should consider advising the Government of what may constitute Brady material in the case and the reasons for that position. In appropriate cases, the defense should also consider describing for the Government its defense in sufficient detail so that the Government can better assess what material may fall within the ambit of Brady. This should be done as early in the discovery period as possible.

12.     Both parties should consider entering into an agreement to provide more information about witness statements and impeachment material than that required by law and to provide that information in advance of the time required by law.

13.     Upon such an agreement, the Government should provide to the defense, prior to the final pretrial conference, the Jencks and Giglio material for its witnesses. If no such material exists for a witness, the Government should also consider advising the defense of the general substance of the witness's anticipated testimony.

14.     Upon such an agreement and the Government's early disclosure of witness material as described in the preceding paragraph, the defense should provide reverse Jencks and impeachment material for its witnesses and, if no such material exists for a witness, should advise the Government of the general substance of the witness's anticipated testimony. This should be done as close to the final pretrial conference as possible and, in any event, well before the start of trial.

15.     These discovery goals will not create any rights or obligations beyond those rights and obligations already existing under federal law. Moreover, when either the Government or the defense discloses the general

3

substance of anticipated testimony because there is no Jencks material, the party receiving this information will agree not to seek to (1) use such a summary as an admission of a party opponent; or (2) admit such a summary as a prior inconsistent statement pursuant to Rule 613(b) of the Federal Rules of Evidence.

16.   In all cases, regardless of complexity, the parties should advise the Court of discovery issues as early as possible so that the Court can determine whether to hold an additional conference to attempt to resolve them prior to the conclusion of the discovery period and without the necessity of formal motion practice.

THE FINAL PRETRIAL CONFERENCE

17.   No sooner than two weeks following the disposition of pretrial motions, the Court shall, in consultation with the parties, schedule a final pretrial conference.

18.   At the pretrial conference, the parties shall advise the Court whether the case should be set for trial. The Court, in appropriate cases, may wish to conduct a Frye inquiry to ensure that the defendant has been made aware of all Government plea offers and has rejected them. (A sample Frye inquiry is Exhibit 6 to this Standing Order, attached.)

19.   If the parties have informed the Court that the case should be set for trial, the Court, in consultation with counsel, shall set a schedule providing for at least the following:

exchange of pre marked exhibits by the Government and the defense;

production of *Jencks* and *Giglio* material by the Government;

production of reverse *Jencks* and impeachment material by the defense;

production of Rule 404(b) material by the Government;

production of reverse Rule 404(b) material by the defense;

objections to the authenticity of exhibits, the chain of custody of exhibits, and the scientific analysis of exhibits;

4

briefing of evidentiary motions;
submission of voir dire requests;

submission of requests to charge;

jury selection; and

trial.

20.    Regardless of the date set for the submission of a complete set of
requests to charge, the Court shall require the submission of all requests to
charge concerning the elements of the offense prior to trial and shall endeavor
to resolve any disputes concerning such requests prior to trial. (A sample form
of order to be entered at the final pretrial conference is Exhibit 7 to this
Standing Order, attached.)

21.    Because the ends of justice require that the parties be provided a
sufficient opportunity to effectively prepare for trial following the decision on
pretrial motions and the final pretrial conference, trial in all cases shall be no
earlier than 45 days following the final pretrial conference unless all parties
agree that a shorter period of time is reasonable in the circumstances of the
case. Depending on the size or complexity of the case, a period of longer than
45 days may be appropriate. If appropriate, a Speedy Trial Act continuance
order should be entered. (A sample form of Order for use in such cases is
Exhibit 8 to this Standing Order, attached.)

FOR THE COURT:

Honorable Jerome B. Simandle, Chief Judge
United States District Court for the
District of New Jersey

5

**EXHIBIT 1**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. |
| vs. | **SCHEDULING ORDER** |
| [Defendant's Name] | |

This matter having come before the Court for arraignment; and the United States being represented by Paul J. Fishman, United States Attorney for the District of New Jersey (by _____, Assistant U.S. Attorney, appearing); and the Defendant being represented by _____; and the parties having met and conferred prior to arraignment and having determined that this matter may be treated as a criminal case that does not require extensive discovery within the meaning of paragraph 3 of this Court's Standing Order for Criminal Trial Scheduling and Discovery; and the parties having agreed on a schedule for the exchange of discovery and the filing and argument of pretrial motions; and the Court having accepted such schedule, and for good cause shown,

It is on this ___ day of ___, 20__, ORDERED that:

1. The Government shall provide all discovery required by Federal Rule of Criminal Procedure 16(a)(1) on or before _____.

2. The Government shall provide exculpatory evidence, within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, on or before _____. Exculpatory evidence that becomes known to the Government after that date shall be disclosed reasonably promptly after becoming known to the Government.

3. If there is more than one defendant named in the indictment, and if the Government intends to introduce into evidence in its case-in-chief a confession made to law enforcement authorities by one defendant that names or makes mention of a co-defendant, a copy of that statement or confession shall be disclosed by the Government on or before

_____. The Government shall provide a proposed redaction to that statement to conform with the requirements of *Bruton v. United States*, 391 U.S. 123 (1968) and its progeny, on or before

_____.

4. The Defendant shall provide all discovery required by Federal Rule of Criminal Procedure 16(b)(1) on or before _____.

5. The Defendant shall provide any and all notices required by Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3 on or before

_____.

6. The following shall be the schedule for pretrial motions in this matter:

a)  The Defendant shall file any and all pretrial motions, pursuant to Federal Rules of Criminal Procedure 12(b) and 41(h), in the manner set forth in L. Civ. R. 7.1, on or before _____;

b)  The Government shall file any response to the Defendant's pretrial motions on or before _____;

c)  The Defendant shall file any reply on or before _____;

d)  Oral argument on pretrial motions shall be held on _____ at ____ a.m./p.m..

_____
Honorable
United States District Judge

**EXHIBIT 2**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

vs.

[Defendant's Name]

Criminal No.

<u>SCHEDULING ORDER</u>

This matter having come before the Court for arraignment; and the United States being represented by Paul J. Fishman, United States Attorney for the District of New Jersey (by _____, Assistant U.S. Attorney, appearing); and the Defendant being represented by _____; and the parties having met and conferred prior to arraignment and having determined that this matter may be treated as a criminal case that requires extensive discovery within the meaning of paragraph 4 of this Court's Standing Order for Criminal Trial Scheduling and Discovery; and the parties having agreed on a schedule for the initial exchange of discovery; and the Court having accepted such schedule, and for good cause shown,

It is on this ___ day of ___, 20__, ORDERED that:

1. The Government shall provide any oral, written or recorded statement of the Defendant or, in the case of an organizational defendant, of any person who is legally able to bind the Defendant because of that person's position as a

director, officer, employee or agent of the Defendant on or before

_____.

2.  The Government shall provide exculpatory evidence, within the

meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, on or before

_____.  Exculpatory evidence that becomes known to the

Government after that date shall be disclosed reasonably promptly after

becoming known to the Government.

3.  If there is more than one defendant named in the indictment, and if

the Government intends to introduce into evidence in its case-in-chief a

confession made to law enforcement authorities by one defendant that names or

makes mention of a co-defendant, a copy of that statement or confession shall

be disclosed by the Government on or before _____.   The

Government shall provide a proposed redaction to that statement to conform

with the requirements of *Bruton v. United States*, 391 U.S. 123 (1968) and its

progeny, on or before _____.

4. [The parties should make a good faith attempt to establish a

reasonable schedule for the remainder of discovery required by Federal Rule of

Criminal Procedure 16(a)(1), and to set forth that schedule in this paragraph.]

5. The defendant shall provide any and all notices required by Federal

Rules of Criminal Procedure 12.1, 12.2, and 12.3 on or before

_____.

6. [The parties should make a good faith attempt to establish a reasonable schedule for the remainder of discovery required by Federal Rule of Criminal Procedure 16(b)(1), and to set forth that schedule in this paragraph.]

7. A status conference shall be held on _____, at _____ a.m./p.m., in order to assess the progress of discovery; to determine a schedule for the production of additional discovery if necessary; to consider any discovery disputes if necessary; to set or consider setting a schedule for the next status conference in this matter; and to set or consider setting a schedule for pretrial motions if a date for the completion of discovery can be determined.


_____
Honorable
United States District Judge

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

vs.

[Defendant's Name]

Criminal No.

<u>SCHEDULING ORDER</u>

This matter having come before the Court for arraignment; and the United States being represented by Paul J. Fishman, Unites States Attorney for the District of New Jersey (by _____, Assistant U.S. Attorney, appearing); and the Defendant being represented by _____; and the parties not having had sufficient time to meet and confer with regard to a schedule for discovery and inspection and for pretrial motions because defense counsel has just been retained/appointed; and for good cause shown,

It is on this _____ day of _____, 20____, hereby ORDERED that:

1. Within two weeks from the date of this Order, that is, on or before _____, the Government and the Defendant shall take the actions described in paragraphs 2 through 6 of the Court's Standing Order for Criminal Trial Scheduling and Discovery; and

2. A status conference shall be held on _____, at

_____ a.m./p.m., in order for the Court to confer with counsel and to

enter an appropriate Scheduling Order.


_____
Honorable
United States District Judge

**EXHIBIT 4**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. |
| vs. | <u>ORDER FOR CONTINUANCE</u> |
| [Defendant's Name] | |

This matter having come before the Court on the joint application of the United States, by Paul J. Fishman, United States Attorney for the District of New Jersey (_____ Assistant U.S. Attorney, appearing), and defendant _____ (_____, Esq., appearing), for an order granting a continuance of proceedings in the above-captioned matter; and the defendant being aware that he has the right to have this matter brought to trial within 70 days of the date of his appearance before a judicial officer of this court pursuant to 18 U.S.C. § 3161(c)(1); and the defendant having consented to such continuance and having waived such right; and for good cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. The failure to grant a continuance would deny counsel for the defendant and counsel for the Government the reasonable time necessary for

effective preparation for trial, taking into account the exercise of due diligence.

    2.   As a result of the foregoing, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv), the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

    IT IS, therefore, on this _____ day of _____, 20____,

    ORDERED that this action be, and hereby is, continued until _____, 20____; and it is further

    ORDERED that the period from the date of this order through _____, 20____ be and it hereby is excluded in computing time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*


                    _____
                    Honorable
                    United States District Judge

Consented to as to form and entry:


_____

Assistant U.S. Attorney


_____

Counsel for defendant

**EXHIBIT 5**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. |
| vs. | ORDER FOR CONTINUANCE |
| [Defendant's Name] | |

      This matter having come before the Court on the joint application of the United States, by Paul J. Fishman, United States Attorney for the District of New Jersey (_____ Assistant U.S. Attorney, appearing), and defendant _____ (_____, Esq., appearing),  for an order granting a continuance of proceedings in the above-captioned matter; and the defendant being aware that he has the right to have this matter brought to trial within 70 days of the date of his appearance before a judicial officer of this court pursuant to 18 U.S.C. § 3161(c)(1); and the defendant having consented to such continuance and having waived such right; and for good cause shown,

      IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

      1.    This case is an unusual or complex case within the meaning of the

Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), in light of [**REVISE AS APPROPRIATE:** the number of defendants, the nature of the prosecution, and/or the existence of novel questions of fact or law] such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within 70 days.

2.  The discovery in the case is expected to be voluminous, consisting of, among other things, _____, and additional time is necessary to ensure that, taking into account the exercise of diligence, defense counsel have sufficient time to review and inspect discovery and further investigate the charges in this matter.

3.   As a result of the foregoing, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(ii) and (iv), the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS, therefore, on this _____ day of _____, 20____,

(1)     ORDERED that this action be, and hereby is, continued until _____, 20___; and it is further

(2)     ORDERED that the period from the date of this order through

_____, 20____ be and it hereby is excluded in computing

time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*


_____
Honorable
United States District Judge


Consented to as to form and entry:


_____

Assistant U.S. Attorney


_____

Counsel for defendant

**EXHIBIT 6**

<u>SAMPLE *FRYE* COLLOQUY – ONE PLEA OFFER</u>

1. Did you receive a proposed plea agreement dated [DATE]?

2. Did you provide a copy of that proposed plea agreement to your client?

3. Did you review the proposed plea agreement with your client [if applicable: prior to the expiration date of the plea offer]?

4. Did your client reject the proposed plea agreement?

If defense counsel answers "yes" to all of those questions, and if defense counsel agrees to the Court questioning the defendant, the Court should address the defendant as follows:

I am going to ask you some questions. Do not disclose any communications with your attorney. Do not tell me the terms of any plea offer made by the Government. The Court is not involved in any plea negotiations, and it has no opinion regarding your decision whether to plead guilty or proceed to trial. The decision whether to accept or reject the proposed plea agreement is exclusively yours to make, but you should make that decision in consultation with your attorney. When I ask you these questions, please give me a yes or no answer to each question – nothing more.

1. Do you understand what I have just told you?

2. Did you receive the proposed plea agreement dated [DATE]?

3. Did you have an opportunity to consult with your attorney about that proposed plea agreement?

4. Did you, in fact, reject the proposed plea agreement?

<u>SAMPLE *FRYE* COLLOQUY- MULTIPLE PLEA OFFERS</u>

1. Did you receive the proposed plea agreements dated [DATES]?

2. Did you provide a copy of each of those proposed plea agreements to your client?

3. Did you review each of the proposed plea agreements with your client [if applicable: prior to the expiration date of the plea offer]?

4. Did your client reject each of the proposed plea agreements?

If defense counsel answers "yes" to all of those questions, the Government suggests that the Court address the defendant as follows:

I am going to ask you some questions. Do not disclose any communications with your attorney. Do not tell me the terms of any plea offer made by the Government. The Court is not involved in any plea negotiations, and it has no opinion regarding your decision whether to plead guilty or proceed to trial. The decision whether to accept or reject any of the proposed plea agreements is exclusively yours to make, but you should make that decision in consultation with your attorney. When I ask you these questions, please give me a yes or no answer to each question – nothing more.

1. Do you understand what I have just told you?

2. Did you receive each of the proposed plea agreements dated [DATES]?

3. Did you have an opportunity to consult with your attorney about each of the proposed plea agreements?

4. Did you, in fact, reject each of the proposed plea agreements?

**EXHIBIT 7**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

vs.

[Defendant's Name]

Criminal No.

<u>SCHEDULING ORDER</u>

 

This matter having come before the Court for a final pretrial conference; and the United States being represented by Paul J. Fishman, United States Attorney for the District of New Jersey (by _____, Assistant U.S. Attorney, appearing); and the defendant being represented by _____; and the Court having determined that this matter should be scheduled for trial; and for good cause shown,

It is on this _____ day of _____, 20___, ORDERED that:

1. The Government shall provide its pre-marked exhibits on or before _____.

    a) The authenticity and chain of custody of the Government's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 1(c).

b)  If the Government discloses the scientific analysis of an exhibit that it proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 1(c).

c)  If the defendant wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the defendant shall file, on or before _____, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

2.  The Defendant shall provide its pre-marked exhibits on or before _____.

a)  The authenticity and chain of custody of the Defendant's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 2(c).

b)  If the Defendant discloses the scientific analysis of an exhibit that the Defendant proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have

been accepted unless an objection is asserted in the form set forth in
paragraph 2(c).

      c)  If the Government wishes to contest the authenticity, chain
of custody, or scientific analysis of an exhibit, counsel for the
Government shall file, on or before _____, a notice that
the authenticity,  chain of custody, and/or scientific analysis of the
exhibit will be contested at trial together with a statement delineating
why the authenticity, chain of custody, and/or scientific analysis of the
exhibit is being challenged and a certification that the challenge is being
made in good faith.

      3.  The Government shall provide all material to be disclosed under
<u>Giglio v. United States</u>, 405 U.S. 150 (1972), and its progeny, on or
before _____ and shall, if it agrees to do so, provide any
material to be provided under the Jencks Act, 18 U.S.C. §3500, on or
before the same date.

      4.  The Defendant, if he/she agrees to do so, shall produce all
"reverse Jencks" that is required to be disclosed under Federal Rule of
Criminal Procedure 26.2 on or before _____.

      5.  If the Government intends to offer any Rule 404(b) evidence, the
Government shall provide notice of this evidence in the form delineated
in Federal Rule of Evidence 404(b)(2)(A) on or before

_____.

6.  If the defendant intends to offer any "reverse Rule 404(b)" evidence, the defendant shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A) on or before on or before _____.

7. The parties shall file any in limine motions, addressed to the admissibility of evidence, on or before _____; responses to such motions may be filed on or before _____; replies, if any, may be filed on or before _____; and oral argument on such motions shall be held on _____ at _____ a.m./p.m..

8. The parties shall file any *voir dire* requests on or before

_____.

9. The Government shall file any requests to charge addressed to (a) preliminary instructions to the jury, and (b) the elements of the offenses at issue, on or before _____.

10. The Defendant shall file any requests to charge addressed to (a) preliminary instructions to the jury, and (b) the elements of the offenses at issue, on or before _____.

11. The parties shall file all other requests to charge on or before

_____.

12. Jury selection shall commence on _____, at

_____ a.m..

13. Trial shall commence on _____, at _____ a.m..


_____
Honorable
United States District Judge

**EXHIBIT 8**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. |
| vs. | <u>ORDER FOR CONTINUANCE</u> |
| [Defendant's Name] | |

This matter having come before the Court on the joint application of the United States, by Paul J. Fishman, United States Attorney for the District of New Jersey (_____ Assistant U.S. Attorney, appearing), and defendant _____ (_____, Esq., appearing), for an order granting a continuance of proceedings in the above-captioned matter in order to allow the parties to fully prepare for trial following the final pretrial conference; and the defendant being aware that he otherwise has the right to have this matter brought to trial within 70 days of the date of his appearance before a judicial officer of this court pursuant to 18 U.S.C. § 3161(c)(1), not including time that has been excluded from computation pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*; and the defendant having consented to such continuance and having waived such right, and for good cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1.      The parties require additional time to complete pretrial discovery, including the exchange of exhibits, and to file appropriate pretrial motions, voir dire requests, and proposed jury instructions, and to otherwise prepare for trial.

2.      The grant of a continuance will ensure that, taking into account the exercise of due diligence, counsel, including defense counsel, have sufficient time to complete these activities, including preparing for trial.

3.      As a result of the foregoing, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv), the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS, therefore, on this _____ day of _____, 20____,

(1)      ORDERED that this action be, and hereby is, continued until _____, 20____; and it is further

(2)      ORDERED that the period from the date of this order through _____, 20____ be and it hereby is excluded in computing time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*


_____
Honorable
United States District Judge

Consented to as to form and entry:

_____

Assistant U.S. Attorney

_____

Counsel for defendant

# EXHIBIT B

Lidya Maria Radin
c/o Friendly
203 W. 107th Street, #8-A
New York, New York 10025
Telephone: 516-445-4390

23-February-2018

*ORIGINAL for*
*SCANNING &*
*filing (LR)*

Magistrate Tonianne J. Bongiovanni
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 6052; courtroom: 6E
Trenton, New Jersey 08608
Telephone: 609-989-2040

**RE:** **AUSA Gribko's February 21, 2018 letter/Motion/ plus initial discovery demands.**
USA v. RADIN, docket No: 3-17-mj-04519 (LR)

Magistrate Bongiovanni:

-- I am responding, briefly, to an email that, apparently, you sent to Me on February 21, 2018.

--Again, I am not authorized to receive notifications through email or ECF.  Court personnel are aware of this.

--On February 21, 2018, I understand that AUSA R. Joseph Gribko made some sort of letter/Motion in connection with a missed February 20, 2018, deadline.

--I have not been served properly by mail with Mr. Gribko's letter/motion, as yet.

--Apparently, AUSA Gribko whined and complained that I did not meet a February 20, 2018 deadline; yet, before Mr. Gribko complained, I regret to report that Mr. Gribko did not do Me the courtesy, as he is required to do as part of his due diligence, to reach out to Me, a physically disabled woman, with a simple phone call to find out what went wrong, and to see if there were circumstances beyond my control, and if we could come to some mutual agreement, before Mr. Gribko whined and complained to this Court and you.

**--Issue # 1:**  I regret to report that I am a crime victim in New York, and that as a result of the crimes that were inflicted upon Me by an illegal alien, Mr. Makan Nzomo, I was precluded from complying with your February 20, 2018 deadline.

*the Court will address the substance of*
*the requests*

**4th amendment violation**

--As it turns out, I was arrested unlawfully in New York on December 10, 2017, without a warrant, without sworn statements from the so-called complaining witness, an illegal alien, Mr. Makan Nzomo, without a police officer witnessing any conduct on my part, based only on

unsworn, hearsay allegations by Mr. Nzomo and under circumstances that evidence a 4th amendment violation by the Manhattan District Attorney that is similar to the 4th amendment violation evidenced in this case on August 10, 2017.

**Some details of Mr. Nzomo's criminality**

Mr. Nzomo came to America from Kenya on a student-visitor visa to a state university in Iowa about 10 to 12 years ago.

Mr. Nzomo overstayed his student-visitor visa about 10 years ago.

At all times, the intention of those who receive student-visitor visas is supposed to be to acquire new knowledge in America and, then, to return to their native countries to apply their new knowledge. If things did not work out in America before Mr. Nzomo completed his studies, then, Mr. Nzomo should have returned home. The fact that Mr. Nzomo stayed in America, when his intention, at all times, was supposed to be to return home, demonstrates that Mr. Nzomo acquired his student-visitor visa through fraud, as a pretext to gain entry into America. Mr. Nzomo further demonstrated his criminal intent by staying in America for over 10 years instead of returning to his home country.

Instead of leaving America and returning to his home in Kenya when his student-visitor visa expired, Mr. Nzomo moved from Iowa to Madison, Wisconsin. Mr. Nzomo did not inform U.S. Customs and Immigration of his change of address, a crime. Mr. Nzomo travelled in and around Madison, Wisconsin, again, without informing U.S. Customs and Immigration of his changes of address, more crimes. Mr. Nzomo moved from Madison, Wisconsin to New York City, again, without informing U.S. Customs and Immigration of his change of address, a crime.

Because Mr. Nzomo's student-visitor visa expired over 10 years ago, by operation of law, Mr. Nzomo cannot change his status from a student-visitor visa to a work permit inside America. By operation of law, Mr. Nzomo was required to exit America and from outside of America re-apply for a work permit. Mr. Nzomo did not do this. Without a work permit, Mr. Nzomo purports to run "businesses" in America. While working and running "businesses" unlawfully, Mr. Nzomo did not re-pay his federal student loans. The truth is Mr. Nzomo buys, uses, and distributes illicit drugs.

In addition to his other crimes, Mr. Nzomo harassed Me as I was facing deadlines in this federal case, albeit that this federal case is without jurisdiction and without authority. The local police did an investigation, and found, for example, in August 2017, that Mr. Nzomo made a false police report against Me, warned Mr. Nzomo that making a false police report is a crime, and warned Mr. Nzomo to stay away from Me. Undeterred, Mr. Nzomo continued to harass Me, a physically disabled woman with spinal injuries, with a potentially life-ending medical condition. I am supposed to be protected by law enforcement, not harassed by an outlaw, illegal alien, Mr. Nzomo.

--In connection with false assault allegations in New York that AUSA Gribko mentions in his complaint to this Court, Mr. Nzomo is an outlaw who has no credibility.

**A mandatory hearing pursuant to taking Judicial Notice of the records of this Court, Federal Rules of Evidence, Rule 201.** *Denied – Evidence to be presented at Trial*

--In connection with the February 20, 2018 deadline, there is no reason for AUSA Gribko to continue to defraud the United States in this malicious prosecution against Me.

--As well as I could, given that I am a crime victim, dispossessed of my home without due process, and in addition to other paperwork, I diligently prepared a **Request to take Judicial Notice of the records in your own court, enclosed,** because the records in this Court show the prosecutor's witnesses have no credibility: Keith Holland, Colin L. Mitchell, and Lourdes Timberman broke the law. Because Holland, Mitchell, and Timberman broke the law, they, and everyone involved in the unwarranted assault on Me on August 10, 2017 in your Courthouse, have no credibility. A hearing is mandatory when requested by a party, Me, pursuant to the Federal Rules of Evidence, Rule 201, judicial notice.

--As I am supposed to do, I contacted my adversary, AUSA Gribko, to obtain a mutually agreeable date for this mandatory hearing. I regret to report that AUSA Gribko obstructed justice by refusing to provide a hearing date, and transferred my phone call to Special Agent James. Apparently, Special Agent James tried to threaten Me based on my doing what is required of Me in litigation.

*Denied - Lacks Relevance*

**--In addition, please take Judicial Notice, Federal Rules of Evidence, Rule 201, of federal district court Judge Navarro's ruling in the Bundy case that because the DOJ did not provide sufficient discovery to the Bundys a mistrial was declared and the case/convictions against the Bundys was dismissed with prejudice.**

**--And, please take Judicial Notice, Federal Rules of Evidence, Rule 201, of federal district court Judge John C. Coughenour's rulings in a petty offense, Central Violations federal ticket case against criminal defense attorney Marcus Mumford that Mumford's defense attorneys did not have to be burdened with making Motions to Compel discovery and that Judge Coughenour did not have to be burdened with making Orders to Compel discovery. As per Judge Coughenour: the prosecutor knows his job, he should do it.**

**--Issue # 2:** Take Judicial Notice that there is no summons and no arrest warrant filed in this case that lead to my being brought by force to federal district court in Trenton, New Jersey on 12/12/2017. I demand to see an arrest warrant and the sworn statements on which it is supposed to be based. *Denied Evidence to be presented at Trial*

There is no arrest warrant filed in this case, and no arrest warrant was provided to Me.

CVO/USDC OF NJ
EB 23 '18 PM5:27

**--Issue # 3:** The remedy that is supposed to be provided to Me in connection with prosecutor Gribko's ex-parte communications is that all of Gribko's ex-parte statements must be placed on-the-record, and I must be given an opportunity to respond to all of prosecutor Gribko's ex-parte communications, particularly in light of the fact that prosecutor Gribko's ex-parte communications resulted in Magistrate Goodman's unlawful "Order to Appear".

*Denied – This Court was Not a participant in those communications*

Please take Judicial Notice, Federal Rules of Evidence, Rule 201, that Magistrate Goodman's "Order to Appear" is not based on a valid summons from this federal district court.

*Denied – See In re Radin, 704 Fed Appx 222 (3d Cir. Jan 7)*

Please take Judicial Notice, Federal Rules of Evidence, Rule 201, that this case against Me started and continues in **a criminal simulation of a legal process** because there was no open case in this federal district court in September 2017 when a "Notice to Appear" letter was mailed to Me from the Central Violations Bureau, an Article 1 agency located in Texas, and there is no summons, arrest warrant or statements from "Keith Holland" sworn to under penalty of perjury to establish probable cause. The only thing you have is hearsay allegations from "Keith Holland" <u>after</u> "Keith Holland" broke the law. Because "Keith Holland" broke the law, he is not credible.

*Denied – See In re. Radin 704 Fed Appx 222 (3d Cir 2017)*

**--Issue # 4:** As per your 1/3/2018 order: *"Ms. Radin has already outlined much of the discovery she believes is deficient."*

I have received nothing from AUSA Gribko, to date.

*Denied – Discovery has been provided by government*

I demand all my records in any form from the Department of Justice, the U.S. Marshal Service and its agents, Homeland Security and its agents, the Federal Bureau of Investigation and its agents, the Joint Terrorism Task Force and its agents, the Hudson County prosecutors' office and its agents, the Jersey City Police Department and its agents, and the U.S. Capital police and its agents. The Hudson County prosecutors' office has colluded and conspired in ongoing federal student loan fraud, crimes, against Me since 2005, and has a retaliatory motive against Me since 2005.

*Denied – Lacks Relevance to Instant Matter*

**Assistant United States Attorney Elisa T. Wiygul,** as revealed in Jayson Burg's Discovery Documents, is an expert Witness for Me. She has already established that it was Deputy U.S. Marshal Jerry Sanservino who wrote and published a *"Caution Notice"* that *defamed* Me, April Cabbell, and Jayson Burg, an honorably-discharged Marine, as *"Sovereign Citizens" as extreme domestic terrorists*, when, in fact, we are not extreme domestic terrorists, when, in fact, *defaming* us as extreme domestic terrorists puts our lives at extreme risk and is directly responsible for unwarranted, physical assaults on Me and others that could have resulted in our deaths and that speaks to *premeditated attempted murder and conspiracy by to commit murder by federal actors against Me, Lidya Radin, and in the same manner as* **was done to La Voy Finicum.** Mr. Finicum was murdered by agents for the Federal Bureau of Investigation.

I demand all records in any form from Homeland Security including the unedited video that Homeland Security has from the 1/28/2016 unwarranted assault on Me at the courthouse located at 500 Pearl Street. This video shows Deputy U.S. Marshal Jason W. Brasgalla destroyed evidence of DOJ officials conspiring in breaking the law on 1/28/2016, after an unwarranted, violent, physical assault on Me at another federal district court, the radio transmissions between private contract court-security guard Frank Pena and his handlers on 1/28/2016 that reveal the collusion and conspiracy of DOJ officials in this instant case against Me, any and *all information that shows that private contract security guard Daniel Donadio is not a federal officer such that federal prosecutor R. Joseph Gribko and his colleagues at the Department of Justice failed to charge Jayson Burg with a crime, the purpose of my being invited to meet with the Jayson Burg criminal defense team on August 10, 2017 that lead to "Keith Holland" physically attacking Me in the first floor coffee shop in the Trenton courthouse without cause as I was trying to purchase a cup of coffee, and the minutes of the Court Security Committee meetings that also reveal R. Joseph Gribko and his colleagues, including former U.S. Attorney Paul Fishman, were aware that private contract security guard Daniel Donadio was not a federal officer for the purpose of charging Jayson Burg with 18 USC section 111, assaulting a federal officer, that the federal prosecutors failed to charge Jayson Burg with a crime.*

*Denied - Lacks Relevance*

I demand all documentation in connection with Keith Holland's claim that he is a Deputy U.S. Marshal: his deputization papers, his badge number and identification, his training in connection with the use of force, the approvals signed off by the Newark U.S. Attorney's office, and the DOJ, the contact information for his direct supervisors. Also, his duty logs, records and reports of his assault on Me on August 10, 2017.

*To be addressed at trial*

In addition, from the Federal Bureau of Investigation, particularly, all records in connection with Newark's Special Agent James Eagleeye and ongoing crimes in federal student loan fraud and intentionally false records at Jersey City Medical Center, records deliberately falsified to cover-up for federal student loan fraud, all records from the Hudson County prosecutors' office, all records from the U.S. Marshal Service especially in connection with Deputy U.S. Marshal Jerry Sanseverino drafting a Marshal's "Caution Notice " , like a wanted poster, falsely characterizing Me, Jayson Burg, and April Cabbell as extreme domestic terrorists and Deputy Sanseverino's statements to Me that I fit the profile, the profile, and the identity of the profilers.

*Denied — Lacks Relevance*

In connection with prosecutor Gribko's ongoing duty, please have AUSA Gribko identify all individuals having first-hand knowledge of any material fact associated in any way with this case and, with regard to each such man or woman, state what they know about each such fact and how that man or woman came to know each such fact.

*To be addressed at Trial*

In addition, I demand statistical information from the DOJ as to how many federal tickets falsely charging assault on a federal officer, 18 USC section 111, where issued nation-wide in

3CMD.U5DC OF NJ
EB 23 '18 PM5:28

connection with private contract security guards, like Daniel Donadio and Frank Pena, who are, in fact, <u>not</u> federal officers for the purpose of charging 18 USC section 111, as happened to Me and Jayson Burg, how many men and women were falsely convicted, and the same statistical information from the DOJ charging 18 USC section 113, nation-wide, how many men and women were convicted, when, in fact, 18 USC section 113 states a punishment, and does not charge a crime, as was already admitted and confessed,

*Denied — Lacks Relevance*

And, I demand statistical information from the DOJ from about 1994 to now, in connection with the Central Violations Bureau in Texas mailing out "Notice to Appear" letters at the same time that there is no open case in a federal district court, as happened in this instant case against Me, that shows **a nation-wide criminal enterprise by the DOJ in simulating a legal process.**

*Denied — Lacks Relevance*

Also, I require any and all information from the DOJ in connection with the U.S. Attorneys' offices nation-wide creating and maintaining an intentionally secret electronic data-bases in connection with Central Violations Bureau tickets that only the prosecutors and judges can see, but, sui juris, Pro Per, Pro Se defendants like Me are barred from seeing, and that represented defendants and their defense attorneys are barred from seeing as already admitted and confessed by Magistrate Pitman and the Federal Defenders in New York and New Jersey, that speaks to a nation-wide conspiracy.

*Denied — Lacks Relevance*

And, I demand access to the secret, electronic data-base at the U.S. Attorney's office in New Jersey and New York in connection with Central Violations Bureau tickets against Me.

*To Be addressed at Trial*

And, I demand the time-sheets and contracts between the Central Violations Bureau and Article 1, contract, for-hire, non-constitutional, magistrate judges in connection with Central Violations Bureau cases, convictions rates, and how magistrate judges get paid; in particular, I demand any and all information in connection with how magistrate judges can submit time-sheets to get paid for time spent on pre-trial conferences, when, in fact, these pre-trial conferences are held by federal prosecutors at the same time that there is no open case in a federal district court, a sham proceeding, as already happened to Me in New York and New Jersey.

*Denied — Lacks Relevance*

Further, I demand to testify to a federal Grand Jury as in **In the Matter of Grand Jury application, 617 F.Supp. 199 ( S.D.N.Y. 1985 ).**

*Denied — Not an appropriate request to the Court*

And, I demand federal witness protection for Me and my family, and associates.

*Denied — Not an appropriate request to the Court*

Thank you for your patience and understanding,

Lidya Radin
51-445-4390 = mobile